UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

JANE DOE 1 and JANE DOE 2, on behalf of themselves and all similarly situated women,

        Plaintiffs,

  -against-

THE CITY OF NEW YORK and BENNY SANTIAGO,

        Defendants.

15 Civ. 3849 (AKH)

---

**MEMORANDUM OF LAW IN SUPPORT OF**
**THE PARTIES' JOINT MOTION FOR A PROTECTIVE ORDER**

Pursuant to Federal Rule of Civil Procedure 26(c), and this Court's Individual Practices Rule 4A, plaintiffs Jane Doe 1 and Jane Doe 2 ("Plaintiffs") and defendants The City of New York and Benny Santiago ("Defendants") (together, the "Parties"), jointly move this Court for entry of the proposed Protective Order (Ex. 1).[1]

## INTRODUCTION

The above-captioned case is a putative class action on behalf of women who have been—or will be—sexually abused or raped by correction officers while incarcerated at Rose M. Singer Center ("RMSC"), the all-female section of Rikers Island Correctional Facility ("Rikers"). Given the sensitive nature of the conduct at issue in this action, and the seriousness of the allegations against Defendants, including an individual correction officer currently employed by the City's Department of Correction ("DOC"), the Parties agree that it is appropriate to take measures to keep confidential certain highly private information. Furthermore, the entry of a Protective Order will not disturb the "presumption of openness" that docket sheets enjoy, *Hartford Courant Co. v. Pellegrino*, 380 F.3d 83, 96 (2d Cir. 2004), because

---

[1] Exhibits are attached to the Declaration of Danielle P. Mindlin filed concurrently with this memorandum of law.

the proposed Protective Order has been tailored only to shield from public disclosure material that merits such protection.

The proposed Protective Order permits the Parties to designate certain categories of sensitive information produced in the course of discovery as "Confidential Material." The categories of Confidential Material include documents containing Plaintiffs' and other putative class members' personal or identifying information, as well as the personal information, including personnel files, of DOC employees and Rikers civilian staff. *See* Ex. 1 ¶ 1(a)-(c). Plaintiffs' identifying information is particularly sensitive since, by court order, they are proceeding anonymously in this action. *See, e.g.*, Compl., Dkt. No. 1.

The Parties' proposed Protective Order otherwise complies with all provisions of the Court's Individual Practices, including Rule 4. Under the terms of the proposed Protective Order, if a Party wishes to file papers containing Confidential Material under seal, that party must contemporaneously move the Court to file under seal in accordance with Rule 4.

**ARGUMENT**

**A. There is Good Cause For the Proposed Protective Order**

Courts issue protective orders for "good cause," including to protect a party from "annoyance, embarrassment, oppression, or undue burden or expense." Fed. R. Civ. P. 26(c).[2] Good cause is established by "demonstrating a particular need for protection." *Duling v. Gristede's Operating Corp.*, 266 F.R.D. 66, 71 (S.D.N.Y. 2010) (quoting *Cipollone v. Liggett Group, Inc.*, 785 F.2d 1108, 1121 (3rd Cir. 1986). "Ordinarily, good cause [for a protective order] exists when a party shows that disclosure will result in a clearly defined, specific and serious injury." *In re Terrorist Attacks on Sept. 11, 2001*, 454 F. Supp. 2d 220, 222 (S.D.N.Y.

---

[2] The party seeking a protective order ordinarily bears the burden of establishing that good cause for the order exists. *Gambale v. Deutsche Bank AG*, 377 F.3d 133, 142 (2d Cir. 2004). In this case, however, the Parties move jointly for entry of the proposed Protective Order.

2006) (internal quotations and citations omitted).  However, "the facts necessary to show good cause for a protective order applicable to discovery documents that are not yet implicated in judicial proceedings" is lower than the threshold for requests to keep "judicial documents" confidential.  *Newsday LLC v. County of Nassau*, 730 F.3d 156, 166 (2d Cir. 2013).  In general, "the grant or denial of a protective order lies within the sound discretion of the district court."  *Dove v. Atl. Capital Corp.*, 963 F.2d 15, 20 (2d Cir. 1992).

        Plaintiffs Jane Doe 1 and Jane Doe 2 allege that they were repeatedly raped and sexually abused by the same correction officer while held at RMSC; the Complaint alleges they are two among many similarly situated women subjected to rape and abuse at RMSC.  *See, e.g.*, Compl. ¶¶ 18, 47, 110-20.  Plaintiffs have significant and compelling privacy interests in the confidentiality of their medical records, civil and criminal court records, and other documents containing their "names, home addresses, telephone numbers, social security numbers, and/or dates of birth."  *See* Ex. 1 ¶ 1(a)-(b); *see also Duling*, 266 F.R.D. at 73 ("addresses, phone numbers . . . [and] medical histories" among information considered "sensitive, personal information" that has "little or no relevancy to the issues in litigation" and thus is the appropriate target of a protective order).

        Further, Plaintiffs demonstrated their specific need to ensure the confidentiality of any identifying information in their Motion to Proceed Anonymously, dated May 19, 2015.  *See* Order, No. 15 Civ. 3849 (S.D.N.Y. May 19, 2015) ("plaintiffs have demonstrated a compelling interest in proceeding anonymously at this stage of the litigation") (Ex. 2).  Without the proposed Protective Order in place, Plaintiffs' identities could be disclosed to the public, which, as Plaintiffs have already shown, is likely to result in serious harm.  *See* Memorandum of Law in Support of Plaintiffs' Motion to Proceed Anonymously at 5, No. 15 Civ. 3849 (S.D.N.Y. May 19, 2015) (noting that "Plaintiffs will make their identities known to the City and Santiago,

3

*subject to a protective order*" due to the psychological and physical harm that is likely to occur if Plaintiffs' identities become public) (Ex. 3). Jane Doe 1, who is still incarcerated, and Jane Doe 2, who is still on parole, continue to be well within the power of line correction and parole officers who may retaliate against them if they learn Plaintiffs' identities. The same risks apply to those other members of the putative class of women who are presently incarcerated at RMSC and who have been raped or sexually abused while incarcerated there. *See* Compl. ¶ 139. Because revealing Plaintiffs' identities in connection with this action could subject them to emotional, psychological and physical harm, Plaintiffs have demonstrated a specific need for the proposed Protective Order. This constitutes good cause for entry of a protective order. *See Duling*, 266 F.R.D. at 71.

Defendants, too, have compelling reasons for entry of the proposed Protective Order, which would protect from disclosure information contained within the personnel files of DOC employees and RMSC civilian staff members, such as "home addresses, telephone numbers, social security numbers, dates of birth, workers' compensation records and medical records." Ex. 1 ¶ 1(c). Courts have generally characterized "personnel files" as confidential and found it appropriate to enter protective orders governing their use in litigation. *See Duling*, 266 F.R.D. at 72-73 (collecting cases). Thus, defendant employees also have good cause for entry of the proposed Protective Order. *Id.* at 71.

**B. The Proposed Protective Order Complies with the Court's Individual Practices**

The Parties' proposed Protective Order complies with the Court's Individual Practices. Rule 4A provides that "[n]o protective order shall be submitted that provides for sealing of documents or other information in connection with a submission to the Court, except following a motion supported by competent evidence." Under the terms of the proposed Protective Order, any party filing papers with the Court incorporating or revealing the contents

4

of Confidential Material must contemporaneously move the Court to file the papers under seal. Ex. 1 ¶ 7. The proposed Protective Order does not permit the parties to file any documents under seal without a contemporaneous motion. *Id.* The parties also recognize that, per Rule 4A, the proposed Protective Order would be "subject to [the Court's] ongoing review and reexamination." Accordingly, it is appropriate to enter the Parties' proposed Protective Order at this time.

## CONCLUSION

For all the reasons stated above, and pursuant to Federal Rule of Civil Procedure 26(c), the Parties request that the Court enter their proposed Protective Order.

Dated: New York, New York
 July 20, 2015

CLEARY GOTTLIEB STEEN & HAMILTON LLP

By: *[signature]*
Mitchell A. Lowenthal
*mlowenthal@cgsh.com*

One Liberty Plaza
New York, New York 10006
Tel: (212) 225-2000

Of Counsel:
 Josh E. Anderson
 *jeanderson@cgsh.com*
 Danielle P. Mindlin
 *dmindlin@cgsh.com*

THE LEGAL AID SOCIETY
William D. Gibney
*wdgibey@legal-aid.org*
Marlen S. Bodden
*mbodden@legal-aid.org*
Barbara P. Hamilton
*bphamilton@legal-aid.org*

199 Water Street, 6th Floor
New York, New York 10038
Tel: (212) 577-3300


*Attorneys for Plaintiffs*

CITY OF NEW YORK LAW DEPARTMENT

By: */s/ Kimberly M. Joyce*
Kimberly M. Joyce
*kjoyce@law.nyc.gov*

100 Church Street
New York, New York 10007
Tel: (212) 356-2650

*Attorneys for the City of New York*

KOEHLER & ISAACS LLP

By: _____
Julie A. Ortiz
*jortiz@koehler-isaacs.com*

61 Broadway, 25th Floor
New York, New York 10006
Tel: (917) 551-1317

*Attorneys for Benny Santiago*

*Attorneys for Plaintiffs*

CITY OF NEW YORK LAW DEPARTMENT

By: _____
    Kimberly M. Joyce
    *kjoyce@law.nyc.gov*

    100 Church Street
    New York, New York 10007
    Tel: (212) 356-2650

*Attorneys for the City of New York*

KOEHLER & ISAACS LLP

By: _____[signature]_____
    Julie A. Ortiz
    *jortiz@koehler-isaacs.com*

    61 Broadway, 25th Floor
    New York, New York 10006
    Tel: (917) 551-1317

*Attorneys for Benny Santiago*