UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

JANE DOE 1 and JANE DOE 2, on behalf of themselves and all similarly situated women,

    Plaintiffs,

-against-

THE CITY OF NEW YORK and BENNY SANTIAGO,

    Defendants.

15 Civ. 3849 (AKH)

## DECLARATION OF MARLEN S. BODDEN

1. I am a member of the Bar of the State of New York and of this Court, and I am an attorney at The Legal Aid Society ("Legal Aid"). I am co-counsel for Plaintiffs and the proposed class in the above-captioned case.

2. I submit this declaration, under penalty of perjury, in support of Plaintiffs' motion for Class Certification and appointment of Legal Aid and Cleary Gottlieb Steen & Hamilton LLP ("Cleary Gottlieb") as co-counsel to the class.

## CLASS COUNSEL

3. The Legal Aid Society is the nation's largest and oldest provider of legal services to low-income families and individuals. Founded in 1876, Legal Aid annually provides legal assistance to low-income families and individuals in some 300,000 legal matters involving civil, criminal, and juvenile rights issues. With offices in all five boroughs, the Criminal Practice is the largest public defender in New York City, and during the last year it provided representation in over 230,000 cases for clients accused of criminal conduct. Legal Aid also regularly provides legal services at RMSC and therefore has unique subject matter expertise and regularly interacts with potential class members. In addition to representing clients in trial and appellate matters,

Legal Aid, on behalf of our clients, pursues impact litigation and other law reform initiatives that have broad local and national impact.

4. Legal Aid has extensive experience litigating complex federal and state class actions and other impact lawsuits on behalf of low-income people in New York. Legal Aid's litigation on behalf of clients affected by the correctional, criminal, and juvenile justice systems includes *K. Davis v. City of New York*, 10 Civ. 0699 (S.D.N.Y.) (class action regarding unconstitutional stops, frisks, and arrests in public housing); *Bryant v. City of New York*, 14 Civ. 8672 (S.D.N.Y.) (ending solitary confinement as punishment for conduct occurring in prior detention); *Amador v. Andrews,* 03 Civ. 0650 (S.D.N.Y.) (challenging the sexual abuse–including forcible rape–of women prisoners by state correctional officers throughout the state prison system, and a failure by facility and departmental administrators to supervise and train their staff, to investigate allegations of sexual abuse, and to discipline staff members who have engaged in sexual abuse of prisoners); *Nunez v. City of New York*, 11 Civ. 5845 (S.D.N.Y.) (challenging a pattern of excessive force by City jail staff against pre-trial detainees in violation of Fourteenth Amendment due process principles and state law); *Billips v. Horn*, No. 04 Civ. 1086 (S.D.N.Y.) (jail time credit for mentally ill prisoners and people held in police custody); *Fisher v. Koehler*, 83 Civ. 2128 (S.D.N.Y.) (challenged excessive force and inmate-inmate violence, in violation of the Eighth Amendment); *Handberry v. Thompson*, 96 Civ. 6161 (S.D.N.Y.) (challenging the denial of general and special educational services to young prisoners in New York City jails in violation of the federal due process clause, the federal special education statutes, the state constitutional right to a free public education, and state statutes and regulations).

5.   Cleary Gottlieb is a law firm with deep experience in complex federal litigation and class actions, including civil rights work. On August 27, 2015, Cleary Gottlieb was named by Law360 as a Pro Bono Firm of 2015 in recognition of the firm's *pro bono* work. Cleary Gottlieb has litigated federal and state lawsuits concerning, among other areas, civil rights, women's rights, rights of asylees, prisoners' rights, and the treatment of homeless people.

6.   Cleary Gottlieb has served as counsel in cases that fought to protect the rights of the underserved, including *Diaz-Bernal v. Myers*, No. 09 Civ. 1734 (D. Conn.) (case on behalf of eleven plaintiffs alleging violations of the Fourth and Fifth Amendments and Federal Torts Claim Act in connection with residential immigration raids in New Haven, which led to an unprecedented settlement award for clients); *Houston v. Cotter*, No. 07 Civ. 3256 (E.D.N.Y) (successful jury trial verdict in Section 1983 claim in connection with assault on plaintiff during his incarceration at Suffolk County Correctional Facility); *Morel v. Reed*, No. 11 Civ. 1808 (E.D.N.Y) (successful settlement on behalf of plaintiff for malicious prosecution claim); *Jane Doe v. The United States of America*, No. 12 Civ. 734 (D. Ariz.) (successful settlement in *Bivens* claim on behalf of a teenage girl coerced by border patrol agents into acting as bait in sting operation during which she was seriously injured); *Archie v. Grand Cent. Partnership, Inc.* No. 95 Civ. 0694 (S.D.N.Y.) (successful mass action lawsuit on behalf of several hundred homeless individuals alleging violations of the Federal Fair Labor Standards Act and Federal and state minimum wage laws); *John Doe v. Jindal*, No. 11 Civ. 554 (M.D. La.) (on behalf of nine anonymous plaintiffs, invalidated Louisiana's Crime Against Nature by Solicitation statute as unconstitutional under the Equal Protection Clause); *Ashford v. East Coast Express Eviction*, No. 06 Civ. 1561 (D.D.C.) (pending action on behalf of classes of homeless individuals against

eviction companies that colluded in violation of antitrust and minimum wage laws to pay employees below state and federal minimum wage laws for evictions work).

7. Cleary Gottlieb has committed, and will continue to commit, substantial resources to representing the representative Plaintiffs and the proposed class in this case. The current Cleary Gottlieb team consists of two partners, four associates, and two paralegals.

8. Legal Aid is experienced in initiating complex litigation designed to remedy systemic problems in the criminal, civil, and juvenile rights practice areas. Cleary Gottlieb is a global law firm whose lawyers have handled numerous class actions and complex cases. Counsel will vigorously represent the interests of the class and subclass members, and are aware of no conflict of interest between counsel and the class members.

Dated: New York, New York
October 5, 2015

*Marlen S. Bodden*
MARLEN S. BODDEN