UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| JANE DOE 1 and JANE DOE 2, on behalf of themselves and all similarly situated women,<br><br>Plaintiffs,<br><br>-against-<br><br>THE CITY OF NEW YORK and BENNY SANTIAGO,<br><br>Defendants. | 15 Civ. 3849 (AKH) |

**DECLARATION OF JOSH E. ANDERSON IN SUPPORT OF PLAINTIFFS' MOTION TO COMPEL THE PRODUCTION OF DOCUMENTS RELATING TO CLASS CERTIFICATION**

I, Josh E. Anderson, declare as follows pursuant to 28 U.S.C. § 1746:

1. I am an associate at the law firm Cleary Gottlieb Steen & Hamilton, LLP, counsel for Jane Doe 1 and Jane Doe 2. I am duly admitted to this court.

2. I respectfully submit this declaration in support of Plaintiffs' Motion to Compel the Production of Documents Relating to Class Certification.

3. On June 26, 2015, Plaintiffs emailed their First Set of Requests for Production of Documents and Tangible Things Relating to Class Certification (the "Class Discovery Requests" or "Requests") to counsel for defendant the City of New York (the "City"). Following the Parties' Rule 26(f) conference, on July 13, 2015, Plaintiffs formally served the City with the Class Discovery Requests. A true and correct copy of the Class Discovery Requests is attached as Exhibit 1.

4. On August 18, 2015, Plaintiffs learned that Kim Joyce, the Assistant Corporation Counsel representing the City in this action (the "ACC") was unexpectedly out of

the office for personal reasons. I understand that the ACC was out of the office from August 9 to August 25, 2015. Given the circumstances surrounding the ACC's absence, on three occasions, Plaintiffs agreed to extend the deadline for the City to serve its responses to the Class Discovery Requests: on August 18, 2015 until such time as the ACC returned to the office; on August 25 until September 11, 2015; and on September 11 until September 15, 2015. The City served its First Set of Responses and Objections to Plaintiffs' First Set of Document Requests (the "Responses") on September 15, 2015. A true and correct copy of the Responses is attached as Exhibit 2.

5. On September 15, 2015, the City made its first document production, which included documents responsive to certain of the Class Discovery Requests.

6. Plaintiffs filed their Motion for Class Certification and Appointment of Class Counsel (the "Class Certification Motion"), ECF No. 27, on October 9, 2015.

7. Under the Civil Case Management Plan, ECF No. 25, the deadline to complete class discovery passed on October 15, 2015.

8. At Plaintiffs' request, on October 16, 2015, the Parties met and conferred concerning, among other issues, the City's progress in responding to the Class Discovery Requests. The City stated that, subject to confirmation from its outside vendor, it anticipated completing class discovery in approximately one month, and it planned to make a production of a stated list of items during the following week. Plaintiffs confirmed that they would be willing to agree to an extension of the class discovery deadline, but stressed that class discovery must be completed by the time the City files any opposition to the Class Certification Motion. The City indicated that it was still considering whether it would oppose the Class Certification Motion. The Parties agreed to meet and confer again the following week concerning both the timeline for

the City to complete its class-related productions and the City's intentions with respect to the Class Certification Motion.

9. I understand from my co-counsel at the Legal Aid Society that on October 20, 2015, the City called the Legal Aid Society to request an extension of time to file any opposition to the Class Certification Motion for one additional month, until November 23, 2015. I also understand from co-counsel that the City indicated it was still considering whether it would oppose class certification.

10. Over the next several weeks, Plaintiffs sought to formalize a deadline for completing class discovery. A true and correct copy of an email chain reflecting these efforts is attached as Exhibit 3.

11. Specifically, on October 21, 2015, Plaintiffs said they would agree to the City's request for an extension to file any opposition to class certification on the condition that, among other things, the City complete class discovery within the same time frame. Ex. 3 at 5. The City refused to agree to this condition. *Id.* Plaintiffs requested that the City clarify this position, given that the deadline in the Civil Case Management Plan to complete discovery had passed, Plaintiffs had already granted the City extensions to accommodate the ACC's absence from the office two months earlier, and the Parties had agreed to meet and confer about class discovery that week. *Id.* at 4. Counsel's only explanation was that she had "discussed the [matter] with [her] office and [] remain[ed] firm" in her position. *Id.* Plaintiffs consented to the City's proposed extension of the deadline to file its opposition, but in the same email, requested to meet and confer concerning the City's outstanding discovery obligations. *Id.* at 3. The City agreed to be in touch the following week. *Id.*

12. The following Monday, October 26, 2015, Plaintiffs requested to meet and confer with the City the following afternoon concerning class discovery. *Id.* at 2. The City did not reply.

13. Two days later, Plaintiffs renewed their request that the City meet and confer the next day concerning class discovery. *Id.* The City again did not reply.

14. On November 9, 2015, Plaintiffs requested that the City indicate when it would complete the production of materials responsive to the Class Discovery Requests. *Id.* at 1-2. Plaintiffs noted that in the further absence of a response, they would seek relief from the Court. *Id.*

15. The City finally responded on November 11, 2015, indicating that the documents promised at the October 16, 2015 meet and confer, as well as certain additional documents, were being readied that week. *Id.* at 1. In response, Plaintiffs reiterated their position that the City must complete its productions of materials responsive to the Class Discovery Requests by the November 23, 2015 deadline to oppose the Class Certification Motion. *Id.* Plaintiffs also asked the City for any update on whether it intended to oppose class certification. *Id.*

16. On November 12, 2015, the City emailed Plaintiffs a list of materials that it expected to produce in response to certain of the Class Discovery Requests. A true and correct copy of the email chain containing this correspondence is attached as Exhibit 4. The email further explained that even after this production, the City's responses to Request No. 3 in part, and Request Nos. 5 and 6 in their entirety—all of which relate to class certification issues—would remain outstanding. Ex. 4 at 2. The City said it was unable to give an indication when

Plaintiffs would receive these materials. *Id.* The City also indicated that it would get back to Plaintiffs shortly regarding the City's position on the Class Certification Motion. *Id.*

17. Plaintiffs received a further production from the City on November 16, 2015.

18. On November 18, 2015, Plaintiffs emailed the City to reaffirm their position that the City must meet its class discovery obligations before filing any opposition to the Class Certification Motion. A true and correct copy of this email is included in Exhibit 4. Plaintiffs requested confirmation from the City that it intended to do so and informed the City that they would otherwise file a motion to compel. *Id.* at 1-2. Plaintiffs also asked for confirmation whether, among other things, the City had completed its productions with respect to Request No. 2. *Id.* Finally, Plaintiffs requested an update on the City's position on the Class Certification Motion. *Id.*

19. The City responded by email on November 20, 2015. A true and correct copy of this email is included in Exhibit 4. While the City finally informed Plaintiffs that it intended to oppose the Class Certification Motion, it failed to confirm that it would complete class discovery by the time it filed its opposition, or make any commitment as to when it will do so. *See id.* at 1. The City also confirmed that its November 16, 2015 production only responded to Request No. 2 in part, and indicated that the search for responsive documents is ongoing and that there are known to be unproduced responsive documents concerning at least two incidents of sexual abuse of inmates by staff. *Id.*

20. Plaintiffs received a further production from the City on November 23, 2015, which includes one spreadsheet that appears to be responsive to Class Discovery Request No. 5.

21. A true and correct copy of the transcript of the Initial Case Management Status Conference, which was held in a closed proceeding before the Court on July 24, 2015, is attached as Exhibit 5.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on December 2, 2015 in New York, New York.

*Josh E. Anderson*