# EXHIBIT 1

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

JANE DOE 1 and JANE DOE 2, on behalf of
themselves and all similarly situated women,

               Plaintiffs,

     -against-

THE CITY OF NEW YORK and BENNY
SANTIAGO,

             Defendants.

---

15 Civ. 3849 (AKH)

**PLAINTIFFS' FIRST SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS
AND TANGIBLE THINGS RELATING TO CLASS CERTIFICATION**

Pursuant to Rules 26 and 34 of the Federal Rules of Civil Procedure and Rule 26.3 of the Local Civil Rules of the United States District Court for the Southern District of New York, plaintiffs Jane Doe 1 and Jane Doe 2 ("Plaintiffs") request that defendant the City of New York produce for examination, inspection, and copying, within thirty (30) days of the service hereof, all documents and things described below at the offices of Cleary Gottlieb Steen & Hamilton LLP, One Liberty Plaza, New York, New York 10006.

<u>DEFINITIONS</u>

1.     Plaintiffs incorporate by reference herein the Uniform Definitions in Discovery Requests set out in Rule 26.3(c) of the Local Civil Rules of the United States District Court for the Southern District of New York (the "Local Civil Rules").

2.     "Concerning" means relating to, referring to, reflecting, describing, evidencing, or constituting.

3.     "DOC" means the City of New York Department of Correction.

4.     "DOI" means the City of New York Department of Investigation.

5.      The term "Incarcerated Woman" means an individual incarcerated in Rose M. Singer Center.

6.      "Law Enforcement Agency" means the Bureau of Criminal Investigation of the State Police, a county sheriff's office, a city police department, a district attorney's office, the Federal Bureau of Investigation, or a United States Attorney's Office.

7.      "RMSC" means Rose M. Singer Center.

8.      "RMSC Staff" means correctional staff members, including line and supervisory staff, medical personnel and other civilian staff members at RMSC, and any other DOC staff member or contractor who performed duties at RMSC.

9.      "Sanction" means any form of discipline imposed on RMSC Staff, whether formal or informal, including reprimands; loss of vacation time; limitations on inmate contact, access to certain areas of a facility, or removal of rights to certain keys; enhanced supervision; transfers from bid positions away from female housing units, away from women's facilities, or other reassignments or changes in duties; referrals to the Office of Labor Relations or to any Law Enforcement Agency; and suspensions and terminations.

10.      "Sexual Misconduct" means any of the following directed towards an Incarcerated Woman by RMSC Staff, with or without the consent of the Incarcerated Woman: acts or attempts to commit acts of rape; sexual intercourse; anal intercourse; oral sex; sodomy; sexual assault; sexual abuse; sexual harassment; sexual contact; sexual touching, including physical contact in a sexual manner, either directly or through clothing, of the genitalia, anus, groin, breasts, inner thighs, or buttocks; indecent exposure; voyeurism; sexual comments; and the unreasonable invasion of privacy.

11.     "You" means the City of New York, and all persons acting or purporting to act on its behalf, whether or not authorized to do so.

INSTRUCTIONS

1.      In addition to following the rules of construction in Rule 26.3(d) of the Local Civil Rules, whenever necessary to bring within the scope of this Request documents that might otherwise be construed to be outside its scope: (a) the use of a verb in any tense shall be construed as the use of that verb in all other tenses; and (b) the use of the feminine, masculine or neuter genders shall include all genders.

2.      No Request herein shall be construed with reference to any other Request herein for the purpose of limitation.

3.      Unless otherwise indicated, the relevant time period for purposes of these Requests is between January 1, 2011 and the date on which You produce documents in response to this Request.

4.      All documents shall be produced in the manner in which they are maintained in the usual course of business.  A request for a document shall be deemed to include a request for any and all file folders or binders within which the document was contained, transmittal sheets, cover letters, exhibits, enclosures, or attachments to the document in addition to the document itself.

5.      All documents requested herein shall be produced in their entirety, along with any attachments, drafts, and non-identical copies, including copies that differ due to handwritten notes or other notes or markings.

6.      Provide all Electronically Stored Information ("ESI") in standard single-page Group IV TIFF format, with Bates numbers applied to each page, except provide in native format all Microsoft Excel files and other spreadsheets and any other files that are not

3

reasonably usable in TIFF format.  For each document, provide a file containing extracted or otherwise searchable text.  Include in the production a Concordance-compatible image load file and a data file containing all reasonably available metadata for all documents in the production, including the following fields as appropriate for the file type:  author(s), recipient(s), blind copy recipient(s), subject, document type, custodian, file creation date, file modification date, access date, last saved by, file path and folder information.  Provide each document with all of its attachments, with family relationships among the documents indicated as metadata fields in the data file.  Produce audio, audiovisual, and video files in their native formats.

       7.     In the event You withhold any document called for by this Request on the basis of a claim of privilege, You shall provide the information required by Rule 26.2 of the Local Civil Rules.

       8.     In the event that any document called for by this Request has been destroyed or discarded, You shall provide a written document identifying the documents so lost, discarded, or destroyed as completely as possible, providing at least the following information: (i) the type of document; (ii) any addressor and addressee; (iii) any indicated or blind copy recipients; (iv) the document's date, subject matter, number of pages, and attachments or appendices; (v) all persons to whom the document was distributed, shown, or explained; (vi) the document's date of destruction or discard, manner of destruction or discard, and reason for destruction or discard; and (vii) the persons authorizing and carrying out such destruction or discard.

       9.     If the response to any Request consists in whole or in part of an objection based upon undue burden, then with respect to such response: (a) produce such documents as can be provided without undue burden; and (b) state with particularity the basis for such objection,

4

including a description of the process or method required to obtain documents responsive to the Request and the estimated cost and time required to obtain documents responsive to the Request.

10.     If objection is made to any of the Requests, the response shall state whether documents are being withheld from inspection and production on the basis of such objection, or whether inspection and production of the responsive documents will occur notwithstanding such objection.

11.     If there are no documents responsive to any particular request, the response shall state so in writing.

12.     These Requests are continuing in nature.  In accordance with Rule 26(e) of the Federal Rules of Civil Procedure, You are required promptly to serve supplementary responses and produce additional documents if You obtain further or different information.

<u>DOCUMENTS AND THINGS REQUESTED</u>

**REQUEST FOR PRODUCTION NO. 1**

All documents, including any video or audio recordings of which You are aware, concerning instances of Sexual Misconduct at RMSC, including but not limited to documents concerning (i) allegations of Sexual Misconduct at RMSC; (ii) investigations into such allegations, whether or not investigations have been completed; (iii) transfers of Incarcerated Women to other facilities after complaints were made or evidence was presented of Sexual Misconduct; and (iv) responses by RMSC, DOC, and/or DOI to each such instance or allegation of Sexual Misconduct.

**REQUEST FOR PRODUCTION NO. 2**

All documents concerning referrals, of which You are aware, to DOI or any Law Enforcement Agency of instances or allegations of Sexual Misconduct.

**REQUEST FOR PRODUCTION NO. 3**

All documents concerning Sanctions, which You considered or imposed (or which You are aware the DOC or any Law Enforcement Agency considered or imposed) in response to allegations or findings of Sexual Misconduct at RMSC.

**REQUEST FOR PRODUCTION NO. 4**

All documents concerning state and federal court proceedings during the past five years, of which You are aware, that relate to alleged or substantiated Sexual Misconduct by RMSC Staff, including, but not limited to, Indictments and other charging documents in criminal matters, Notices of Intention, Claims, and Complaints, and all documents concerning the resolution of each such matter, including awards and settlements.

**REQUEST FOR PRODUCTION NO. 5**

All statistics, compilations or reports created or maintained by You or on Your behalf, including by RMSC, DOC or DOI, summarizing, quantifying or describing incidents of Sexual Misconduct at RMSC, including any action taken in response to such incidents.

**REQUEST FOR PRODUCTION NO. 6**

All documents concerning the process or methods used to track allegations of Sexual Misconduct, whether by RMSC, DOC, or DOI.  This request includes, but is not limited to, whether information is maintained concerning the name of the alleged perpetrator, the name of the accuser, the alleged location of the misconduct, or the type of Sexual Misconduct.

**REQUEST FOR PRODUCTION NO. 7**

All documents concerning DOC and RMSC policies, procedures and practices relating to Sexual Misconduct and allegations of Sexual Misconduct.  This request includes, but is not limited to, policies and procedures concerning:  (i) relationships and contact between

RMSC Staff and Incarcerated Women; (ii) the reporting and investigation of Sexual Misconduct at RMSC; (iii) the escalation of allegations of Sexual Misconduct to the DOC, DOI, Inspector General's Office, Law Enforcement Agencies, or other supervisory officials; and (iv) the investigation of reports of Sexual Misconduct by the DOI, Inspector General or other supervisory officials.

**REQUEST FOR PRODUCTION NO. 8**

All documents (excluding individual medical records) concerning Incarcerated Women who became pregnant while at RMSC.

**REQUEST FOR PRODUCTION NO. 9**

All documents concerning Jane Doe 1, including but not limited to (i) intake forms, (ii) medical records, (iii) written reports or documents created by RMSC Staff concerning Jane Doe 1, (iv) documents, including reports and grievances, created by Jane Doe 1 while an Incarcerated Woman at RMSC, (v) all documents concerning transfers to other facilities, and (vi) all documents concerning Sexual Misconduct involving Jane Doe 1.

**REQUEST FOR PRODUCTION NO. 10**

All documents concerning Jane Doe 2, including but not limited to (i) intake forms, (ii) medical records, (iii) written reports or documents created by RMSC Staff concerning Jane Doe 2, (iv) documents, including reports or grievances, created by Jane Doe 2 while an Incarcerated Woman at RMSC, (v) all documents concerning transfers to other facilities, and (vi) all documents concerning Sexual Misconduct involving Jane Doe 2.

**REQUEST FOR PRODUCTION NO. 11**

All tangible things provided by Jane Doe 1 or Jane Doe 2 to RMSC, DOC or DOI personnel in the course of any investigation into allegations of Sexual Misconduct and all documents concerning the collection, storage, handling, and preservation of all tangible things responsive to this request.

Dated: New York, New York
June 26, 2015

CLEARY GOTTLIEB STEEN & HAMILTON LLP

By: *Mitchell A. Lowenthal,*    /JEA

Mitchell A. Lowenthal
*mlowenthal@cgsh.com*

One Liberty Plaza
New York, New York 10006
Tel: (212) 225-2000
Fax: (212) 225-3999

Of Counsel:

Josh E. Anderson
*jeanderson@cgsh.com*
Danielle P. Mindlin
*dmindlin@cgsh.com*
CLEARY GOTTLIEB STEEN & HAMILTON LLP

William D. Gibney
*wdgibey@legal-aid.org*
Marlen S. Bodden
*mbodden@legal-aid.org*
Barbara P. Hamilton
*bphamilton@legal-aid.org*
THE LEGAL AID SOCIETY
199 Water Street, 6th Floor
New York, New York 10038
Tel: (212) 577-3300

*Attorneys for Plaintiffs*

8

TO:    Kimberly M. Joyce
*kjoyce@law.nyc.gov*
City of New York Law Department
100 Church Street
New York, New York 10007
Tel: (212) 356-2650

*Attorneys for the City of New York*

# EXHIBIT 2

# REDACTED

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------------------------------------- x

JANE DOE 1 and JANE DOE 2, on behalf of themselves
and all similarly situated women,

Plaintiffs,

-against-

THE CITY OF NEW YORK and BENNY SANTIAGO,

Defendants.

---------------------------------------------------------------------- x

**DEFENDANT'S
RESPONSES AND
OBJECTIONS TO
PLAINTIFFS' FIRST
SET OF  DOCUMENT
REQUESTS**

15 Civ. 3849 (AKH)

Pursuant to Rule 34 of the Federal Rules of Civil Procedure, defendant City of New York responds and objects to Plaintiffs' First Set of Requests for Production of Documents and Tangible Things Relating to Class Certification as follows:

<b><u>GENERAL STATEMENT</u></b>

1.     By responding to any request, defendant does not concede the materiality of the subject to which it refers.  Defendant's responses are made expressly subject to, and without waiving or intending to waive, any questions, or objections as to the competency, relevancy, materiality, privilege, or admissibility as evidence or for any other purpose, of any of the documents or information produced, or of the subject matter thereof, in any proceeding including the trial of this action or any subsequent proceeding.

2.     Defendant objects to this Document Request to the extent that it demands documents and/or information which are protected by the attorney-client or work-product privilege, or which constitute material prepared for litigation purposes.  Defendant also objects in the entirety to any request for documents which is not limited in time.

3.      Inadvertent production of any document or information which is privileged, was prepared in anticipation of litigation, or is otherwise immune from discovery, shall not constitute a waiver of any privilege or of another ground for objecting to discovery with respect to that document or any other document, or its subject matter, or the information contained therein, or of defendants' right to object to the use of any such document or the information contained therein during any proceeding in this litigation or otherwise.

**DOCUMENT REQUESTS**

**DOCUMENT REQUEST NO. 1:**

All documents, including any video or audio recording of which You are aware, concerning instances of Sexual Misconduct at RMSC, including but not limited to documents concerning (i) allegations of Sexual Misconduct at RMSC; (ii) investigations into such allegations, whether or not investigations have been completed; (iii) transfer of Incarcerated Women to other facilities after complaints were made or evidence was presented of Sexual Misconduct; and (iv) responses by RMSC, DOC, and/or DOI to each such instance or allegation of Sexual Misconduct.

**OBJECTION AND RESPONSE TO DOCUMENT REQUEST NO. 1:**

Defendant objects to this Request on the grounds that it is vague, ambiguous and overbroad, unduly burdensome, and to the extent the information is not kept in the regular course of business or in the format sought.  Defendant further objects to the extent this request is seeking open investigations, which implicate the Law Enforcement and Deliberative Process privileges. Subject to the foregoing, defendant will produce responsive documents to the extent such documents concern closed investigations of sexual misconduct, or allegations of sexual misconduct, by correction staff against inmates, from January 1, 2011 to the present, as soon as

practicable.   Further, defendant will produce documents related to request (iii) of the sole incident of which we are aware, at a mutually agreeable time and place.

**DOCUMENT REQUEST NO. 2:**

All documents concerning referrals, of which You are aware, to DOI or any Law Enforcement Agency of instances or allegations of Sexual Misconduct.

**OBJECTION AND RESPONSE TO DOCUMENT REQUEST NO. 2:**

Defendant objects to this Request on the grounds that it is vague, ambiguous, overbroad, unduly burdensome, and to the extent this request implicates the Law Enforcement and Deliberative Process privileges. Defendant further objects to the extent the documents sought are outside the custody or control of the City of New York. Subject to the foregoing, defendant will search for and produce responsive documents, if any, at a mutually agreeable time and place.

**DOCUMENT REQUEST NO. 3:**

All documents concerning Sanctions, which You considered or imposed (or which You are aware the DOC or any Law Enforcement Agency considered or imposed) in response to allegations or findings of Sexual Misconduct at RMSC.

**OBJECTION AND RESPONSE TO DOCUMENT REQUEST NO. 3:**

Defendants object to this Request on the grounds that it is vague, ambiguous, overbroad and burdensome, and to the extent it implicates the deliberate process privilege by requesting pre-final disciplinary ("sanction") information.  Subject to the foregoing, defendant will produce responsive documents concerning final, or imposed, "sanctions", at a mutually agreeable time and place.

**DOCUMENT REQUEST NO. 4:**

All documents concerning state and federal court proceedings during the past five years, of which You are aware, that relate to alleged or substantiated Sexual Misconduct by RMSC Staff, including, but not limited to, Indictments and other charging documents in criminal matters, Notices of Intention, Claims and Complaints, and all documents concerning the resolution of each such matter, including awards and settlements.

**OBJECTION AND RESPONSE TO DOCUMENT REQUEST NO. 4:**

Defendant objects to this Request on the grounds that (i) to the extent it seeks documents concerning convictions or public, pending criminal proceedings, those documents are publicly available and equally accessible to plaintiffs, and (ii) to the extent it seeks other, non-public documents, all such documents are protected from disclosure by the law enforcement privilege.

**DOCUMENT REQUEST NO. 5:**

All statistics, compilations or reports created or maintained by You or on Your behalf, including by RMSC, DOC or DOI, summarizing, quantifying or describing incidents of Sexual Misconduct at RMSC, including any action taken in response to such incidents.

**OBJECTION AND RESPONSE TO REQUEST NO. 5:**

Defendant objects to this Request on the grounds that it is vague, ambiguous and overbroad, and to the extent the information sought is not maintained in the regular course of business, or not maintained in the format sought.  Subject to the foregoing, defendant will search for and produce responsive documents, if any, at a mutually agreeable time and place.

**DOCUMENT REQUEST NO. 6:**

All documents concerning the process or methods used to track allegations of Sexual Misconduct, whether by RMSC, DOC, or DOI. This request includes, but is not limited

to, Whether information is maintained concerning the name of the alleged perpetrator, the name

of the accuser, the alleged location of the misconduct, or the type of Sexual Misconduct.

**OBJECTION AND RESPONSE TO DOCUMENT REQUEST NO. 6:**

Defendant objects to this Request on the grounds that it is vague, ambiguous and

overbroad, and to the extent the information sought is not maintained in the regular course of

business, or not maintained in the format sought.  Subject to the foregoing, defendant will search

for and produce responsive documents, if any, at a mutually agreeable time and place.

**DOCUMENT REQUEST NO. 7:**

All documents concerning DOC and RMSC policies, procedures and practices

relating to Sexual Misconduct and allegations of Sexual Misconduct. This request includes, but

is not limited to, policies and procedures concerning: (i) relationships and contact between

RMSC Staff and Incarcerated Women; (ii) the reporting and investigation of Sexual Misconduct

at RMSC; (iii) the escalation of allegations of Sexual Misconduct to the DOC, DOI, Inspector

General's Office, Law Enforcement Agencies, or other supervisory officials; and (iv) the

investigation of reports of Sexual Misconduct by the DOI, Inspector General or other supervisory

officials.

**OBJECTION AND RESPONSE TO DOCUMENT REQUEST NO. 7:**

Defendants object to this Request on the grounds that it is vague, ambiguous, and

to the extent this request seeks pre-decisional agency documents, which are protected by the

deliberative process privilege. Subject to the foregoing, defendant refers plaintiffs to the

documents annexed hereto bearing Bates Stamp Nos. NYC 1 - 21, [Directive 5010R-A,

Preventing Inmate Sexual Abuse, eff. 12/31/08, & Memo Re: Undue Familiarity and Prevention

of Sexual Abuse of Inmates by Staff and Other Inmates, eff. 2/7/08] for responsive information,

and state that defendant will continue to search for responsive documents, limited to policies and procedures, if any.

**DOCUMENT REQUEST NO. 8:**

All documents (excluding individual medical records) concerning Incarcerated Women who became pregnant while at RMSC.

**OBJECTION AND RESPONSE TO DOCUMENT REQUEST NO. 8:**

Defendant objects to this Request on the grounds that it is vague, ambiguous, overbroad, and to the extent this request implicates HIPPA and the privacy rights of non-parties. Subject to the foregoing, we will produce documents related to the one incident of which we are aware, at a mutually agreeable time and place.

**DOCUMENT REQUEST NO. 9:**

All documents concerning Jane Doe 1 (█████), including but not limited to (i) intake forms, (ii) medical records, (iii) written reports or documents created by RMSC Staff concerning Jane Doe 1, (iv) documents, including reports and grievances, created by Jane Doe 1 while an Incarcerated Woman at RMSC, (v) all documents concerning transfers to other facilities, and (vi) all documents concerning Sexual Misconduct involving Jane Doe 1.

**OBJECTION AND RESPONSE TO DOCUMENT REQUEST NO. 9:**

Defendant objects to this Request on the grounds that it is vague, ambiguous, overbroad, burdensome, and is not reasonably calculated to lead to the discovery of admissible evidence. Defendant further objects to this request as it seeks information protected by HIPPA. Subject to the foregoing, defendant refers plaintiffs to the documents annexed hereto bearing Bates Stamp Nos. NYC 40 – 382, NYC 544 – 574, NYC 575 – 594, and NYC 595 - 661, [█████ █████ Inmate Folders; Movement History; Infraction History; Grievance History; Inmate Lookup Service documents], for responsive information, and state that defendant will continue to

search for responsive information, if any, to the extent that same can be located without undue burden.

**DOCUMENT REQUEST NO. 10:**

All documents concerning Jane Doe 2 (███), including but not limited to (i) intake forms, (ii) medical records, (iii) written reports or documents created by RMSC Staff concerning Jane Doe 2, (iv) documents, including reports or grievances, created by Jane Doe 2 while at Incarcerated Woman at RMSC, (v) all documents concerning transfers to other facilities, and (vi) all documents concerning Sexual Misconduct involving Jane Doe 2.

**OBJECTION AND RESPONSE TO DOCUMENT REQUEST NO. 10:**

Defendant objects to this Request on the grounds that it is vague, ambiguous, overbroad, burdensome, and is not reasonably calculated to lead to the discovery of admissible evidence.  Defendant further objects to this request as it seeks information protected by HIPPA. Defendant further objects to the extent this request seeks information related to an open investigation. Subject to the foregoing, defendant refers plaintiffs to the documents annexed hereto bearing Bates Stamp Nos. NYC 383 – 543 and NYC 544 - 574, [███████████ Inmate Folders; Inmate Lookup Service documents], for responsive information, and state that defendant will continue to search for responsive information, if any, to the extent that same can be located without undue burden, and will provide the investigative file into Jane Doe 2's allegations against defendant Santiago upon the completion of the investigation.

**DOCUMENT REQUEST NO. 11:**

All tangible things provided by Jane Doe 1 or Jane Doe 2 to RMSC, DOC or DOI personnel in the course of any investigation into allegations of Sexual Misconduct and all documents concerning the collection, storage, handling, and preservation of all tangible things responsive to this request.

**OBJECTION AND RESPONSE TO DOCUMENT REQUEST NO. 11:**

Defendant objects to this Request on the grounds that it is vague, ambiguous and overbroad.  Subject to the foregoing, defendant will search for and produce responsive documents, if any, at a mutually agreeable time and place. Additionally, defendant will make available all "tangible things," to the extent such things still exist, for inspection, at a mutually agreeable time and place.

Dated:          New York, New York
                September 15, 2015

                                        ZACHARY W. CARTER
                                        Corporation Counsel of the
                                         City of New York
                                        Attorney for Defendant City of New York
                                        100 Church Street, Room 3-227
                                        New York, New York 10007
                                        (212) 356-2650


                              By:    /s/ _____
                                        KIMBERLY M. JOYCE
                                        Assistant Corporation Counsel


TO:
Mitchell A. Lowenthal
*mlowenthal@cgsh.com*
CLEARY GOTTLIEB STEEN & HAMILTON LLP
One Liberty Plaza
New York, New York 10006
Tel: (212) 225-2000
Fax: (212) 225-3999

Josh E. Anderson
*jeanderson@cgsh.com*
Danielle P. Mindlin
*dmindlin@cgsh.com*

THE LEGAL AID SOCIETY
William D. Gibney
*wdgibney@legal-aid.org*
Marlen S. Bodden
*mbodden@legal-aid.org*
Barbara P. Hamilton
*bphamilton@legal-aid.org*
199 Water Street, 6th Floor
New York, New York 10038
Tel: (212) 577-3300

*Attorneys for Plaintiffs*

Julie A. Ortiz
*jortiz@koehler-isaacs.com*
Koehler & Isaacs LLP
61 Broadway, 25th Floor
New York, New York 10006
Tel: (917) 551-1317

*Attorneys for Benny Santiago*

# EXHIBIT 3

**Anderson, Josh**

| | |
|---|---|
| **From:** | Mindlin, Danielle P. |
| **Sent:** | Wednesday, November 11, 2015 5:12 PM |
| **To:** | Joyce, Kimberly (Law) |
| **Cc:** | Bodden, Marlen; Hamilton, Barbara; Lowenthal, Mitchell A.; Anderson, Josh |
| **Subject:** | RE: Jane Doe motion for class cert |

Thank you, Kim.  We await your email or call tomorrow about when we will have the City's next production.  We trust that you will produce any materials responsive to our class cert. discovery requests before November 23, the new deadline for your responding papers (if any) to our class certification motion, so that we may consider your responding papers in light of the discovery we requested.

In that connection, do you have any update on how the City plans to proceed with respect to the class cert. motion?

Thanks,
Danielle

_____

Danielle P. Mindlin
Cleary Gottlieb Steen & Hamilton LLP
Assistant: mrivellino@cgsh.com
One Liberty Plaza, New York NY 10006
t: +1 212 225 2013 | f: +1 212 225 3999
www.clearygottlieb.com | dmindlin@cgsh.com

**From:** Joyce, Kimberly (Law) [mailto:kjoyce@law.nyc.gov]
**Sent:** Wednesday, November 11, 2015 10:24 AM
**To:** Mindlin, Danielle P.
**Cc:** Bodden, Marlen; Hamilton, Barbara; Lowenthal, Mitchell A.; Anderson, Josh
**Subject:** Re: Jane Doe motion for class cert

Danielle,

I will provide an update to you tomorrow as to the City's production. A production of the documents we spoke about a few weeks back, plus additional documents, has been reviewed and is being readied this week by our tech staff. Today is an office/city holiday otherwise I'd be able to get that answer for you.

Thank you,

Kim

Sent from my iPhone

On Nov 9, 2015, at 12:29 PM, Mindlin, Danielle P. <dmindlin@cgsh.com> wrote:

> Kim,
>
> Can you please tell us when the City will complete its production of materials responsive to Plaintiffs' class discovery requests?  As you know, under the Case Management Plan, class discovery closed on October 15, and the City still has not completed its productions.  You advised us when we met and

conferred on Oct. 16 that you needed one month to complete your productions, and despite our efforts to confer with you to formalize a new deadline, you have not responded.

In fact, when we consented to your request for an adjournment of time to file your response (if any) to plaintiffs' motion for class certification, we formally offered to extend your time to respond to the plaintiffs' class discovery requests until Nov. 23.  You rejected that offer, and promised to meet and confer with us, but again have not followed up on our meet and confer invitations.

Please let us know when the City's responses to Plaintiffs' class discovery requests will be complete.  In the absence of a response, we will seek relief from the Court.

Thanks,
Danielle

---

Danielle P. Mindlin
Cleary Gottlieb Steen & Hamilton LLP
Assistant: mrivellino@cgsh.com
One Liberty Plaza, New York NY 10006
t: +1 212 225 2013 | f: +1 212 225 3999
www.clearygottlieb.com | dmindlin@cgsh.com

**From:** Mindlin, Danielle P.
**Sent:** Wednesday, October 28, 2015 1:57 PM
**To:** 'Joyce, Kimberly (Law)'
**Cc:** 'Bodden, Marlen'; 'Hamilton, Barbara'; Lowenthal, Mitchell A.; Anderson, Josh
**Subject:** RE: Jane Doe motion for class cert

Kim,

We did not hear back from you in response to our proposal that we meet and confer on Tuesday of this week.  Please let us know your availability for a call tomorrow to discuss the City's outstanding document discovery obligations.

Thank you.

Danielle

---

Danielle P. Mindlin
Cleary Gottlieb Steen & Hamilton LLP
Assistant: mrivellino@cgsh.com
One Liberty Plaza, New York NY 10006
t: +1 212 225 2013 | f: +1 212 225 3999
www.clearygottlieb.com | dmindlin@cgsh.com

**From:** Mindlin, Danielle P.
**Sent:** Monday, October 26, 2015 3:05 PM
**To:** 'Joyce, Kimberly (Law)'
**Cc:** Bodden, Marlen; Hamilton, Barbara; Lowenthal, Mitchell A.; Anderson, Josh
**Subject:** RE: Jane Doe motion for class cert

Kim,

Are you available tomorrow afternoon for a meet and confer call concerning the outstanding class discovery? Between 1 and 3pm would work for us.

Thanks,
Danielle

---

Danielle P. Mindlin
Cleary Gottlieb Steen & Hamilton LLP
Assistant: mrivellino@cgsh.com
One Liberty Plaza, New York NY 10006
t: +1 212 225 2013 | f: +1 212 225 3999
www.clearygottlieb.com | dmindlin@cgsh.com

---

**From:** Joyce, Kimberly (Law) [mailto:kjoyce@law.nyc.gov]
**Sent:** Thursday, October 22, 2015 9:35 PM
**To:** Mindlin, Danielle P.
**Cc:** Bodden, Marlen; Hamilton, Barbara; Lowenthal, Mitchell A.; Anderson, Josh
**Subject:** Re: Jane Doe motion for class cert

Thank you very much. I will definitely be in touch early next week. I'm gathering the information needed from various clients so that we can have a productive call.

Do you have a preferable day for a call - Tuesday, Wednesday or something else?

Thank you,

Kim

Sent from my iPhone

On Oct 22, 2015, at 9:31 PM, Mindlin, Danielle P. <dmindlin@cgsh.com> wrote:

> Kim,
>
> Plaintiffs consent to your request for an extension of 30 days from tomorrow to respond to the pending class certification motion, on the condition that plaintiffs have 30 days from the time of your responding papers (if any) to file our reply.
>
> We invite you to meet and confer with us next Monday, 10/26, concerning the City's outstanding class discovery obligations.
>
> Best regards,
> Danielle
>
> ---
>
> Danielle P. Mindlin
> Cleary Gottlieb Steen & Hamilton LLP
> Assistant: mrivellino@cgsh.com
> One Liberty Plaza, New York NY 10006
> t: +1 212 225 2013 | f: +1 212 225 3999
> www.clearygottlieb.com | dmindlin@cgsh.com

**From:** Joyce, Kimberly (Law) [mailto:kjoyce@law.nyc.gov]
**Sent:** Thursday, October 22, 2015 5:38 PM
**To:** Mindlin, Danielle P.; 'Bodden, Marlen'

**Cc:** Hamilton, Barbara; Lowenthal, Mitchell A.; Anderson, Josh
**Subject:** RE: Jane Doe motion for class cert

Hi Danielle,

Thanks for getting back to me with the below. I appreciate that you want to work together to avoid burdening the Court with a letter, but I will in any event have to submit a letter pursuant to local rule 6.1 either stating that the parties jointly agree to an extension, or requesting an extension without consent, since my opposition is technically due tomorrow. I have discussed the below with my office and I remain firm that my position is we are asking for an extra 30 days to respond to your motion for class cert, in some manner, and we would in turn give you 30 days to respond if we decide to oppose. We cannot agree to the other two conditions you are a seeking. If plaintiffs do not consent that is fine, I would just ask that you please let me know by noon tomorrow so that I can submit the letter.

Thank you,

Kim

---

**From:** Mindlin, Danielle P. [mailto:dmindlin@cgsh.com]
**Sent:** Thursday, October 22, 2015 5:07 PM
**To:** Joyce, Kimberly (Law); 'Bodden, Marlen'
**Cc:** Hamilton, Barbara; Lowenthal, Mitchell A.; Anderson, Josh
**Subject:** RE: Jane Doe motion for class cert

Kim,

Thanks for getting back to us, and for consenting to plaintiffs' extension of time to reply to the City's opposition brief (if any).  In order to avoid burdening the court with a letter if the parties can reach agreement, we wanted to ask about your position with respect to Items 1 and 3.

With respect to Item 1, we had understood from our meet and confer held on Friday, Oct. 16 that you had nearly ready a substantial production of documents responsive to plaintiffs' class discovery requests, and therefore would shortly be in a position to complete your class discovery obligations.  During the meet and confer,  we also discussed that under the Case Management Order, class discovery closed on October 15.  In light of your absence from the office over the summer, we thought it fair and reasonable to extend to the City a modest extension of time to make its productions of class-related discovery.  In response to your estimate that you needed one month to complete productions (thus, until November 16), we responded that this sounded fine and you could confirm this week a specific deadline.  Marlen's email provided a new deadline of Nov. 23 for the completion of class discovery productions, the same date that the City's opposition brief (if any) would be due.  This is more than five weeks after the close of class discovery under the Case Management Plan.  Can you clarify your position on completing your class discovery obligations?

With respect to Item 3, this reflected our effort to memorialize the three possible options that you had relayed to Marlen by phone.  Could you let us know what revisions to Item 3 are necessary for the City to consent?

Thanks,
Danielle

_____

Danielle P. Mindlin
Cleary Gottlieb Steen & Hamilton LLP
Assistant: mrivellino@cgsh.com
One Liberty Plaza, New York NY 10006
t: +1 212 225 2013 | f: +1 212 225 3999
www.clearygottlieb.com | dmindlin@cgsh.com

**From:** Joyce, Kimberly (Law) [mailto:kjoyce@law.nyc.gov]
**Sent:** Thursday, October 22, 2015 2:27 PM
**To:** 'Bodden, Marlen'
**Cc:** Hamilton, Barbara; Mindlin, Danielle P.; Lowenthal, Mitchell A.
**Subject:** RE: Jane Doe motion for class cert

Good afternoon Marlen, and team,

Thank you very much for getting back to me so quickly yesterday. I've discussed
plaintiffs' proposal with my office, and while we appreciate your consent with
conditions, we cannot agree to all of your conditions. We can agree to condition # 2,
that if we choose to oppose, you'd have one month to reply. Please let me know if
plaintiffs will consent to the City's request for a one month extension, with condition #
2, but not conditions # 1 and # 3. If plaintiffs will not consent then I will obviously note
your position in my letter to the Court tomorrow.

Thank you,

Kim


**Kimberly M. Joyce**
Senior Counsel
New York City Law Department
100 Church Street, Room 3-227
New York, NY 10007
(ph) (212) 356-2650
(fax) (212) 356-3509


**From:** Bodden, Marlen [mailto:MBodden@legal-aid.org]
**Sent:** Wednesday, October 21, 2015 12:28 PM
**To:** Joyce, Kimberly (Law)
**Cc:** Hamilton, Barbara; 'Mindlin, Danielle P.'; Mitchell Lowenthal
**Subject:** Jane Doe motion for class cert

Hi Kim:

I discussed your request for an extension of time to respond to the motion for class cert
with co-counsel, and we agree to a one month extension beginning October 23, based
on the following conditions:

    (1)  The City completes production of all class cert discovery to Plaintiffs in the same
          one-month deadline;

    (2)  If the City opposes the motion for class cert, Plaintiffs will have one month to reply;

    (3)  The City's response will be one of three options: Consent to class cert, a proposal on how to deal with Plaintiffs' claims for injunctive relief, in collaboration between Plaintiffs and the City, or opposition to the motion with filing of the City's papers.

Please confirm these terms are acceptable.  Thanks very much.

Regards, Marlen

**Marlen S. Bodden, Esq.**
**The Legal Aid Society**
**Criminal Defense Practice**
**Special Litigation Unit**
**199 Water Street, 6th Floor**
**New York, New York  10038**
**Tel:  (212) 577.3287**
**Fax: (646) 616.4287**
mbodden@legal-aid.org

---------------------------------------------------------------------------------------

This e-mail, and any attachments thereto, is intended only for use by the addressee(s) and may contain legally privileged and/or confidential information. If you are not the intended recipient, please do not disclose, distribute or copy this communication. Please notify the sender that you
have received this e-mail in error and delete the original and any copy of the e-mail.
---------------------------------------------------------------------------------------
This message is being sent from a law firm and may contain confidential or privileged information. If you are not the
intended recipient, please advise the sender immediately by reply e-mail and delete this message and any
attachments without retaining a copy.

Throughout this communication, "Cleary Gottlieb" and the "firm" refer to Cleary Gottlieb Steen & Hamilton LLP and
its affiliated entities in certain jurisdictions, and the term "offices" includes offices of those affiliated entities.
This message is being sent from a law firm and may contain confidential or privileged information. If you are not the
intended recipient, please advise the sender immediately by reply e-mail and delete this message and any
attachments without retaining a copy.

Throughout this communication, "Cleary Gottlieb" and the "firm" refer to Cleary Gottlieb Steen & Hamilton LLP and
its affiliated entities in certain jurisdictions, and the term "offices" includes offices of those affiliated entities.

This message is being sent from a law firm and may contain confidential or privileged information. If you are not the
intended recipient, please advise the sender immediately by reply e-mail and delete this message and any
attachments without retaining a copy.

Throughout this communication, "Cleary Gottlieb" and the "firm" refer to Cleary Gottlieb Steen & Hamilton LLP and
its affiliated entities in certain jurisdictions, and the term "offices" includes offices of those affiliated entities.

# EXHIBIT 4

# REDACTED

## Anderson, Josh

| | |
|---|---|
| **From:** | Joyce, Kimberly (Law) <kjoyce@law.nyc.gov> |
| **Sent:** | Friday, November 20, 2015 3:31 PM |
| **To:** | Anderson, Josh; Mindlin, Danielle P. |
| **Cc:** | Lowenthal, Mitchell A.; mbodden@legal-aid.org; bphamilton@legal-aid.org; JOrtiz@koehler-isaacs.com |
| **Subject:** | RE: Jane Doe Discovery |

Josh,

I was out of the office Wednesday and Thursday at a PREA conference. I looked into the non-production of the pdfs, and that was an oversight. I've sent out another production to you today with the remaining PDFs and a spreadsheet from the Investigation Division. Plaintiffs will be receiving concordance load files and co-defendant will receive PDFs, no later than Monday.

To address some of your other questions, in regards to Class Request No. 8, after consultation with DOC/DOI/DOHMH, there are no pregnancies or responsive documents/information to this request from 1/1/11 to the present.

In regards to Class Request No. 2, DOC has no further information other than what would be contained in the investigation division files you've received. Every allegation of staff/civilian on inmate sexual abuse received by DOC is "referred" to DOI, and DOI will tell DOC whether there is clearance to proceed with an investigation, or whether DOC should hold off while DOI opens an investigation. DOI is looking into what responsive documents they might have for referrals to outside law enforcement agencies. They can recall referring two incidents of sexual abuse to the Bronx DA's office, one involving correction staff on inmate, the other involving civilian staff on inmate. Both cases were declined to prosecute by the DA's office. I will provide that information once I receive it.

Finally, the City has decided that we are going to oppose plaintiff's motion for class certification.

Thank you,

Kim

**Kimberly M. Joyce**
Senior Counsel
New York City Law Department
100 Church Street, Room 3-227
New York, NY 10007
(ph) (212) 356-2650
(fax) (212) 356-3509

**From:** Anderson, Josh [mailto:jeanderson@cgsh.com]
**Sent:** Wednesday, November 18, 2015 11:30 AM
**To:** Joyce, Kimberly (Law); Mindlin, Danielle P.
**Cc:** Lowenthal, Mitchell A.; mbodden@legal-aid.org; bphamilton@legal-aid.org; JOrtiz@koehler-isaacs.com
**Subject:** RE: Jane Doe Discovery

Kim,

We received and are in the process of reviewing the City's production, which we received Monday afternoon.  Can you please confirm whether all of the documents listed in your email below were in fact included in the production?  We have not yet located, for example, certain documents you indicated would be produced as PDFs without Bates stamps.  In addition, can you please clarify whether the City has completed its production of materials in response to Class Request No. 2 (referrals to DOI or law enforcement agencies) and No. 8 (pregnancies at RMSC)?  Your email below does not indicate that any of the listed documents are responsive to those requests.

We have made several unsuccessful attempts to meet and confer with you to establish a formal timeline for the City's completion of class discovery, and our agreement to extend your time to respond to class discovery requests past the Oct. 15 deadline established by the Case Management Plan was a courtesy based on your unexpected absence from the office in August.  We have expressed our expectation on several occasions that the City must complete its class discovery obligations by the time it files any opposition to the Motion for Class Certification.  Please confirm that you will do so.  If the City does not complete its class discovery productions by Monday, November 23, Plaintiffs will file a motion to compel.

Finally, are you able to give us any indication about the City's position on the Motion for Class Certification?

Kind regards,
Josh

---

Josh Anderson
Cleary Gottlieb Steen & Hamilton LLP
Assistant: airaci@cgsh.com
One Liberty Plaza, New York NY 10006
t: +1 212 225 2044 | f: +1 212 225 3999
www.clearygottlieb.com | jeanderson@cgsh.com

**From:** Joyce, Kimberly (Law) [mailto:kjoyce@law.nyc.gov]
**Sent:** Thursday, November 12, 2015 10:53 PM
**To:** Mindlin, Danielle P.
**Cc:** Anderson, Josh; Lowenthal, Mitchell A.; mbodden@legal-aid.org; bphamilton@legal-aid.org; JOrtiz@koehler-isaacs.com
**Subject:** Jane Doe Discovery

Danielle,

     You will receive a production of both class and merits related discovery by Monday at the latest. Please let me know as soon as possible if you want the production in a form other than a concordance load file – I believe that is what your discovery demands requested. The production will include the documents I produced to you previously, plus additional documents as listed below. I will also attach as pdfs certain responsive documents, as specified below, which are currently with our vendor and will be produced to you at a later date with bates numbers. Once the production is made I believe the outstanding items from DOC responsive to the class requests would be to No. 3, involving sanctions, to the extent that information is not already contained in the files and conclusions from the Investigations Division, and to Nos. 5 & 6, regarding statistics/tracking, which will be provided by the Investigations Division. I don't have an answer for you today as to when you will receive that information, because my DOC liaison was out of the office, but I do not anticipate it taking very long to obtain the information. I will in addition get back to you shortly regarding the City's position to Plaintiffs' motion.

Thank you,

Kim

**Previously produced documents: (note that the class/merits references next to each item are not all encompassing)**

- DOC Directives [Class # 7]

  - Directive 5010R-A, effective 12/31/08, Preventing Inmate Sexual Abuse;

  - Memorandum re: Undue Familiarity and Prevention of Sexual Abuse of Inmates by Staff and Other Inmates, effective date 2/7/08;

- HHC Policies [Class # 9]

  - Chlamydia and Gonorrhea Testing and Treatment, Policy # MED 17;

  - Rapid HIV testing, Policy # MED 18;

  - Family Planning, Policy # MED 28A;

  - Emergency Contraception, Policy # MED 29;

- ███████████ Inmate Folders [Class # 9]

- ███████████ Inmate Folders [Class # 10]

- ███████████ and ██████████ Inmate Lookups [Class # 9 & 10]

- ███████████ Grievance History [Class # 9]

- ███████████ Movement, Grievance, and Infraction History [Class # 9]

  **Newly produced documents:**

- ███████████ Legal Folder [Class # 10]

- Benny Santiago 22R [Merits # 1]

- Benny Santiago Disciplinary File [Merits # 1]

- DOI Investigation re: ██████████ and Benny Santiago [Class # 10]

- Inmate Rule Book

- Inmate Hand Book

- Employee Hand Book [Merits # 7]

- ███████████ Movement History and Infraction History (no grievances) [Class # 10]

- ███████████ Movement and Infraction History [Merits # 3]

- ID – Crime Scene Best Practices (evidence collection) [Merits # 9 & 17]

- ID – Evidence Collection – Module 5 First Responders and Evidence Collection [Merits # 9 & 17]

- RMSC Camera List as of 9/15/15 [Merits # 20]

- 18 month call history for ██████████ and ███████████ and CD with recordings

- ID case file N0324/2014 re: █████████████ and Benny Santiago [Class # 10]

- Investigation Division Files [Class # 1]:

  o 2011: 15

  o 2012: 16

  o 2013: 13

  o 2014: 6

- RMSC Policy/Procedure regarding the handling of female prisoners by male staff: RMSC Command Level Order #29-13R dated 3/24/15 entitled "Control of and Search for Contraband" [Class # 7]

- RMSC Policy/Procedure regarding privacy of female inmates: RMSC Command Level Order #36-14 dated 5/28/14 entitled "New Admission Non-Felony Detainee Search Procedures – McBean" [Class # 7]

- RMSC Employee and Supervisory legal roster (all shifts) from 12/1/12 to 5/15/13; [Merits # 19]

- ██████████████ Inmate Folders - #███████████; ███████████; ██████████ (couldn't find ██████████; ; ██████████); [Merits # 3]

**<u>Documents being produced without bates stamp numbers (as pdfs – bates numbers to be provided at a later date)</u>**

- Directive 3910R – Word Order Procedures; [Merits # 21]

- Directive 06-15 – Recording Equipment Medium & Electronic Evidence [Merits # 21];

- Disciplinary History for Santiago; [Merits # 1]

- Chapter 17.0: Investigations into Sexual Abuse and Sexual Threats; [Merits # 9 & 17]

- Directive 7100R, effective 9/28/92, Investigations Division; [Merits # 9 & 17]

- Directive 5010R-A, effective 12/31/08, Preventing Inmate Sexual Abuse; [Merits # 9 & 17]

This message is being sent from a law firm and may contain confidential or privileged information. If you are not the
intended recipient, please advise the sender immediately by reply e-mail and delete this message and any attachments without retaining a copy.

Throughout this communication, "Cleary Gottlieb" and the "firm" refer to Cleary Gottlieb Steen & Hamilton LLP and
its affiliated entities in certain jurisdictions, and the term "offices" includes offices of those affiliated entities.

# EXHIBIT  5

# REDACTED

# (Original to be filed under seal)