

199 WATER STREET  NEW YORK, NY 10038  TEL: 212-577-3300  FAX: 212-509-8481  www.legal-aid.org

**Blaine (Fin) V. Fogg**
*President*

**Seymour W. James, Jr.**
*Attorney-in-Chief*

January 29, 2016

**By Electronic Filing on ECF**

The Honorable Alvin K. Hellerstein
United States District Court
for the Southern District of New York
500 Pearl Street
New York, NY 10007-1312

    *Jane Doe 1., et al. v. The City of New York, et al.*, 15 Civ. 3849 (AKH)

Dear Judge Hellerstein,

    I write on behalf of the parties in the above captioned matter, and respectfully submit this joint letter concerning certain discovery disputes, as directed by the Court during the conference on January 15, 2016.

    The parties' dispute concerns Plaintiffs' Request for Production No. 11 Relating to Class Certification, which seeks, "[a]ll tangible things provided by Jane Doe 1 or Jane Doe 2 to RMSC, The Department of Correction ("DOC"), or DOI personnel in the course of any investigation into allegations of Sexual Misconduct." Specifically, the property at issue includes a pair of pants (which has been subject to DNA testing by the City for semen), a notebook, a Bible, and an edition of the magazine "In Touch" that Plaintiffs' counsel understands contains defendant Santiago's personal address. Plaintiffs' document requests were sent to the City on June 26, 2015. In its responses and objections served on September 15, 2015, the City agreed to "make available all 'tangible things,' to the extent such things still exist, for inspection, at a mutually agreeable time and place." Plaintiffs' counsel sent a letter to the City on December 28, 2015, which in part, reiterated the request for the production of Jane Doe 2's physical property. On January 14, 2016 the parties conducted a meet and confer to discuss outstanding discovery issues, and in particular the return of the tangible items of Jane Doe 2.

    The City's position is that it will not return any of these items to Jane Doe 2 unless she stipulates that she will not use the items as evidence in this lawsuit. With respect to the pants,

1

the City's position is that it may agree to temporarily release the pants to a retained expert for DNA testing, but it will not agree to do so until Plaintiffs inform the City of the name of their retained expert and what types of tests the expert will run; moreover, the City may require additional conditions to a temporary release of the pants at a later date.

Plaintiffs' position is that the City must immediately return the notebook, Bible, and magazine, which will be safeguarded in custody of Plaintiffs' attorneys. With respect to the pants, Plaintiffs' position is that they will retain an expert to test the jeans and notify the City of that expert's identity, but the City must then agree to release the jeans for testing.

## **PLAINTIFFS' POSITION**

Jane Doe 2, while held at Rikers Island in the Rose M. Singer Center ("RMSC"), voluntarily provided the tangible property at issue to the Department of Investigation ("DOI") in 2013 to aid its investigation of her complaint of rape and sexual abuse by defendant Benny Santiago.

Even before the commencement of this action, on numerous occasions Jane Doe 2 has sought the return of her physical property from the City. For example, under the Freedom of Information Law ("FOIL"), on September 9, 2014, Plaintiffs' counsel sent a letter to DOI requesting Jane Doe 2's physical evidence, as well as all records related to DOI's investigation of Jane Doe 2's complaint. On September 17, 2014, DOI responded that it was conducting a search for materials and required an extension until December 22, 2014 for its final response. Despite the earlier representation by DOI that they required an extension to search for materials, on October 1, 2014, DOI stated that it was denying Jane Doe 2's request for the return of her property and her request would be addressed separately by the office of the Inspector General for DOC. On October 24, 2014, Plaintiffs' counsel appealed DOI's refusal to provide the requested records. Again the City refused and on October 29, 2014, DOI denied the request for appeal, but stated that the office of the Inspector General for DOC was still considering the request for Jane Doe 2's physical property. Finally, in a letter dated December 31, 2014, Adam Libove, counsel to the DOI Inspector General for DOC, informed Plaintiffs' counsel that an ongoing DOC investigation precluded the return Jane Doe 2's property.

In addition to DOI and DOC's blanket refusals to return Jane Does 2's property, in this action, the City has failed to make any legitimate objection or proffer any meaningful explanation why it is refusing to respond to Plaintiffs' Request for Production No. 11.

As a matter of law, it is well-settled that under the Federal Rules, parties are permitted to obtain discovery, so long as the items requested are "relevant to any party's claim or defense" and non-privileged. Fed. R.Civ. P. 26(b). Information "need not be admissible in evidence to be discoverable." *Id.* Courts have construed relevance "broadly to encompass any matter that bears on or that reasonably could lead to other matter that could bear on, any issue that is or may be in the case." *Cohen v. Cohen*, No. 09 Civ. 10230(LAP), 2015 WL 4469704, at *3 (S.D.N.Y. June 29, 2015) (quoting *Oppenheimer Fund, Inc. v. Sanders*, 437 U.S. 340, 351 (1978)); *see also* Fed. R.Civ. P. 26(b); *Gary Plastic Packaging Corp. v. Merrill Lynch, Pierce, Fenner & Smith, Inc.*, 756 F.2d 230, 236 (2d Cir. 1985) (rules governing discovery should be interpreted broadly to

achieve the purposes of "avoiding surprise, fully disclosing the nature and scope of the controversy, narrowing, simplifying, and framing the issues involved, and enabling parties to obtain the factual information needed to prepare for trial"). Plaintiffs bears "a relatively low" burden in establishing relevance on a motion to compel and are required "to demonstrate only 'any possibility of relevance.'" *Cohen*, 2015 WL 4469704, at *3 (citation omitted). Once this minimal burden has been satisfied, "the party resisting discovery has the burden of showing undue burden or expense." *State Farm Mut. Auto. Ins. Co. v. Fayda*, No. 14CIV9792WHPJCF, 2015 WL 7871037, at *2 (S.D.N.Y. Dec. 3, 2015). This Court has the authority to compel discovery from Santiago for failing to produce documents requested under Rule 34. Fed. R. Civ. P. 37(a).

Under this analysis, here, the City must be compelled to return the tangible property of Jane Doe 2 because these items are relevant evidence and bear directly on the merits of her claim. The Bible, notebook, and magazine were all contraband items given to Jane Doe 2 by Santiago, and are understood to reflect his home address, home phone number and/or e-mail address. *Compl.* ¶¶ 54, 60. This is direct evidence of Santiago's inappropriate conduct toward Jane Doe 2, as it is a patent violation of DOC policy for a corrections officer to provide detainees with contraband or personal details. In addition, further testing of the pants is clearly warranted, and could lead to directly relevant evidence. The City's preconditions for releasing the pants are unreasonable and have no basis in law. Jane Doe 2 has the right to retain any expert of her choice, and direct that expert to engage in forensic analysis of *her own property* without the City's agreement.

The City's position is particularly unfounded in light of the fact that according to the deposition testimony of Jennifer Sculco (DOI Inspector General) and Sean Cussen (Deputy Director of Investigations for DOC), as well as the City's own records, both DOI and DOC have concluded their investigations of Jane Doe 2's claims of rape and sexual abuse by defendant Benny Santiago. (*See* Appendix A, Sculco Dep. Tr. 225:14-16; Appendix B, Cussen Dep. Tr. 319:14-320:22; Appendix C, DEF_0002480-2482.) Thus, the City has no continuing interest in these materials, and has no valid objection to their production at this time.

Also, it is Plaintiffs' position that the City's refusal to return Jane Doe 2's physical property constitutes an illegal seizure by the government under the Fourth Amendment. *See Soldal v. Cook County, Illinois*, 113 S.Ct. 538, 543-44, 547 (1992) (holding that seizure of property occurs when "there is some meaningful interference with an individual's possessory interests in that property" and that the Fourth Amendment "protects the people from unreasonable searches and seizures of their property.") Moreover, "seizures of property are subject to Fourth Amendment scrutiny even though no search within the meaning of the Amendment has taken place." *Id* at 547; *see also United States v. Jacobsen*, 104 S.Ct. 1652 (1984). Given that the City has no continuing law enforcement interest in the Jane Doe 2's seized property, any further interference with her possessory interests in that property is unreasonable.

For these reasons, Plaintiffs request that the Court enter an order requiring the City to immediately produce Jane Doe 2's notebook, Bible, and magazine, and requiring the City to release the pants to Plaintiffs' expert (once retained and identified to the City) without other precondition, and further request that any such order of the Court specify that Defendants may

3

not move to exclude such evidence from trial solely on the basis such that such items were released from the City's custody.

## DEFENDANT'S POSITION

Defendant City submits that releasing all tangible evidence into the sole custody of Jane Doe 2 and her attorneys is inappropriate at this time, and instead the parties should mutually agree to an inspection of the items at issue, and further testing of the jeans. We submit that if plaintiff proposes to conduct any tests on the jeans, the parties must confer in advance and agree on suitable protocols.

As background, Jane Doe 2 provided tangible property, in the form of a notebook, Bible, magazine, and a pair of jeans, to the Department of Investigation ("DOI") for its investigation into Jane Doe 2's allegations of rape and sexual abuse by defendant Benny Santiago. The jeans were vouchered, tested, and remained in the custody of the New York City Office of Chief Medical Examiner ("OCME"). Despite Jane Doe 2's claim that the pants contained semen deposited by Mr. Santiago, tests showed that this allegation was unsupported. The other items were returned to the Department of Correction ("DOC") following the conclusion of DOI's investigation, for use in DOC's investigation or further proceedings into Jane Doe 2's allegations against defendant Benny Santiago. Both DOI and DOC's investigations into Jane Doe 2's allegations against Benny Santiago are now closed, with the DOC investigation concluding after the commencement of the instant action. Defendant City submits that it would not have been appropriate to return evidence to Jane Doe 2 while a DOI or DOC investigation was pending. Similarly, defendant maintains that it is not appropriate to return physical evidence that will be used to support the party's claims and defenses at a potential trial in this matter into the sole custody of the plaintiffs, until the conclusion of the civil action.1

Plaintiffs' class certification document request No. 11 requested "[a]ll tangible things provided by Jane Doe 1 or Jane Doe 2 to RMSC, DOC or DOI personnel in the course of any investigation into allegations of Sexual Misconduct and all documents concerning the collection, storage, handling, and preservation of all tangible things responsive to this request." Defendant City responded to request No. 11 that "defendant will make available all 'tangible things,' to the extent such things still exist, for inspection, at a mutually agreeable time and place." Rather than attempt to mutually agree upon parameters for inspection of the tangible things, or testing of the jeans, plaintiffs instead demand return of all tangible things to their custody, potentially for unknown testing to be conducted by unknown individuals.

Fed. R. Civ. P. 26(b)(1) provides for the parties to obtain discovery regarding any nonprivileged matter that "is relevant to any party's claim or defense and proportional to the needs of the case…." Defendant City is not claiming that the tangible items sought are not relevant to the instant case, nor is defendant City refusing to provide access to such tangible

---

1 To the extent plaintiff argues that the City's "refusal to return Jane Doe 2's physical property constitutes an illegal search by the government under the Fourth Amendment…[given] that the City has no continuing law enforcement interest in the Jane Doe 2's seized property…" is without merit. The City clearly has a continuing lawful interest in maintaining custody of evidence used in an DOI/DOC investigation, until the completion of associated civil proceedings.

4

items. On the contrary, defendant has offered to plaintiffs the option to inspect all tangible things at a mutually agreeable time and place, as provided by Fed. R. Civ. P. 34(a)(1)(B), which provides the opportunity for the "requesting party or its representatives to inspect, copy, test, or sample the following items in the responding party's possession, custody, or control" including "any designated tangible things." Instead of availing themselves of the mechanisms already in place under the Federal Rules for inspection of tangible items, plaintiffs instead want all tangible items released into the sole custody of plaintiff and plaintiff's counsel for the duration of this civil matter.

Plaintiffs state that the tangible items requested are "relevant evidence and bear directly on the merits of her claim" and are "contraband items" that are "direct evidence of Santiago's inappropriate conduct" which plaintiff Jane Doe 2 undoubtedly intends to offer at trial in support of her claims, should this matter get that far. However, when proffered "real evidence 'is purported to be the actual object associated with a crime…[t]he offering party must establish, first, that the evidence is identical to that involved in the crime…and, second, that it has not been tampered with." Archer v. Connell, 2008 U.S. Dist. LEXIS 96017, 30-34 (E.D.N.Y. Feb. 12, 2008), citing People v. Julian, 41 N.Y.2d 340, 342-43 (1977). Should the Court permit the release of all tangible things into the sole custody and possession of Jane Doe 2 and her attorneys we will be unable to ensure that the evidence is not tampered with, altered, damaged, lost, or otherwise destroyed prior to the completion of the civil litigation. Additionally, defendant City or co-defendant Benny Santiago may wish to have the jeans re-tested in rebuttal to the tests anticipated to be conducted by plaintiffs' expert. To release the jeans into the custody of the plaintiff, to then be turned over to their expert without an express agreement on suitable protocols, could result in possible destruction of the evidence and/or break the chain of custody necessary to conduct accurate, reliable, and admissible forensic testing of physical evidence.

Accordingly, defendants respectfully request that the Court deny plaintiffs' request to release all tangible things into the sole custody of Jane Doe 2 and her attorneys, and instead order the parties to engage in a mutually agreeable inspection of the tangible items, and agree upon an expert to whom the jeans would be released for plaintiffs to conduct further testing, as well as appropriate protocols for such tests. Defendants also request that plaintiffs' application to prevent defendants from moving to exclude tangible evidence at trial be denied as premature.

Respectfully,

Barbara P. Hamilton

cc:   All Counsel of Record (By Electronic Filing on ECF)