UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

JANE DOE 1 and JANE DOE 2, on behalf of themselves and all similarly situated women,

            Plaintiffs,

  -against-

THE CITY OF NEW YORK and BENNY SANTIAGO,

            Defendants.

15 Civ. 3849 (AKH)

## DECLARATION OF JOSH E. ANDERSON IN SUPPORT OF PLAINTIFFS' MOTION TO COMPEL THE CITY TO PRODUCE DOCUMENTS

I, Josh E. Anderson, declare as follows pursuant to 28 U.S.C. § 1746:

1. I am an associate at the law firm Cleary Gottlieb Steen & Hamilton, LLP, counsel for Jane Doe 1 and Jane Doe 2 ("Plaintiffs"). I am duly admitted to this court.

2. I respectfully submit this declaration in support of Plaintiffs' Motion to Compel the City to Produce Documents.

3. On June 26, 2015, Plaintiffs emailed their First Set of Requests for Production of Documents to Defendant the City of New York Relating to Merits Discovery (the "Merits Discovery Requests" or "Requests") to counsel for defendant the City of New York (the "City"). Following the Parties' Rule 26(f) conference, on July 13, 2015, Plaintiffs formally served the City with the Merits Discovery Requests. A true and correct copy of the Merits Discovery Requests is attached as Exhibit 1.

4.      The City timely served its First Set of Responses and Objections to Plaintiffs' First Set of Document Requests (the "Responses") on September 15, 2015. A true and correct copy of the Responses is attached as Exhibit 2.

5.      The City produced documents partially responsive to the Merits Discovery Requests on September 15, 2015, November 16, 2015, November 23, 2015, December 22, 2015, and December 23, 2015.

6.      On December 23, 2015, Plaintiffs deposed Deputy Director of Investigations Sean Cussen. During the deposition, Plaintiffs requested that the City explain why it had redacted several dozen rows in the "PREA Spreadsheet," a Department of Correction Investigation Division internal document for logging certain investigations of sexual abuse allegations at RMSC produced to Plaintiffs by the City. The Parties agreed to discuss this issue at a later date. Cussen provided testimony about, among other things, the Moss Group, which the City retained in 2012 in connection with purported efforts to become PREA compliant. A true and correct copy of an excerpt of Mr. Cussen's deposition transcript reflecting certain testimony about the Moss Group is attached as Exhibit 3.

7.      Plaintiffs sent a letter to the City reiterating their request that the City explain the redactions in the PREA Spreadsheet on December 28, 2015.

8.      On January 14, 2016, Plaintiffs and the City participated in a meet and confer ("January 14 Meet and Confer"). I understand from my colleagues at Cleary Gottlieb who attended the January 14 Meet and Confer that the City agreed to supplement its prior productions of investigative files at reasonable intervals on a going forward basis, as additional investigations close. I understand that counsel for the City said that the City may take the position that files concerning the investigation of allegations of staff-on-inmate sexual abuse

other than rape should not be included in the supplemental productions, but that counsel would confer with their client and confirm the City's position. I understand that the City also stated that the redactions to the PREA Spreadsheet included thirteen allegations that women housed at RMSC had been sexually abused off-site by staff. Finally, I understand that the City represented its belief that it had produced investigative files for every closed matter listed on the PREA Spreadsheet.

9. Plaintiffs sent the City a letter memorializing the January 14 Meet and Confer on January 16, 2016 ("January 16 Letter"). The January 16 Letter identified twenty-five case identification numbers listed on the PREA Spreadsheet for which the City had not produced corresponding investigative files to Plaintiffs. A true and correct copy of the January 16 Letter is attached as Exhibit 4.

10. On January 20, 2016, I attended another meet and confer between Plaintiffs and the City ("January 20 Meet and Confer"). When asked, the City confirmed that it had not undertaken a search for electronically stored information responsive to any Merits Discovery Request. The City explained that the investigative file concerning Jane Doe 2's allegations of abuse by Santiago contained those documents that City investigators had chosen to place in the file. The City said it was not prepared for a detailed discussion about electronic discovery and the Parties agreed to discuss the issue, including appropriate custodians and search terms, at a later date. Separately, the City agreed to look into the twenty-five missing investigative files identified in the January 16 Letter and produce any outstanding files within a reasonable timeframe. Regarding Merits Discovery Request No. 24, Plaintiffs took the position that certain Moss Group reports were responsive and should be produced. The City requested that Plaintiffs put their position in writing. Regarding Merits Discovery Request No. 1, which

sought information about several correction officers identified by phonetic last name, Plaintiffs offered to provide additional identifying information to facilitate the City's search for responsive documents, and at the City's request, agreed to provide this information in writing. Regarding Merits Discovery Request No. 3, the City agreed to investigate the availability and burden of obtaining audio recordings of disciplinary hearings involving a certain former RMSC detainee. On information and belief, during this disciplinary hearing, this former RMSC detainee provided information to the City concerning Defendant Santiago's ongoing sexual abuse of RMSC detainees. The City also stated that it would follow up internally and promptly update Plaintiffs with a timeline for producing any outstanding documents responsive to Merits Discovery Request Nos. 4, 5, 6, 8, 9, 10, 11, and 13. The City stated its belief that it had completed its productions in response to Merits Discovery Request No. 7, but agreed to confirm. The City also agreed to search for an organizational chart for the Department of Correction Investigation Division in response to Merits Discovery Request No. 16. With respect to Merits Discovery Request No. 18 for blueprint or other documents sufficient to show the physical layout of RMSC, to address the City's public safety objection, Plaintiffs proposed that the City produce an existing not-to-scale diagram, or alternatively, Plaintiffs said they would be willing to support entry of a revised protective order. The City stated it was not aware of alternative depictions of RMSC, refused to undertake any searches for such documents, said it was unwilling to consider a revised protective order, and stated it would not do anything further in response to Request No. 18.

    11. Plaintiffs sent the City a letter memorializing the January 20 Meet and Confer on January 22, 2016 ("January 22 Letter"). As the City requested, the January 22 Letter provided additional identifying information concerning the correction officers referenced in

Merits Discovery Request No. 1, as well as set out Plaintiffs' position that the City should produce any final reports by the Moss Group regarding the City's historical policies and practices concerning sexual misconduct within the City's possession, custody or control. Plaintiffs further notified the City that they were prepared to raise the dispute regarding Request No. 18 with the Court. A true and correct copy of the January 22 Letter is attached as Exhibit 5.

12. On January 25 and 26, 2016, Plaintiffs exchanged emails with the City concerning electronic discovery, following up on the January 20 Meet and Confer. Plaintiffs proposed several times during the following week when they would be available to participate in a further meet and confer regarding electronic discovery. The City promised to respond as soon as it could, but to date, has not done so. Plaintiffs sent follow-up emails to the City on January 28, 2016 and on February 1 and 2, 2016, requesting that the City provide its availability to meet and confer concerning electronic discovery. The City never responded to these emails.

13. On February 12, 2016, Plaintiffs sent the City a letter ("February 12 Letter") reiterating a number of previously-raised issues about which the City had failed to offer an adequate response. The letter included detailed appendices of custodians and search terms for purposes of electronic discovery. The letter stated that Plaintiffs would seek relief from the Court if the City did not respond by February 19, 2016. A true and correct copy of the February 12 Letter is attached as Exhibit 6.

14. As of February 23, 2016, the City has not responded to or made any acknowledgement of the February 12 Letter. The City has not produced any additional documents since December 23, 2015. Plaintiffs have noticed five depositions during the month of March 2016 of City witnesses who Plaintiffs understand were involved in or aware of the

City's investigation of Santiago's sexual abuse of Jane Doe 2. Each of these five deponents are named as custodians in the February 12 Letter.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on February 23, 2016 in New York, New York.

_____
Josh E. Anderson