# CLEARY GOTTLIEB STEEN & HAMILTON LLP

WASHINGTON, D.C.
PARIS
BRUSSELS
LONDON
FRANKFURT
COLOGNE
MOSCOW

One Liberty Plaza
New York, NY 10006-1470
T: +1 212 225 2000
F: +1 212 225 3999

clearygottlieb.com

D: +1 212 225 2760
mlowenthal@cgsh.com

ROME
MILAN
HONG KONG
BEIJING
BUENOS AIRES
SÃO PAULO
ABU DHABI
SEOUL

May 9, 2016

**VIA ECF**

Honorable Alvin K. Hellerstein
United States District Judge
United States Courthouse
Southern District of New York
500 Pearl Street
New York, NY 10007

      Re: *Jane Doe 1., et al. v. The City of New York, et al.*, 15 Civ. 3849 (AKH)

Dear Judge Hellerstein:

      Because the City has once again breached its discovery obligations, Plaintiffs are left with no alternative but to move to compel.

      **Facts.** The City confiscated a pair of Jane Doe 2's pants in 2013. Jane Doe stated to City investigators then that these pants contained residue of Defendant Santiago's semen, which would corroborate Jane Doe 2's rape allegations. The City purportedly had the pants tested, but found no semen.

      **Plaintiffs' Efforts To Test the Pants.** Plaintiffs have expended substantial resources trying to retrieve Jane Doe 2's pants, so that they can be independently tested. But the City has rejected every effort, and still refuses to permit the Plaintiffs access to them.

      The Complaint was filed in May 2015. For nine months <u>before</u> then, FOIL requests for the pants were rejected. After filing the Complaint and demanding the pants in June 2015 pursuant to the discovery process, the City still refused to produce them. After months of fruitless efforts, on January 29, 2016 Plaintiffs moved to compel production of the pants.

      **The Grant of the Prior Motion to Compel.** On February 2 of this year, the Court ordered that the pants be sent to a mutually-acceptable neutral third party. Order, ECF No. 67. The Court's order further provided that "[i]f agreement is not made within two weeks, either party may move for appropriate relief." <u>Id.</u>

Honorable Alvin K. Hellerstein, p. 2

**Plaintiffs' Efforts to Avoid Further Motion Practice.** Once it became clear that no mutually acceptable third party could be identified, Plaintiffs attempted to reach agreement with the City on an alternative. Exhibit A consists of email correspondence documenting these efforts. It shows that on March 30, Plaintiffs prepared a stipulation that would provide for delivery of the pants to the expert Plaintiffs retained, who would return them to the City once she completed testing them. Ex. A at 15 (email dated Mar. 30, 2016 at 10:59am). After an exchange of comments and a meet and confer, Plaintiffs sent the City a revised stipulation on April 12. Id. at 12-13 (email dated Apr. 12, 2016 at 12:39pm). After waiting nearly two weeks, the City responded on April 22, stating that it would not go forward with the negotiations over the stipulation unless Plaintiffs first revealed to the City who Plaintiffs had retained as their DNA expert. Id. at 11 (email dated Apr. 22, 2016 at 3:19pm). The City rejected every attempt Plaintiffs made to address the one-way expert disclosure the City demanded; the City unwaveringly insisted that the "name of your expert should be written into the stipulation," and would not give further comments on the stipulation until this demand was met. Id. at 8-9, 11 (emails dated Apr. 22, 2016 at 3:19pm and Apr. 26, 2016 at 3:21pm). Not even Plaintiffs' offer to disclose the identity of their expert immediately before execution of the stipulation would suffice. Id. at 8 (email dated Apr. 26, 2016 at 3:17pm).

Desperately needing access to the pants so that we could perform our own testing, on April 26 Plaintiffs accepted the City's unfair demand and agreed to include the name of their expert in the stipulation – requesting in return <u>solely</u> that the City state in writing that it had no other comments on the stipulation. Id. at 7-8 (emails dated Apr. 26, 2016 at 3:50pm and Apr. 27, 2016 at 12:10pm). The City refused. Id. at 7 (email dated Apr. 27, 2016 at 12:37pm). A meet and confer did not bridge that gap. Id. at 6-7 (email dated Apr. 27, 2016 at 1:02pm). After receiving an email recounting the substance of the meet and confer discussion, id., however, the City relented and made the written representation Plaintiffs requested. Id. at 5-6 (email dated Apr. 27, 2016 at 3:11pm). Fifteen minutes later, Plaintiffs sent a revised draft of the stipulation <u>that included their expert's name</u>. Id. at 4-5 (email dated Apr. 27, 2016 at 3:27pm).

**Need for this Motion.** Nevertheless, nearly two weeks have passed, and the City has not moved further. On Friday, April 29, Plaintiffs were told the City was "checking with the client and will get back to you early next week." Id. at 3 (email dated Apr. 29, 2016 at 4:31pm). On Monday, after Plaintiffs inquired again, id. (email dated May 2, 2016 at 4:14pm), the City responded that it was "awaiting word from the PD." Id. at 2 (email dated May 2, 2016 at 4:33pm). After another request from Plaintiffs, id. at 2 (email dated May 3, 2016 at 5:48pm), the City responded on May 3 by saying it would "follow up with the client tomorrow." Id. (email dated May 3, 2016 at 6:59pm). When we heard nothing for two more days, Plaintiffs inquired again, on Thursday, May 5. Id. at 1 (email dated May 5, 2016 at 7:13pm). That communication was ignored completely until the following week, when the City wrote a discourteous response, blaming the delay on the Plaintiffs, and – again – promising to follow-up with the client. Id. (email dated May 9, 2016 at 10:12am). Rather than promise any response date, the City's counsel simply said that he would contact us once he has more information. Id.

This intransigence would be intolerable under normal circumstances – after all, the pants are <u>Jane Doe 2's property, and the City has already had them tested</u> – but here the City represented in writing weeks ago that it had no more comments on the stipulation; that the only

Honorable Alvin K. Hellerstein, p. 3

demand Plaintiffs had not yet agreed to was identifying their expert, and <u>Plaintiffs did that on April 27</u>. <u>Id.</u> at 4-5 (email dated Apr. 27, 2016 at 3:27pm).

      As noted, the Court previously ordered that absent agreement on a neutral third party, "either party may move for appropriate relief." ECF No. 67. Having exhausted all other avenues, including accepting all of the City's demands, Plaintiffs are no closer to obtaining Jane Doe 2's property from the City and engaging in critical testing. Plaintiffs thus have no other recourse apart from asking the Court for relief.

      **Requested Relief.** Plaintiffs ask the Court to enter the attached Order forthwith. It is identical to the stipulation the City agreed to, but is in the form of an Order rather than a stipulation.

      Respectfully submitted,

*/Mitchell A. Lowenthal*    /JEA

Mitchell A. Lowenthal
Senior Counsel

Attachment
Proposed Order