# CLEARY GOTTLIEB STEEN & HAMILTON LLP

WASHINGTON, D.C.
PARIS
BRUSSELS
LONDON
FRANKFURT
COLOGNE
MOSCOW

One Liberty Plaza
New York, NY 10006-1470
T: +1 212 225 2000
F: +1 212 225 3999

clearygottlieb.com

D: +1 (212) 225-2264
jbromley@cgsh.com

ROME
MILAN
HONG KONG
BEIJING
BUENOS AIRES
SÃO PAULO
ABU DHABI
SEOUL

May 27, 2016

**By Electronic Filing on ECF**

The Honorable Alvin K. Hellerstein
United States District Court
Southern District of New York
500 Pearl Street
New York, NY 10007-1312

Re: *Jane Doe 1., et al. v. The City of New York, et al.*, 15 Civ. 3849 (AKH)

Dear Judge Hellerstein:

Plaintiffs and Defendant Santiago, who are parties in the above captioned matter, respectfully submit this joint letter concerning certain discovery disputes.

The dispute concerns Plaintiffs' Second Set of Requests for Production of Documents to Defendant Benny Santiago Nos. 13 and 14 (the "Requests"), which seek records (e.g., itemized phone bills) reflecting the metadata of calls made and received, and text messages sent and received, associated with Santiago's telephone numbers for a targeted period of time (January 1, 2013 to May 31, 2013).[1] On April 8, 2016, Plaintiffs served Santiago with these and

---

[1] Request No. 13 seeks:

> All documents concerning each phone call placed or received by [Defendant] at the phone numbers identified in Interrogatory No. 3 or [Defendant's] response to Interrogatory No. 2 from January 1, 2013 to May 31, 2013, including but not limited to itemized telephone bills or other documents sufficient to show: (i) the date and time of each phone call placed or received by [Defendant]; (ii) the length of each such phone call; and (iii) the phone numbers to which [Defendant] placed or from which [Defendant] received each such phone call.

Request No. 14 seeks:

> All documents concerning each text message sent or received by [Defendant] at the phone numbers identified in Interrogatory No. 3 or [Defendant's] response to Interrogatory No. 2 from January 1, 2013 to May 31, 2013, including but not limited to itemized telephone bills or other documents sufficient to show: (i) the date and time of each text message that [Defendant] sent or

Honorable Alvin K. Hellerstein, p. 2

other discovery requests, and on May 9 Plaintiffs agreed to extend Santiago's response deadline to May 25. In an effort to resolve any disputes about the Requests as early as possible, the parties exchanged emails on May 9, May 13, and May 16. During this exchange, the parties reached an impasse concerning the Requests. On May 25, Santiago formally objected to the Requests.[2]

Santiago's position is that his phone records contain numbers of family members, friends, and others, none of which are either relevant to any of Plaintiffs' claims in this proceeding, nor are they likely to lead to discoverable evidence. Therefore Plaintiffs are on a "fishing expedition". Santiago sought to balance Plaintiffs' legitimate need for these records, with the privacy of clearly irrelevant phone numbers. To ensure this balance, Santiago asked the Plaintiffs to identify which numbers they believe he called which would support their claims in this proceeding.

Plaintiffs' position is that they cannot identify in advance relevant phone numbers called by Santiago (and will in fact only be able to determine relevance by obtaining the numbers and investigating the identity of the persons associated with those numbers), that since the records solely contain the phone numbers Santiago called – and not the content of any conversation he had – they are not privileged in any way, and that any privacy interest Santiago may claim is adequately protected by the protective order entered in this case.

## PLAINTIFFS' POSITION

On April 8, 2016, Plaintiffs served Santiago with the Requests. On May 5, 2016, at Santiago's request, Plaintiffs agreed to extend Santiago's deadline to respond to the Requests until May 25, 2016. During the parties' correspondence about the Requests, Santiago took the position that he would not produce responsive telephone records without first redacting information that is purportedly not relevant to the litigation, out of concern for revealing the telephone numbers of family and friends who are not parties. To identify the relevant telephone numbers, Santiago demanded that Plaintiffs disclose the telephone numbers that they are "looking for" in Santiago's records, asserting that Plaintiffs "are aware of what numbers [they] are hoping to find." As Plaintiffs have explained to Santiago, and as explained in more detail below, Plaintiffs are not in a position at this stage of discovery to comprehensively list all the

---

received; (ii) the phone numbers to which You sent or from which [Defendant] received each text message; and (iii) the content of each text message that [Defendant] sent or received.

Interrogatory No. 3 identifies two phone numbers known to have been subscribed to by Santiago, and Interrogatory No. 2 requests that Santiago identify additional phone numbers he used during the relevant time period. Although within the scope of Request No. 14, Plaintiffs are not seeking an order to compel production of the content of Santiago's text messages at this time, and they reserve their right to further meet and confer with Santiago about this aspect of the Request after receiving Santiago's formal responses to the Request.

[2] Santiago responded to both Requests as follows: "Defendant objects to this demand as it is overly broad, ambiguous and not reasonably calculated to lead to the discovery of admissible evidence. Without waiving or limiting these objections, and for the reasons set forth at length in both email correspondence and pending application to the Court, such records will not be produced without the appropriate redactions and in the absence of a court order."

Honorable Alvin K. Hellerstein, p. 3

telephone numbers that may be relevant and it is, in any event, entirely improper for Santiago to demand that Plaintiffs disclose their investigative theories as a precondition to him complying with his discovery obligations. Even after Plaintiffs agreed that the telephone records can be designated as "confidential material" under the Protective Order, ECF No. 24,[3] Santiago continued to refuse to produce non-redacted records.

Under the Federal Rules of Civil Procedure, parties are permitted to obtain discovery, so long as the items requested are "relevant to any party's claim or defense and proportional to the needs of the case" and are non-privileged. Fed. R. Civ. P. 26(b). Information "need not be admissible in evidence to be discoverable." *Id.* Despite a recent amendment to Rule 26(b)(1), "[r]elevance is still to be construed broadly to encompass any matter that bears on, or that reasonably could lead to other matter that could bear on any party's claim or defense." *State Farm Mut. Auto. Ins. Co. v. Fayda*, No. 14–CV–9792 (WHP)(JCF), 2015 WL 7871037, at *2 (S.D.N.Y. Dec. 3, 2015) (quoting *Oppenheimer Fund, Inc. v. Sanders*, 437 U.S. 340, 351 (1978)); *see also* Gary *Plastic Packaging Corp. v. Merrill Lynch, Pierce, Fenner & Smith, Inc.*, 756 F.2d 230, 236 (2d Cir. 1985) (rules governing discovery should be interpreted broadly to achieve the purposes of "avoiding surprise, fully disclosing the nature and scope of the controversy, narrowing, simplifying, and framing the issues involved, and enabling parties to obtain the factual information needed to prepare for trial"). Plaintiffs bear "a relatively low" burden in establishing relevance on a motion to compel and are required "to demonstrate only 'any possibility of relevance.'" *Cohen v. Cohen*, No. 09 Civ. 10230(LAP), 2015 WL 4469704, at *3 (S.D.N.Y. June 29, 2015) (citation omitted). Once this minimal burden has been satisfied, "the party resisting discovery has the burden of showing undue burden or expense." *State Farm Mut. Auto. Ins. Co. v. Fayda*, No. 14 CIV 9792 WHP(JCF), 2015 WL 7871037, at *2 (S.D.N.Y. Dec. 3, 2015). This Court has the authority to compel discovery from Santiago for failing to produce documents requested under Rule 34. Fed. R. Civ. P. 37(a).

Santiago should be compelled to produce the telephone records in their entirety because they are relevant evidence and Santiago makes no assertion of undue burden (and indeed, has already agreed to gather the materials). The Complaint alleges that Santiago gave Jane Doe 2 his personal telephone number. (Compl. ¶ 54). Moreover, discovery to date reveals that while incarcerated at RMSC, Jane Doe 2 had in her possession a number of items that contained Santiago's telephone numbers, and that acquaintances of Jane Doe 2 may have spoken to and exchanged text messages with Santiago. There is also evidence that Santiago sexually abused other female detainees – in addition to Jane Doe 1 and Jane Doe 2 – and <u>these other female detainees' telephone numbers are currently unknown</u>. Moreover, there may be other witnesses with first-hand knowledge of Santiago's abuse, whose identity may be revealed with the aid of Santiago's telephone metadata. The telephone records requested by Plaintiffs are targeted to the 5 month time period around which Jane Doe 2 was incarcerated at RMSC and being abused by Santiago – and Santiago has no objection to the timeframe of the Requests. While Plaintiffs are under no obligation to reveal their investigative strategy to Santiago, Santiago should be aware of at least one reason why Plaintiffs are not currently able to provide a

---

[3] Under Section 1(c) of the Protective Order, "Confidential Material" includes "all DOC employees' and RMSC civilian staff members' personnel records and files, in their entirety, including documents that reflect home addresses, telephone numbers, social security numbers, dates of birth, worker's compensation records, and medical records."

Honorable Alvin K. Hellerstein, p. 4

definitive list of relevant telephone numbers: Plaintiffs await the City's production of documents responsive to previously-served discovery requests for records of telephone calls made from women incarcerated at RMSC to Santiago. The civil discovery process is about *discovering* the relevant facts. That objective would be entirely frustrated if Santiago could limit his productions to only those facts already established.

There is also no legal basis for Santiago's demand to redact purportedly irrelevant telephone numbers or to insist that Plaintiffs disclose the numbers they are "looking for." "[R]edactions of portions of a document are normally impermissible unless the redactions are based on a legal privilege." *John Wiley & Sons, Inc. v. Book Dog Books, LLC*, 298 F.R.D. 184, 186 (S.D.N.Y. Mar. 26, 2014). Santiago has asserted no legal privilege over the telephone records, nor has he provided any authority for applying redactions solely on the basis of purported relevancy.[4] Moreover, any potential prejudice to Santiago would be cured by Plaintiffs' agreement not to object to a designation of the records as "confidential material" under the Protective Order, ECF No. 24. *See Houston Police Officers Pension Sys. v. State Global Advisors, Inc. (In re State Street Bank and Trust Co. Fixed Income Funds Inv. Litig.)*, No. 08 Civ. 0333 (RJH)(DFE), 2009 WL1026013, at *1 (S.D.N.Y. April 8, 2009) ("In the case at bar, the stipulated protective order makes it unnecessary to redact any portion of a document on the ground that the portion is non-responsive and irrelevant. . . .[S]uch redactions are generally unwise. They breed suspicions, and they may deprive the reader of context."). Finally, there is no legal basis for Santiago to demand that Plaintiffs disclose privileged information as a precondition to him meeting his discovery obligation. Any specific telephone numbers that Plaintiffs are "looking for" is plainly attorney work product. *See United States v. Adlman*, 134 F.3d 1194, 1197 (2d Cir. 1998) ("The work-product doctrine . . . is intended to preserve a zone of privacy in which a lawyer can prepare and develop legal theories and strategy with an eye toward litigation, free from unnecessary intrusion by his adversaries.").

---

[4] The cases cited by Santiago are inapposite. In *Estate of Creach v. Spokane Cty.*, the court entered a *stipulated* protective order in relation to the production of personnel records of "all deputies of the Spokane County Sheriff's Department." No. CV-11-432-RMP, 2012 U.S. Dist. LEXIS 102878, at *1-2 (E.D. Wash. July 24, 2012). In *Thompson v. Reg'l W. Med. Ctr.*, the plaintiff had previously *agreed* that the defendant could produce redacted records, and the court's ruling simply enforced this agreement, without ever acknowledging the defendant's privacy interests. No. 8:06CV581, 2007 WL 3232603, at *5 (D. Neb. Oct. 31, 2007). Finally, contrary to Santiago's suggestion, *Sovereign Partners Ltd. P'ship v. Rest. Teams Int'l, Inc.* does not establish a general rule that "personal phone calls" are protected. No. 99 CIV. 0564 RJW JCF, 1999 WL 993678 (S.D.N.Y. Nov. 2, 1999). First, *Sovereign Partners* "appeared to be applying New York privacy law," which is not applicable here given that Plaintiffs assert federal constitutional claims for relief. *Mintz v. Mark Bartelstein & Associates, Inc.*, 885 F. Supp. 2d 987, 999 (C.D. Cal. 2012). Second, in *Sovereign Partners*, "personal phone calls" were held not to be relevant because of the unique nature of the underlying dispute. *Sovereign Partners* involved a third-party subpoena of all of a law firm's telephone records over more than a one-year period. *Id.* at *1. The case arose out of alleged defamatory statements made by the defendants concerning the plaintiffs' short selling of certain stocks, which statements were then allegedly disseminated by the third-party by telephone. *Id.* at *1-4. The telephone records were held to be relevant to give plaintiffs "the opportunity to 'track' the alleged defamation." *Id.* at *3. Given this interpretation of relevancy, "personal phone calls" unrelated to the plaintiffs' business endeavors were "not pertinent." *Id.* at *4. In contrast, Santiago's sexual abuse of Plaintiffs – and his communication with other parties about it – are not entitled to protection as part of his "personal" life.

For these reasons, Plaintiffs request that the Court enter an order requiring defendant Santiago to immediately produce the telephone records requested by Plaintiffs in their entirety.

### DEFENDANT'S POSITION

Santiago does not dispute that at least part of the cell phones records are discoverable. Indeed, some of the phone numbers in the records may support or contradict Plaintiffs' claims. That is why Santiago does not object to some disclosure which strikes a balance between Plaintiffs' legitimate need for these records, and the privacy of other, non-party individuals. Conspicuous by its absence is any argument by Plaintiffs why they need to know every single phone number on that list, no matter its relevance or possibility of leading to discoverable evidence.

Rule 26 of the Federal Rules of Civil Procedure provides for the discovery of relevant, non-privileged information which "appears reasonably calculated to lead to the discovery of admissible evidence." Fed. R. Civ. P. 26(b). Relevance "has been construed broadly to encompass any matter that bears on, or that reasonably could lead to other matter that could bear on any issue that is or may be in the case.'" Oppenheimer Fund, Inc. v. Sanders, 437 U.S. 340, 351 (1978); Maresco v. Evans Chemetics, Div. of W.R. Grace & Co., 964 F.2d 106, 114 (2d Cir. 1992) (noting that the scope of discovery under Rule 26(b) is "very broad"); Greene v. City of New York, No. 08 Civ. 243, 2012 U.S. Dist. LEXIS 168458, 2012 WL 5932676, at *3 (E.D.N.Y. Nov. 27, 2012) (citing Crosby v. City of New York, 269 F.R.D. 267, 282 (S.D.N.Y. 2010) (explaining that Rule 26 must be construed broadly to include any matter that has, or could reasonably have, bearing on any issue that is, or may be, in the case)). Notwithstanding these principles, "[t]he party seeking discovery must make a prima facie showing that the discovery sought is more than merely a fishing expedition." Barbara v. MarineMax, Inc., No. 12 Civ. 368, 2013 U.S. Dist. LEXIS 67018, 2013 WL 1952308, at *2 (E.D.N.Y. May 10, 2013) (citing Wells Fargo Bank, N.A. v. Konover, No. 05 Civ. 1924, 2009 U.S. Dist. LEXIS 19112, 2009 WL 585430, at *5 (D. Conn. Mar. 4, 2009); Evans v. Calise, No. 92 Civ. 8430, 1994 U.S. Dist. LEXIS 6187, 1994 WL 185696, at *1 (S.D.N.Y. May 12, 1994)).

Concerning phone records, the balance Santiago seeks has been recognized by other Courts. In Estate of Creach v. Spokane County, 2012 U.S. Dist. LEXIS 102878 (E.D. Wash. July 24, 2012), the Court recognized this balance when it required disclosure of "[a]ll documents bearing the addresses and phone numbers of Sheriff Deputies or other law enforcement personnel and those individual's friends and families shall be redacted prior to providing a copy of the same to Plaintiff's counsel." The Court in Thompson v. Reg'l West Med. Ctr., 2007 U.S. Dist. LEXIS 98367, 13-14 (D. Neb. Oct. 31, 2007), recognized that some numbers on the records may be discovered, while others not. The Court ordered the production of "telephone records from April 1, 2005, through January 31, 2006, redacting all phone records not made in attempts to confirm information regarding" the plaintiff.

Sovereign Partners Ltd. Pshp. v. Restaurant Teams Int'l, Inc., 1999 U.S. Dist. LEXIS 17014, 10-11 (S.D.N.Y. Nov. 1, 1999), recognized the basic tenent that not all that is in phone records should be discovered. The Court held, "[t]he fact that the telephone records contain relevant information and are not privileged does not mean, however, that they are subject

Honorable Alvin K. Hellerstein, p. 6

to unlimited discovery. The records undoubtedly include substantial data not pertinent to any aspect of this litigation, including information about personal phone calls made by Ms. Speno and Mr. Cohen. This raises significant privacy concerns." Accordingly, the Court in <u>Sovereign Partners Ltd. Pshp</u> granted a subpoena of AT&T for in-camera inspection, and further required the production of "redacted telephone records covering the same period. These records shall be redacted to remove only the seven-digit telephone numbers that correspond to personal calls made on the subject lines. Neither the area code nor the geographic designation for any call shall be redacted."

       Here, Plaintiffs' demand for Santiago's phone records with all phone numbers no matter their relevancy or possibility that they are supportive of their claims, is improper, unbalanced, and overbroad; especially in light of the plaintiffs' own admission that they are **not** in possession of numbers of the alleged female detainees of whom they accuse Santiago of sexually abusing. As such, this is clearly a fishing expedition and simply another way to not only impede upon Santiago's privacy but the privacy of his family members, friends and any non-party correction officers he may have called or texted during the time frame in question. The fact he made such telephone calls does not, in and of itself, lend an inference that these conversations will lead to any discoverable evidence or witnesses with knowledge of his alleged involvement in the alleged sexual abuse of the plaintiffs; abuse that is vehemently denied by him.  Likewise, the argument that the "[a]ny specific telephone numbers that Plaintiffs are 'looking for' is plainly attorney work product ignores the reality that the Defendants may ask in Plaintiffs' depositions, or in other methods of discovery who they believe Santiago called, when, and then demand production of their telephone number and such would be discoverable.  The mere fact that Plaintiffs' attorneys know which numbers these are does not, in and of itself, make it attorney work product.

       For these reasons, Santiago request that the Court enter an order directing the plaintiffs to identify the numbers they are seeking as well as allowing Santiago to redact those numbers which have no bearing or relate to this matter in any way.

Respectfully submitted,

*/s/ James L. Bromley*

James L. Bromley

cc: All Counsel of Record (By Electronic Filing on ECF)