UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| JANE DOE 1 and JANE DOE 2, on behalf of themselves and all similarly situated women,<br><br>     Plaintiffs,<br><br> -against-<br><br>THE CITY OF NEW YORK and BENNY SANTIAGO,<br><br>     Defendants. | 15 Civ. 3849 (AKH) |

**PLAINTIFFS' MEMORANDUM OF LAW IN SUPPORT OF THEIR MOTION TO COMPEL THE CITY TO PRODUCE DOCUMENTS AND RESPOND TO INTERROGATORIES**

    Plaintiffs Jane Doe 1 and Jane Doe 2 ("Plaintiffs") respectfully submit this memorandum of law in support of their motion to compel defendant the City of New York (the "City") to: (a) search for and produce (i) remaining documents responsive to Plaintiffs' Second Set of Requests for Production of Documents to Defendant the City of New York Relating to Merits Discovery, dated March 21, 2016 ("Second Merits Requests"); and (ii) documents responsive to Plaintiffs' Fourth Set of Request for Production of Documents to the City of New York Relating to Merits Discovery, dated April 29, 2016 ("Fourth Merits Requests"); and (b) substantively respond to Interrogatory No. 16 of Plaintiffs' Fourth Set of Interrogatories to Defendant the City of New York ("Fourth Interrogatories").

## BACKGROUND

    The City has repeatedly failed to comply with its discovery obligations throughout this litigation, causing substantial prejudice to Plaintiffs, who face less than one month to complete non-expert discovery under the Civil Case Management Plan, July 30, 2015,

ECF No. 25, and who have noticed nine depositions during the month of June, including the depositions of Santiago and other City employees.

The City served untimely responses to the Second Merits Requests (only after Plaintiffs asked about their status) stating that it would produce all responsive documents on or before June 1—a date that has now come and gone. Similarly, on June 3, 2016, the City served untimely Responses and Objections to the Fourth Merits Requests and untimely Responses and Objections to the Fourth Interrogatories—again, only after Plaintiffs inquired about the overdue responses—which consist of entirely boilerplate objections and refusals to provide any responsive documents or substantive answers.[1]

To avoid further prejudice, Plaintiffs request that the Court enter an order requiring the City to search for and immediately produce (i) documents responsive to the Second Merits Requests, (ii) an adequate response to Interrogatory No. 16 (to which the City has currently responded that "there is a more practical method of obtaining the information sought" without identifying this method), and (iii) documents responsive to the Fourth Merits Requests (to which the City has untimely raised boilerplate objections, and asserted it needs yet another thirty days to determine whether responsive audio records even exist and the burden of obtaining them).

## ARGUMENT

### PLAINTIFFS ARE ENTITLED TO AN ORDER COMPELLING THE CITY TO COMPLY WITH ITS DISCOVERY OBLIGATIONS

<u>Applicable Standard</u>. Under the Federal Rules of Civil Procedure, parties are

---

[1] Although not at issue in this motion, to give the Court full context: the City also failed to timely respond to Plaintiffs' Second Set of Interrogatories, served on March 21, 2016, as well as Plaintiffs' Third Set of Requests for Production of Documents and Third Set of Interrogatories, both served on April 8, 2016. The City only responded to these discovery requests when, after the deadline to respond passed without explanation, Plaintiffs inquired. Decl. of Josh E. Anderson in Supp. of Pls.' Mot. to Compel ¶¶ 4 n.2, 11 n.5, June 7, 2016.

permitted to obtain discovery, so long as the items requested are "relevant to any party's claim or defense and proportional to the needs of the case" and are non-privileged. Fed. R. Civ. P. 26(b)(1). Information "need not be admissible in evidence to be discoverable." *Id.* Despite a recent amendment to Rule 26(b)(1), "[r]elevance is still to be 'construed broadly to encompass any matter that bears on, or that reasonably could lead to other matter that could bear on' any party's claim or defense." *State Farm Mut. Auto. Ins. Co. v. Fayda*, No. 14 Civ. 9792 (WHP) (JCF), 2015 WL 7871037, at *2 (S.D.N.Y. Dec. 3, 2015) (quoting *Oppenheimer Fund, Inc. v. Sanders*, 437 U.S. 340, 351 (1978)); *see also* Gary *Plastic Packaging Corp. v. Merrill Lynch, Pierce, Fenner & Smith, Inc.*, 756 F.2d 230, 236 (2d Cir. 1985) (rules governing discovery should be interpreted broadly to achieve the purposes of "avoiding surprise, fully disclosing the nature and scope of the controversy, narrowing, simplifying, and framing the issues involved, and enabling parties to obtain the factual information needed to prepare for trial").

Plaintiffs bear "a relatively low" burden in establishing relevance on a motion to compel and are required "to demonstrate only 'any possibility of relevance.'" *Cohen v. Cohen*, No. 09 Civ. 10230(LAP), 2015 WL 4469704, at *3 (S.D.N.Y. June 29, 2015) (citation omitted). Once this minimal burden has been satisfied, "the party resisting discovery has the burden of showing undue burden or expense." *State Farm Mut. Auto. Ins. Co.*, 2015 WL 7871037, at *2 (citation omitted). This Court has the authority to compel discovery from Santiago for failing to produce documents requested under Rule 34. Fed. R. Civ. P. 37(a). Failure to comply with a request under Rules 33 or 34 warrants the imposition of an order compelling compliance. Fed. R. Civ. P. 37; *Aetna Life Ins. Co. v. Licht*, No. 03 Civ. 6764(PKL), 2005 WL 180873, at *1 (S.D.N.Y. Jan. 27, 2005) ("Under Rule 37, a party may move for an order to compel discovery when it has received no response to its interrogatory and document requests, provided movant

'has in good faith conferred or attempted to confer' with the opposing party.") (citing Fed. R. Civ. P. 37(a)).

Second Merits Requests. Plaintiffs served the Second Merits Requests over two months ago, on March 21, 2016. Decl. of Josh E. Anderson in Supp. of Pls.' Mot. to Compel ¶ 3, June 7, 2016 ("Anderson Decl."). After the City failed to timely serve their responses to the Second Merits Requests, Plaintiffs emailed the City to request an explanation on April 26, and again on April 27, 2016. Anderson Decl. ¶ 4. On April 27, 2016, the City responded that it would provide responses by the end of the week. The City did not ask Plaintiffs' permission for this extension (either before or after it missed the deadline) and Plaintiffs did not consent to the City's unilateral extension of its deadline. Anderson Decl. ¶ 4. Nonetheless, Plaintiffs did not receive the City's response to their Second Merits Requests until the following week. Anderson Decl. ¶ 5.

The City's Responses and Objections to the Second Merits Requests stated that (subject to certain objections), the City would search for and produce documents within thirty days of the response, i.e., on or before June 1, 2016. *See* Anderson Decl. Ex. 2. The first time Plaintiffs received any indication the City would not meet this deadline was on June 1, 2016, when Plaintiffs raised the issue at a meet and confer with the City. Anderson Decl. ¶ 7. Even after having the Second Merits Requests for eleven weeks, the City stated that it was still gathering responsive documents.[2]

---

[2] The City has produced a single responsive document for Request No. 29 (concerning any investigation into an allegation made by an inmate to a DOC captain in July 2012 that Santiago was sexually abusing two RMSC inmates) provided to it by a deponent, and has since confirmed that there are no other responsive documents because—incredibly—City investigators took no steps to investigate the allegation even after it was reported by the DOC captain. Anderson Decl. ¶¶ 6-7. Request No. 29 is therefore not in issue in this Motion. The City also produced a single audio recording responsive to Request No. 30 (concerning an infraction against Jane Doe 2 for possessing contraband that was supplied to her by Santiago) but has not produced any other documents responsive to this request. *Id.*

The City has therefore defaulted on its discovery obligations and necessitated this motion to compel compliance with respect to (i) Request No. 26, which seeks all documents concerning the employment of Plaintiffs at Rose M. Singer Center ("RMSC"), (ii) Request No. 27, which seeks all Special Observation Logbooks[3] maintained by the City for Buildings 9 and 11 of RMSC (the two housing areas in which Jane Doe 2 was abused by Santiago) during the time period of Jane Doe 2's abuse, (iii) Request No. 28, which seeks all documents concerning two investigations conducted by the Department of Investigation ("DOI") in 2007 into Santiago, and (iv) Request No. 30, which seeks all documents concerning an infraction Jane Doe 2 received for possessing the contraband provided to her by Santiago. *See* Second Merits Requests at 6-7 (Anderson Decl. Ex. 1) (providing full text of the Second Merits Requests). The deadline the City set for production of these documents has now since passed without additional production. Anderson Decl. ¶ 8.

The City should be compelled to produce these outstanding documents. The City has now had over eleven weeks to obtain responsive documents, and the outstanding documents are plainly relevant to establishing individual liability against Santiago and *Monell* liability against the City. Moreover, the Parties are now in the final month of fact discovery under the Civil Case Management Plan, ECF No. 25, and the documents are potentially relevant to the depositions of the seven City witnesses that Plaintiffs have noticed for June 2016, as well as the upcoming deposition of defendant Santiago.

In particular, Request No. 26—concerning Plaintiffs' employment records at RMSC—and Request No. 27—for special observation logbooks for RMSC Buildings 9 and 11—

---

[3] Plaintiffs understanding is that Special Observation Logbooks record, among other things, unusual incidents observed by correction staff, and are required to be maintained and reviewed by correction officers. Anderson Decl. ¶ 7.

may be relevant for the depositions of correction officers Carlos Rodriguez and Dominique Harris, scheduled for June 9 and 13, respectively. Rodriguez and Harris oversaw Jane Doe 2's employment as a Suicide Prevention Aid ("SPA") in Building 9. Compl. ¶ 57, May 19, 2015, ECF No. 1. It was during the time that Jane Doe 2 was performing her SPA duties that Santiago was able to isolate and sexually abuse her in the pantry area connecting Buildings 9 and 11. Complaint ¶¶ 49-69. Plaintiffs have also alleged that Rodriguez and Harris had knowledge of Santiago's abuse. Complaint ¶ 58. The documents responsive to Request Nos. 26 and 27, which would support Plaintiffs' claims, are therefore highly relevant.[4]

Likewise, Request No. 28 is relevant. The City has produced a document stating that in 2007, DOI investigated defendant Santiago for allegedly providing contraband to a female inmate. During its investigation, DOI received a voicemail from the complainant's husband that a correction officer (who was not named on the voicemail) was sexually abusing an inmate. Anderson Decl. ¶ 7 n.4. The City has not yet produced any of the underlying investigative files—so Plaintiffs do not know whether DOI investigated the identity of the perpetrator identified by the complainant's husband. The fact that this allegation of sexual abuse was reported in the context of an investigation into Santiago for providing contraband to inmates (just as he did to Plaintiffs while sexually abusing them) makes these documents highly relevant. Certainly, they are potentially relevant to the City's knowledge of prior misconduct by Santiago, and will be necessary effectively to question the City at its 30(b)(6) deposition to be taken on June 17, 2016. Moreover, Request No. 30—concerning the infraction Jane Doe 2 received after she was caught in possession of contraband provided to her by Santiago, Compl. ¶¶ 70-71—is

---

[4] The Complaint also alleges that Jane Doe 1 was abused while working a janitorial shift at RMSC in Dormitory 8 of RMSC. Compl. ¶¶ 22-24. To the extent Request No. 26 concerns Jane Doe 1's employment, responsive documents would tend to support her claims as well, and are relevant to the deposition of Santiago, scheduled for June 23, 2016.

relevant to Jane Doe 2's First Amendment claim for the retaliation that was initially triggered as a response to this infraction.

Importantly, the City has not challenged the discoverability of the requested materials. Nor has the City provided any basis for withholding them. Indeed, in the City's Responses and Objections to the Second Merits Requests, the City responded that <u>it would produce any responsive documents</u> within 30 days, Anderson Decl. Ex. 2, and there is no question that the City must do so. *See Umbach v. Carrington Inv. Partners (US), LP*, No. 3:08 CV 484(EBB), 2009 WL 3287537, at *5 (D. Conn. Oct. 9, 2009) (compelling party to produce responsive documents it indicated it "will produce"); *Cornell Research Found., Inc. v. Hewlett Packard Co.*, 223 F.R.D. 55, 69 (N.D.N.Y. 2003) (same).

<u>Fourth Merits Requests and Interrogatory No. 16</u>. Plaintiffs served the Fourth Merits Requests and Interrogatory No. 16 on April 29, 2016. Anderson Decl. ¶¶ 9-10. After the City's deadline to respond passed without explanation, Plaintiffs asked the City about the status of its responses. Anderson Decl. ¶ 11. On June 3, 2016, the City served untimely Responses and Objections to the Fourth Merits Requests and untimely Responses and Objections to Interrogatory No. 16. *Id.*

At issue are Request No. 32 and Interrogatory No. 16, which seek documents and information concerning any investigation conducted in connection with allegations that a former RMSC detainee was sexually abused by two correction officers—one of whom impregnated her while she was housed at RMSC—in or about 2009 and 2010, as alleged in a complaint she filed in New York Supreme Court, and Request No. 33, which seeks audio recordings that were creating during visits by Jane Doe 2 to the City's mental healthcare providers. See Anderson

Decl., Ex. 3 (providing full text of Request Nos. 32 and 33); *id.*, Ex. 4 (providing full text of Interrogatory No. 16).

The Court should also enter an order compelling the City to produce documents in response to Plaintiffs' Fourth Merits Requests and adequately respond to Interrogatory No. 16. The City's responses purport to raise objections that it waived by its untimely response. *See, e.g.*, *Eldaghar v. City of New York Dep't of Citywide Admin. Servs.*, No. 02Civ.9151(KMW)(HBP), 2003 WL 22455224, at *1 (S.D.N.Y. Oct. 28, 2003) ("The law is well settled that a failure to assert objections to a discovery request in a timely manner operates as a waiver."). This is hardly the first time the City has let a deadline pass without compliance or a word of explanation. Indeed, the City has untimely served responses to Plaintiffs' Second Merits Requests, Plaintiffs' Second Set of Interrogatories, Plaintiffs' Third Set of Requests For Production, Plaintiffs' Third Set of Interrogatories, and now the Fourth Interrogatories and Fourth Merits Requests—and in each case, only after Plaintiffs inquired into their status. Anderson Decl. ¶¶ 4-5 & n.2, 11 & n.5.

Even assuming that the City had not waived its objection with its unexcused delay, the objections are totally boilerplate and patently without merit. With respect to Request No. 32 and Interrogatory No. 16, although the City asserts these discovery requests are "vague, ambiguous and overbroad," not "reasonably limited in time or scope," and "not proportional to the needs of the case," Plaintiffs have identified the name of the victim, the names of the perpetrators, the alleged misconduct and timeframe for the misconduct, and a verified complaint (by docket number) that was filed by the victim against the City. This is more than sufficient information for the City to respond to Plaintiffs' request. The City also objects on the basis that these discovery requests are not relevant to this case. But what could possibly be more directly on point than a woman being impregnated by a correction officer when she was housed at RMSC?

That act constitutes rape as a matter of law. Whether the timeframe of this abuse would be outside the statute of limitations to bring a new claim (if that is the City's argument) is completely beside the point, because the City's knowledge in 2009-2010 is potential evidence of its deliberate indifference to the risk of sexual abuse during the 2011-2013 time period—when Plaintiffs were raped by Santiago.

Finally, the City objects to Interrogatory No. 16 on the ground that "there is a more practical method of obtaining the information sought" (without identifying the more practical method). Anderson Decl. Ex. 6. Interrogatory No. 16 merely ask the names of individuals involved in the investigation the City itself conducted. Plaintiffs should not have to incur the expense and burden of deposing random City employees hoping to uncover information presumably already within the City's knowledge (particularly in light of the City simultaneous refusal to produce documents to aid in the endeavor). *See, e.g., Smith v. City of New York*, No. 04-cv-2663 (ILG)(RER), 2006 WL 2516479, at *1 (S.D.N.Y. Aug. 29, 2006) (overruling objection that a "more practical method of obtaining the information sought" was available where burden on objecting party of asking client was minimal).

With respect to Request No. 33, which seeks audio records from a handful of Jane Doe 2's mental health visits over a two week period, the City has responded that it needs an additional 30 days to determine whether any audio records *can be located* without undue burden, and only then will they be produced. Anderson Decl. Ex. 5. Respectfully, the reason the Federal Rules grant a party thirty days to respond to a document request is so that basic diligence like this can be performed. These records may be relevant to upcoming depositions, to the extent Jane Doe 2 made contemporaneous factual statements about her abuse.

\* \* \*

Plaintiffs request that the Court enter an order compelling the City to respond to the outstanding requests. To the extent the delay in production prejudices Plaintiffs' ability to take fact depositions, Plaintiffs should be entitled to take, or complete, those depositions after the July 1 deadline so that they can make use of the responsive documents the City has, to date, failed to produce. *See Briese Lichttechnik Vertriebs GmbH v. Langton*, No. 09 Civ. 9790 LTS MHD, 2012 WL 3084520, at *5 (S.D.N.Y. July 26, 2012), *report and recommendation adopted*, No. 09 Civ. 9790 LTS MHD, 2012 WL 5258963 (S.D.N.Y. Oct. 23, 2012) (ordering that plaintiffs may reopen depositions after receiving a supplemental production of documents that the defendants failed to produce earlier in discovery); *Sentry Ins. A Mut. Co. v. Brand Mgmt. Inc.*, No. 10-CV-347 (ENV), 2012 WL 6617357, at *7 (E.D.N.Y. Dec. 19, 2012) (reopening deposition to allow examination concerning documents that the defendant was ordered to produce but failed to timely do so); *Stephen v. Hanley*, No. 03-CV-6226(KAM)(LB), 2009 WL 1437613, at *5 (E.D.N.Y. May 20, 2009) (same, and ordering the defendant to pay the costs of the court reporter, expedited transcript, and related expenses).

## CONCLUSION

For the foregoing reasons, Plaintiffs respectfully request that the Court grant their motion to compel the City to search for and immediately produce: (i) documents responsive to Second Merits Requests, (ii) answers to Interrogatory No. 16, and (iii) documents responsive to Fourth Merits Requests.

Dated: New York, New York
       June 7, 2016

                                    Respectfully submitted,

                                    CLEARY GOTTLIEB STEEN & HAMILTON LLP

                        By: *James L. Bromley /JMK*
                                    James L. Bromley
                                    *jbromley@cgsh.com*

                                    One Liberty Plaza
                                    New York, New York 10006
                                    Tel: (212) 225-2000
                                    Fax: (212) 225-3999

Of Counsel:
Mitchell A. Lowenthal
*mlowenthal@cgsh.com*
Josh E. Anderson
*jeanderson@cgsh.com*
Danielle P. Mindlin
*dmindlin@cgsh.com*

                                    William D. Gibney
                                    *wdgibney@legal-aid.org*
                                    Marlen S. Bodden
                                    *mbodden@legal-aid.org*
                                    Barbara P. Hamilton
                                    *bphamilton@legal-aid.org*
                                    THE LEGAL AID SOCIETY
                                    199 Water Street, 6th Floor
                                    New York, New York 10038
                                    Tel: (212) 577-3300

                                    *Attorneys for Plaintiffs*