# EXHIBIT A

| From: | Kay, Joseph |
|---|---|
| Sent: | Wednesday, July 13, 2016 7:58 PM |
| To: | Larkin, Arthur (Law) |
| Cc: | 'Julie Ortiz (JOrtiz@koehler-isaacs.com)'; 'Liam Castro'; Anderson, Josh; Bromley, James L.; 'Gibney, William (WDGibney@legal-aid.org)'; 'Hamilton, Barbara (BPHamilton@legal-aid.org)'; 'Bodden, Marlen (MBodden@legal-aid.org)'; Lowenthal, Mitchell A.; 'Nguyen, Steve'; DiSenso, Anthony (Law); Joyce, Kimberly (Law); Alpert, Laurent |
| Subject: | Jane Doe 1 v City of New York - July 13 Meet and Confer |
| Attachments: | DEF_0016126.pdf |

Arthur,

I write to briefly memorialize our discussion during today's meet and confer.  Please let me know if any of the below is inconsistent with your understanding.

- You said that the City would send Plaintiffs a letter summarizing the status of each of the following items:  (1) the injury to inmate Report, (2) duty logs for RMSC pre-dating January 1, 2011, which we also referred to as "duty rosters" during the call, (3) documents related to Case Nos. 14-3623 and 14-3636, (4) drafts of the DOC ID closing memorandum for the case file pertaining to Jane Doe 2, (5) special observation logbooks for February 2013 through May 15, 2013, (6) Jane Doe 1's inmate file, and (7) any memoranda of complaint filed against defendant Santiago in connection with Jane Doe 2's allegations.  It is our understanding based on our discussion today that no responsive documents presently exist for any of the foregoing and that your letter will state as much.  As agreed, your letter will also explain the circumstances surrounding the loss or destruction of any documents that would otherwise be responsive and were lost or destroyed.  When can we expect this letter?

  - Specifically pertaining to the existence of draft DOC ID closing memoranda, as you requested, attached is the investigative case log bearing Bates number DEF_0016126, which you produced on June 2, 2016.  As indicated by, *inter alia*, Alexandra Wityak's testimony, the attached case log, and the closing memorandum itself—which contains events post-dating the initial submission—the closing memoranda was substantively revised prior to its final submission.

- You confirmed that no PREA audit of RMSC has taken place.

- We scheduled another meet and confer for next Thursday, July 21.  During that meet and confer, we agreed to discuss your inquiries into: (1) any recordings of Jane Doe 2's calls collected by DOI,  (2) documents related to Santiago's discipline for providing a false statement, including documents concerning the memorandum of complaint filed against defendant Santiago and the investigation into the related UOF allegation against another CO, (3) in response to RFA No. 5, the author of the notes bearing Bates numbers DEF_0001423 through DEF_0001469, and (4) in response to RFA Nos. 40, 41, and 42, whether the Comptroller transmitted Jane Doe 1's notice of claim to DOI and DOC ID.

  - Although we did not assign these items a label, you also agreed to inquire into:  (5) Jane Doe 2's inmate file, (6) the identification number TLC 13-04999 as used in the document bearing Bates number NYC_00006601, and (7) to consider your response to RFA No. 26, whether Santiago was "disciplined" in connection with Jane Doe 2's allegations.

- For RFA Nos. 2 and 3, we agreed that after you receive the pants (and any accompanying evidence bag) from Plaintiffs' expert, you will consider whether you need to amend your denial.

- We did not reach agreement over how to proceed on Plaintiffs' request for daily (housing area) log books for RMSC Buildings 9 and 11 during February through May 15, 2013.  Nor did we reach agreement on Plaintiffs' request for the standard operating procedures concerning semen serology and visual examination that were in effect in the OCME's office in 2013.  After discussing this further internally, as we foreshadowed on the call, we will plan to raise these issues with the Court via joint letter.

- Plaintiffs look forward to the City's production of Jane Doe 1's commissary account records from her most recent incarceration at RMSC either today or tomorrow, as you indicated during today's meet and confer.

Kind regards,

——

**Joseph Kay**
Cleary Gottlieb Steen & Hamilton LLP
Assistant: mlichtenthal@cgsh.com
One Liberty Plaza, New York NY 10006
T: +1 212 225 2745 | F: +1 212 225 3999
jkay@cgsh.com  | clearygottlieb.com

# EXHIBIT B

| | |
|---|---|
| **From:** | Larkin, Arthur (Law) <alarkin@law.nyc.gov> |
| **Sent:** | Thursday, December 01, 2016 1:18 PM |
| **To:** | Joyce, Kimberly (Law); Lowenthal, Mitchell A. |
| **Subject:** | RE: open discovery issues |

As to your Oct. 4, letter, we have already responded.  We advised your side that the declaration was sufficient to comply with the court's order.  We do not intend to revisit the matter, except for the one issue regarding the offsite storage area.  I'll get back to you on that.

I will take a look at the attachment you sent over, with regard to the RFA responses that we served five months ago.

Arthur G. Larkin
Senior Counsel
New York City Law Dept.
100 Church St., Room 3-177
New York, NY 10007
212.356.2641 (tel.)
212.356.3509 (fax)

**From:** Lowenthal, Mitchell A. [mailto:mlowenthal@cgsh.com]
**Sent:** Thursday, December 01, 2016 12:10 PM
**To:** Larkin, Arthur (Law); Joyce, Kimberly (Law)
**Cc:** Lowenthal, Mitchell A.
**Subject:** RE: open discovery issues

In a meet and confer held on July 13 (see attached email), the City agreed to re-consider its denial after the pants were returned to you.  This was based on our discussions about the City's denial of RFA Nos. 2 and 3, since both concerned whether the City had documents "documenting the chain of custody of the Pants from May 10, 2013 through May 14, 2013," and whether the City had documents "memorializing any discussions between Jane Doe 2 on the one hand, and Ferdinand Torres or Belarmina Ortiz on the other hand."  As we explained then, we had received no such documents from the City.  Again, if there are, please either produce them or let us know what the bate stamps are so we can locate them.  But it was in this context that the City agreed to re-consider its answers once it received back the pants,  which it now has.

I am not sure what you mean by the "narrow issue" left open by the Ellis declaration.  A number of points were raised by Plaintiffs in the October 4 letter.  I

would appreciate your confirming that you will address them all, and if not, which ones you will and which you will not.

_____

**Mitchell A. Lowenthal | Senior Counsel**
Cleary Gottlieb Steen & Hamilton LLP
Assistant: rshaleesh@cgsh.com
One Liberty Plaza, New York NY 10006
T: +1 212 225 2760 | F: + 1 212 693 9759
mlowenthal@cgsh.com | clearygottlieb.com

**From:** Larkin, Arthur (Law) [mailto:alarkin@law.nyc.gov]
**Sent:** Thursday, December 01, 2016 11:35 AM
**To:** Lowenthal, Mitchell A.; Joyce, Kimberly (Law)
**Subject:** RE: open discovery issues

As to the RFA's, our response served on 7/1 denies RFA's ## 2 and 3.  I'm not sure what further information you are looking for, at this point.

We'll get back to you on the one narrow issue left open after the Ellis declaration was provided.

Arthur G. Larkin
Senior Counsel
New York City Law Dept.
100 Church St., Room 3-177
New York, NY 10007
212.356.2641 (tel.)
212.356.3509 (fax)

**From:** Lowenthal, Mitchell A. [mailto:mlowenthal@cgsh.com]
**Sent:** Thursday, December 01, 2016 11:28 AM
**To:** Joyce, Kimberly (Law); Larkin, Arthur (Law)
**Cc:** Lowenthal, Mitchell A.
**Subject:** open discovery issues

The City previously explained that It would need to receive Jane Doe 2's pants back from our expert before it could answer RFAs Nos. 2 and 3.  The pants were returned some weeks ago.  At this point, therefore, we see no reason why those RFAs should not be answered fully.  Please advise if you have a different view, and, if not, when the answers will be provided.

On October 5, we sent the City a letter outlining issues with the Ellis declaration the City submitted in response to Judge Hellerstein's  Order (ECF No.  211).  A copy of that letter is attached.  Anthony DiSenso provided an email response on October 7 (also attached) in which he said that the City is "in the process of

confirming that the logbook was not sent to the offsite storage facility." We have not, however, received a further response. Further, we raised additional issues about the declaration's compliance with the order. Among other things, for example, the declaration does not indicate when the search was made (and accordingly leaves open that no search was made other than as part of the initial document gathering process), or even whether the off-site storage facility has ever been searched for the missing materials. In that regard, I note that more than one logbook is missing ("I could not locate the relevant log book**s** for Building 11."). Please advise when we will receive an update on this.

Thank you.

**Mitchell A. Lowenthal | Senior Counsel**
Cleary Gottlieb Steen & Hamilton LLP
Assistant: rshaleesh@cgsh.com
One Liberty Plaza, New York NY 10006
T: +1 212 225 2760 | F: + 1 212 693 9759
mlowenthal@cgsh.com | clearygottlieb.com

This message is being sent from a law firm and may contain confidential or privileged information. If you are not the
intended recipient, please advise the sender immediately by reply e-mail and delete this message and any
attachments without retaining a copy.

Throughout this communication, "Cleary Gottlieb" and the "firm" refer to Cleary Gottlieb Steen & Hamilton LLP and
its affiliated entities in certain jurisdictions, and the term "offices" includes offices of those affiliated entities.
This message is being sent from a law firm and may contain confidential or privileged information. If you are not the
intended recipient, please advise the sender immediately by reply e-mail and delete this message and any
attachments without retaining a copy.

Throughout this communication, "Cleary Gottlieb" and the "firm" refer to Cleary Gottlieb Steen & Hamilton LLP and
its affiliated entities in certain jurisdictions, and the term "offices" includes offices of those affiliated entities.

# EXHIBIT C

# CLEARY GOTTLIEB STEEN & HAMILTON LLP

WASHINGTON, D.C.

PARIS

BRUSSELS

LONDON

FRANKFURT

COLOGNE

MOSCOW

One Liberty Plaza
New York, NY 10006-1470
T: +1 212 225 2000
F: +1 212 225 3999

clearygottlieb.com

D: +1 212 225 2760
mlowenthal@cgsh.com

ROME

MILAN

HONG KONG

BEIJING

BUENOS AIRES

SÃO PAULO

ABU DHABI

SEOUL

October 5, 2016

<u>VIA EMAIL</u>

Arthur Larkin, Esq.
Anthony DiSenso, Esq.
New York City Law Dept.
100 Church St., Room 3-177
New York, NY 10007

Re: *Jane Doe 1., et al. v. The City of New York, et al.,* 15 Civ. 3849 (AKH)

Counsel:

I write on behalf of Plaintiffs in the above-captioned matter to clarify certain aspects of the Declaration of Chad Ellis, dated September 20, 2016 (the "Declaration") (attached hereto as Attachment A), which broadly attests that Mr. Ellis conducted a search in the "RMSC Archive" and "could not locate the relevant log books for Building 11." Declaration ¶¶ 2-3.

Over one week ago, the City was obligated pursuant to the Court's Order, ECF No. 211, to provide Plaintiffs with an "appropriate explanation" of why it has been unable to locate a key piece of evidence: the Building 11 log book spanning nearly the entirety of Jane Doe 2's abuse, which the City is no doubt aware would contain important factual material bearing on, *inter alia*, defendant Santiago's credibility. However, the Declaration lacks key attestations necessary for Plaintiffs to understand the credibility and scope of the City's search.

In specific, the Declaration fails to attest to (i) the dates and times that Mr. Ellis, or other City personnel, conducted the search for the missing Building 11 log book, and (ii) whether all relevant log book storage locations, including the "off-site storage facility" referenced in paragraph 3 of the Declaration, were searched for the missing log book.

Arthur Larkin, Esq.
Anthony DiSenso, Esq., p. 2

    In light of the importance of the missing log book and the fact that the court-ordered deadline for the City to serve an appropriate declaration has now expired, Plaintiffs demand that the City promptly supplement the Declaration to provide the above-referenced missing information about the nature of the City's search.

        Sincerely,

        Mitchell A. Lowenthal / JMK.

        Mitchell A. Lowenthal

Attachment

cc:

Barbara P. Hamilton
Marlen S. Bodden
The Legal Aid Society
199 Water Street, 6th Floor
New York, NY 10038

# ATTACHMENT A

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------ x

JANE DOE 1, et al.,

                        Plaintiffs,

         -against-

CITY OF NEW YORK, et al.,

                     Defendants.

------------------------------------------------------------------------ x

**DECLARATION**

15-CV-3849 (AKH)

      CHAD ELLIS, declares, pursuant to 28 U.S.C. § 1746, under penalty of perjury, that the following is true and correct:

      1.     I am a Correction Officer for the New York City Department of Correction ("DOC"). I have been employed by DOC for approximately eight years. I currently work in the Security Office of the Rose M. Singer Center ("RMSC").

      2.     I personally conducted a search for log books kept for the following locations from March 2013 to May 2013: (i) Building 9/11 Control; (ii) Building 9 Lower; and (iii) Building 11.

      3.     At the time that I conducted the search for the records, the log books were maintained in the RMSC Archives and have since been moved to an off-site storage facility.

      4.     I conducted a search for the log books in the RMSC Archive and was able to locate logs books for the relevant time period from Building 9/11 Control and Building 9 Lower. I could not locate the relevant log books for Building 11.

I declare under penalty of perjury that the foregoing is true and correct.  Executed in East

_Elmhurst_, New York, on September 20, 2016.


CHAD ELLIS
*Correction Officer*
New York City Department of Correction

# EXHIBIT D

| **From:** | DiSenso, Anthony (Law) <adisenso@law.nyc.gov> |
|---|---|
| **Sent:** | Friday, October 07, 2016 5:32 PM |
| **To:** | Kay, Joseph; Larkin, Arthur (Law) |
| **Cc:** | Bodden, Marlen (MBodden@legal-aid.org); Gibney, William (WDGibney@legal-aid.org); Lowenthal, Mitchell A.; Hamilton, Barbara (BPHamilton@legal-aid.org); Anderson, Josh; Joyce, Kimberly (Law); Bromley, James L. |
| **Subject:** | RE: Jane Doe 1 v. City of New York - Building 11 Log book |

Joe,

In response to your letter, we believe the declaration provides all of the information required by the Court's order.  Nevertheless, in an abundance of caution, we are in the process of confirming with DOC that the logbook was not sent to the off-site storage facility.

Regards,
Anthony

**Anthony M. DiSenso**
Senior Counsel
Special Federal Litigation Division
New York City Law Department
100 Church Street
New York, New York 10007
Tel:    (212) 356-2640
adisenso@law.nyc.gov

Confidentiality Notice: This electronic mail transmission is privileged and confidential and is intended only for the review of the party to whom it is addressed. If you have received this transmission in error, please immediately return it to the sender. Unintended transmission shall not constitute waiver of the attorney-client or any other privilege.

**From:** Kay, Joseph [mailto:jkay@cgsh.com]
**Sent:** Wednesday, October 05, 2016 2:26 PM
**To:** Larkin, Arthur (Law); DiSenso, Anthony (Law)
**Cc:** Bodden, Marlen (MBodden@legal-aid.org); Hamilton, Barbara (BPHamilton@legal-aid.org); Joyce, Kimberly (Law); Gibney, William (WDGibney@legal-aid.org); Lowenthal, Mitchell A.; Bromley, James L.; Anderson, Josh
**Subject:** Jane Doe 1 v. City of New York - Building 11 Log book

Arthur, Anthony –

Please see the attached correspondence.

Thank you,
Joe

—

**Joseph Kay**
Cleary Gottlieb Steen & Hamilton LLP
Assistant: mauguste@cgsh.com
One Liberty Plaza, New York NY 10006
T: +1 212 225 2745 | F: +1 212 225 3999
jkay@cgsh.com  | clearygottlieb.com

This message is being sent from a law firm and may contain confidential or privileged information. If you are not the
intended recipient, please advise the sender immediately by reply e-mail and delete this message and any
attachments without retaining a copy.


Throughout this communication, "Cleary Gottlieb" and the "firm" refer to Cleary Gottlieb Steen & Hamilton LLP and
its affiliated entities in certain jurisdictions, and the term "offices" includes offices of those affiliated entities.

# EXHIBIT E

| | |
|---|---|
| **From:** | Lowenthal, Mitchell A. |
| **Sent:** | Thursday, December 01, 2016 9:26 AM |
| **To:** | Larkin, Arthur (Law); 'Joyce, Kimberly (Law)' |
| **Subject:** | RE: 30b6 |

Sure:  Buildings 9, 11 and East 3B (where Jane Doe 2 was housed for part of the February – May 2013 period).

———

**Mitchell A. Lowenthal | Senior Counsel**
Cleary Gottlieb Steen & Hamilton LLP
Assistant: rshaleesh@cgsh.com
One Liberty Plaza, New York NY 10006
T: +1 212 225 2760 | F: + 1 212 693 9759
mlowenthal@cgsh.com | clearygottlieb.com

**From:** Joyce, Kimberly (Law) [mailto:kjoyce@law.nyc.gov]
**Sent:** Wednesday, November 30, 2016 9:42 PM
**To:** Lowenthal, Mitchell A.; Larkin, Arthur (Law)
**Subject:** RE: 30b6

Hi Mitch,

Can you clarify which housing areas you want the count slips for?

Thank you,

Kim

**From:** Lowenthal, Mitchell A. [mailto:mlowenthal@cgsh.com]
**Sent:** Tuesday, November 29, 2016 3:23 PM
**To:** Larkin, Arthur (Law); Joyce, Kimberly (Law)
**Cc:** Lowenthal, Mitchell A.
**Subject:** 30b6

At the 30b6 deposition on Wednesday, the witness identified "count slips" (see, e.g., pp 69-81).  We did not know these documents existed until Captain Blenman's testimony last week, and no count slips were produced to us, even though, according to Captain Blenman's testimony, they are supposed to record movements of detainees, including if a detainee moved between one building and another during the night shift, as Jane Doe 2 did.  See p 81.  These documents are thus relevant and were called for in Plaintiffs document requests (see, e.g., doc

request No. 26 (iii).  Please produce count slips covering the period February 2013 through May 2013?

Similarly, Captain Blenman also testified about a command level order on evidence handling and integrity, Bates stamped DEF_0023832 to DEF_0023834 (pp. 92-95).  That order was promulgated earlier this year, and produced to us less than two weeks ago, but Captain Blenman testified that it was based on a teletype from 2007 that has not been produced to Plaintiffs (p. 93), and which Plaintiffs were unaware of until the deposition last week.  The DOC's evidence handling procedures when the City collected evidence in Jane Doe 2's case are relevant and also covered by Plaintiffs' document requests (see, e.g., class request for production No. 7).   Please produce the 2007 teletype referenced by Captain Blenman at the deposition.

If you object to either of these production requests, please promptly advise me, as well as the reason why.  If not, as I hope, please let me know when production will be made.  Thank you.

**Mitchell A. Lowenthal | Senior Counsel**
Cleary Gottlieb Steen & Hamilton LLP
Assistant: rshaleesh@cgsh.com
One Liberty Plaza, New York NY 10006
T: +1 212 225 2760 | F: + 1 212 693 9759
mlowenthal@cgsh.com | clearygottlieb.com

This message is being sent from a law firm and may contain confidential or privileged information. If you are not the
intended recipient, please advise the sender immediately by reply e-mail and delete this message and any
attachments without retaining a copy.

Throughout this communication, "Cleary Gottlieb" and the "firm" refer to Cleary Gottlieb Steen & Hamilton LLP and
its affiliated entities in certain jurisdictions, and the term "offices" includes offices of those affiliated entities.

# EXHIBIT F

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------ x

JANE DOE 1 and JANE DOE 2, on behalf of themselves
and all similarly situated women,

                                           Plaintiff,

                 -against-

THE CITY OF NEW YORK and BENNY SANTIAGO,

                                    Defendants.

------------------------------------------------------------------------ x

**DEFENDANTS'
RESPONSES AND
OBJECTIONS TO
PLAINTIFFS'
REQUEST FOR
ADMISSIONS**

15 Civ. 3849 (AKH)

        Pursuant to Rule 36 of the Federal Rules of Civil Procedure, defendant City of

New York responds and objects to plaintiffs' Request to Admit requests as follows:

## GENERAL STATEMENT AND GENERAL OBJECTIONS

        1.   By responding to any request, defendant does not concede the materiality of

the subject to which it refers.

        2.   Defendant objects to the Requests for Admissions to the extent that they

demands documents and/or information which are protected by the attorney-client or work-

product privilege, or which constitute material prepared for litigation purposes.

        3.   Defendant objects to the extent that any Request to Admit  requires them to

state a basis for a denial insofar as it is beyond the obligations imposed upon them under Federal

Rule of Civil Procedure 36.

        4.   Defendant objects to the extent that any Request to Admit contains vague and

ambiguous wording that does not allow them to fairly admit or deny.

        5.   Defendant objects to the extent that any Request to Admit is misleading by

omission, e.g., contains half of a fact or half-truths which require them to qualify their responses.

6.   Defendant objects to the extent that any Request to Admit requires them to respond to a matter that is outside the scope of permissible discovery under Federal Rule of Civil Procedure 26(b).

7.   Defendant objects to plaintiff's service of these Requests to Admit as premature insofar as discovery has not yet concluded, and plaintiff would have defendants respond to these Requests to Admit without the benefit of full discovery.

8.   Defendant objects to these Requests to Admit to the extent that they contain vague and ambiguous wording that does not allow defendant fairly to admit or to deny, and to the extent that they are vague, ambiguous, unintelligible, compound, and/or overbroad and neither relevant to any claim or defense nor proportional to the needs of the case.

9.   Defendant objects to Definition #10 on the grounds that the City cannot admit or deny facts or matters that concern "persons … purporting to act on its behalf" if not authorized to do so.

## REQUEST FOR ADMISSIONS

**A.  Requests for Admissions Related to Documents**

**REQUEST FOR ADMISSION NO. 1:**

Admit that each document produced by the City in this matter is a true and correct copy of a document contained in the City's files and that each such document is: (a) an authentic document, as that term is used in Federal Rule of Evidence 901(a); and (b) an admissible copy to the same extent as the original documents under Federal Rule of Evidence 1003.

**OBJECTION AND RESPONSE TO REQUEST FOR ADMISSION NO. 1:**

Admits that each document produced by the City that was created by a City agency is authentic and admissible to the same extent as originals would be admissible, subject

to any other appropriate objection under the Rules of Evidence, which defendant expressly reserves until the time of trial.

## B. Requests for Admissions Related to Facts

### REQUEST FOR ADMISSION NO. 2:

You have no documents within your possession, custody or control documenting the chain of custody of the Pants from May 10,2013 through May 14, 2013.

### OBJECTION AND RESPONSE TO REQUEST FOR ADMISSION NO. 2:

Deny.

### REQUEST FOR ADMISSION NO. 3:

You have no document within Your possession, custody or control memorializing any discussions between Jane Doe 2 on the one hand, and Ferdinand Torres or Belarmina Ortiz on the other hand.

### OBJECTION AND RESPONSE TO REQUEST FOR ADMISSION NO. 3:

Deny.

### REQUEST FOR ADMISSION NO. 4:

You have no documents within your possession, custody or control that reflect contemporaneous notes taken by James Christo or Rhonda Young during their discussion with Santiago on May 10, 2013.

### OBJECTION AND RESPONSE TO REQUEST FOR ADMISSION NO. 4:

Admit.

### REQUEST FOR ADMISSION NO. 5:

Other than the handwritten notes produced by You bearing Bates numbers DEF_0001470 through DEF_0001500, You have no other document within your possession,

# EXHIBIT G

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------ x

JANE DOE 1 and JANE DOE 2, on behalf of themselves
and all similarly situated women,

Plaintiffs,

-against-

THE CITY OF NEW YORK and BENNY SANTIAGO,

Defendants.

**DEFENDANTS' RESPONSES
AND OBJECTIONS TO
PLAINTIFFS' FIFTH SET OF
REQUESTS FOR
PRODUCTION OF
DOCUMENT TO
DEFENDANT THE CITY OF
NEW YORK RELATING TO
MERITS DISCOVERY**

------------------------------------------------------------------------ x   15 Civ. 3849 (AKH)

           Pursuant to Rule 34 of the Federal Rules of Civil Procedure, defendant responds

and objects to plaintiffs' Fifth Set of Request for Productions of Documents to Defendant the

City of New York Relating to Merits Discovery as follows:

<u>**GENERAL STATEMENT AND GENERAL OBJECTIONS**</u>

        1.     By responding to any request, defendants do not concede the materiality of

the subject to which it refers.  Defendants' responses are made expressly subject to, and without

waiving or intending to waive, any questions, or objections as to the competency, relevancy,

materiality, privilege, or admissibility as evidence or for any other purpose, of any of the

documents or information produced, or of the subject matter thereof, in any proceeding including

the trial of this action or any subsequent proceeding.

        2.     Defendants object to this Interrogatory and Document Request to the

extent that it demands documents and/or information which are protected by the attorney-client

or work-product privilege, or which constitute material prepared for litigation purposes.

        3.     Inadvertent production of any document or information which is

privileged, was prepared in anticipation of litigation, or is otherwise immune from discovery,

shall not constitute a waiver of any privilege or of another ground for objecting to discovery with respect to that document or any other document, or its subject matter, or the information contained therein, or of defendants' right to object to the use of any such document or the information contained therein during any proceeding in this litigation or otherwise.

4.       Defendants object in the entirety to any request for information or production from entities not represented by the Corporation Counsel of the City of New York.

5.       Defendants further object in the entirety to the interrogatories to the extent that they seek the home address of individuals identified by the defendants in response to the Interrogatories.

6.       With respect to the request for the production of documents, defendants will provide, under separate cover, a privilege index, if appropriate.

7.       Defendants will comply with their obligation to supplement pursuant to Federal Rules of Civil Procedure 26(e).

8.       Defendants are continuing to search for information responsive to plaintiff's requests and therefore reserve the right to supplement their response to each request with additional information, if and when such information becomes available to defendants' counsel.  Defendants also reserve the right to object to the future disclosure of any such information.

2

**RESPONSES AND OBJECTIONS TO REQUESTS FOR DOCUMENTS**

**DOCUMENT REQUEST NO. 1:**

With respect to any Request for Admission for which You did not make an unqualified admission, all documents, not already produced, that support Your response.

**OBJECTION AND RESPONSE TO REQUEST NO. 1:**

Subject to the foregoing general objections, defendants refer plaintiffs to the documents stored with, and kept with, the Pants, including the brown paper bag in which investigators placed the Pants after they took them from plaintiff Jane Doe 2's cell, and to the documents produced herewith.  Defendants reserve the right to supplement this response and to produce additional relevant documents up to and including a reasonable time prior to trial.

Dated:     New York, New York
           July 1, 2016

                              ZACHARY W. CARTER
                              Corporation Counsel of the
                               City of New York
                              *Attorney for Defendants*
                              100 Church Street, Room 3-177
                              New York, New York 10007
                              (212) 356-2641


                    By:    _____
                           ARTHUR LARKIN
                           *Assistant Corporation Counsel*


TO:    CLEARY GOTTLIEB STEEN & HAMILTON LLP
       JAMES L. BROMLEY
       One Liberty Plaza
       New York, New York 10006
       Tel:    (212) 225-2000
       Fax:    (212) 225-3999

3

Of counsel:

Mitchell A. Lowenthal
mlowenthal@cgsh.com
Josh E. Anderson
jeanderson@cgsh.com
Danielle P. Mindlin
dmindlin@cgsh.com

THE LEGAL AID SOCIETY
William D. Gibney
wdgibney@legal-aid.org
Marlen S. Bodden
Barbara P. Hamilton
bphamilton@legal-aid.org
199 Water Street, 6th Floor
New York, New York 10038
Tel:  (212) 577-3300

*Attorneys for Plaintiffs*

# EXHIBIT H

**Larkin, Arthur (Law)**

| | |
|---|---|
| **From:** | Larkin, Arthur (Law) |
| **Sent:** | Wednesday, July 13, 2016 8:08 PM |
| **To:** | Kay, Joseph |
| **Cc:** | Julie Ortiz (JOrtiz@koehler-isaacs.com); Liam Castro; Anderson, Josh; Bromley, James L.; Gibney, William (WDGibney@legal-aid.org); Hamilton, Barbara (BPHamilton@legal-aid.org); Bodden, Marlen (MBodden@legal-aid.org); Lowenthal, Mitchell A.; Nguyen, Steve; DiSenso, Anthony (Law); Joyce, Kimberly (Law); Alpert, Laurent |
| **Subject:** | Re: Jane Doe 1 v City of New York - July 13 Meet and Confer |

This lengthy email is not accurate in certain respects. For example, I advised you during our 90-minute phone call about these picayune matters that I would ascertain whether the Special Observation logs were destroyed accidentally or pursuant to document retention policies. I did not advise you that I will undertake the same or a similar burden with regard to the other documents that no longer exist.

I remind you and your team that the judge yesterday cautioned that discovery is not an end in itself, but a means to an end, viz., preparing for trial. Please keep that in mind going forward.


Sent from my iPhone

> On Jul 13, 2016, at 7:58 PM, Kay, Joseph <jkay@cgsh.com> wrote:
>
> Arthur,
>
> I write to briefly memorialize our discussion during today's meet and confer. Please let me know if any of the below is inconsistent with your understanding.
>
>
> ·       You said that the City would send Plaintiffs a letter summarizing the status of each of the following items:  (1) the injury to inmate Report, (2) duty logs for RMSC pre-dating January 1, 2011, which we also referred to as "duty rosters" during the call, (3) documents related to Case Nos. 14-3623 and 14-3636, (4) drafts of the DOC ID closing memorandum for the case file pertaining to Jane Doe 2, (5) special observation logbooks for February 2013 through May 15, 2013, (6) Jane Doe 1's inmate file, and (7) any memoranda of complaint filed against defendant Santiago in connection with Jane Doe 2's allegations. It is our understanding based on our discussion today that no responsive documents presently exist for any of the foregoing and that your letter will state as much. As agreed, your letter will also explain the circumstances surrounding the loss or destruction of any documents that would otherwise be responsive and were lost or destroyed. When can we expect this letter?
>
>
> o  Specifically pertaining to the existence of draft DOC ID closing memoranda, as you requested, attached is the investigative case log bearing Bates number DEF_0016126, which you produced on June 2, 2016. As indicated by, inter alia, Alexandra Wityak's testimony, the attached case log, and the closing memorandum itself—which contains events post-dating the initial submission—the closing memoranda was substantively revised prior to its final submission.
>
>
> ·       You confirmed that no PREA audit of RMSC has taken place.
>
>

> ·      We scheduled another meet and confer for next Thursday, July 21.  During that meet and confer, we agreed to discuss your inquiries into: (1) any recordings of Jane Doe 2's calls collected by DOI,  (2) documents related to Santiago's discipline for providing a false statement, including documents concerning the memorandum of complaint filed against defendant Santiago and the investigation into the related UOF allegation against another CO, (3) in response to RFA No. 5, the author of the notes bearing Bates numbers DEF_0001423 through DEF_0001469, and (4) in response to RFA Nos. 40, 41, and 42, whether the Comptroller transmitted Jane Doe 1's notice of claim to DOI and DOC ID.
>
>
>
> o   Although we did not assign these items a label, you also agreed to inquire into:  (5) Jane Doe 2's inmate file, (6) the identification number TLC 13-04999 as used in the document bearing Bates number NYC_00006601, and (7) to consider your response to RFA No. 26, whether Santiago was "disciplined" in connection with Jane Doe 2's allegations.
>
>
> ·      For RFA Nos. 2 and 3, we agreed that after you receive the pants (and any accompanying evidence bag) from Plaintiffs' expert, you will consider whether you need to amend your denial.
>
>
>
> ·      We did not reach agreement over how to proceed on Plaintiffs' request for daily (housing area) log books for RMSC Buildings 9 and 11 during February through May 15, 2013.  Nor did we reach agreement on Plaintiffs' request for the standard operating procedures concerning semen serology and visual examination that were in effect in the OCME's office in 2013.  After discussing this further internally, as we foreshadowed on the call, we will plan to raise these issues with the Court via joint letter.
>
>
> ·      Plaintiffs look forward to the City's production of Jane Doe 1's commissary account records from her most recent incarceration at RMSC either today or tomorrow, as you indicated during today's meet and confer.
>
> Kind regards,
>
> —
> Joseph Kay
> Cleary Gottlieb Steen & Hamilton LLP
> Assistant: mlichtenthal@cgsh.com<mailto:mlichtenthal@cgsh.com>
> One Liberty Plaza, New York NY 10006
> T: +1 212 225 2745 | F: +1 212 225 3999
> jkay@cgsh.com<mailto:%22Joseph%20Kay%22%20%3cjkay@cgsh.com%3e>  |
> clearygottlieb.com<http://www.clearygottlieb.com>
>
> This message is being sent from a law firm and may contain
> confidential or privileged information. If you are not the intended
> recipient, please advise the sender immediately by reply e-mail and delete this message and any attachments without retaining a copy.
>
> Throughout this communication, "Cleary Gottlieb" and the "firm" refer
> to Cleary Gottlieb Steen & Hamilton LLP and its affiliated entities in certain jurisdictions, and the term "offices" includes offices of those affiliated entities.
> <DEF_0016126.pdf>

# EXHIBIT I



