# EXHIBIT 14
REDACTED

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------ x

JANE DOE 1 and JANE DOE 2, on behalf of themselves
and all similarly situated women,

                                                 Plaintiff,

-against-

THE CITY OF NEW YORK and BENNY SANTIAGO,

                                                 Defendants.

------------------------------------------------------------------ x

**DEFENDANTS' RESPONSES AND OBJECTIONS TO PLAINTIFFS' REQUEST FOR ADMISSIONS**

15 Civ. 3849 (AKH)

        Pursuant to Rule 36 of the Federal Rules of Civil Procedure, defendant City of New York responds and objects to plaintiffs' Request to Admit requests as follows:

### GENERAL STATEMENT AND GENERAL OBJECTIONS

        1. By responding to any request, defendant does not concede the materiality of the subject to which it refers.

        2. Defendant objects to the Requests for Admissions to the extent that they demands documents and/or information which are protected by the attorney-client or work-product privilege, or which constitute material prepared for litigation purposes.

        3. Defendant objects to the extent that any Request to Admit requires them to state a basis for a denial insofar as it is beyond the obligations imposed upon them under Federal Rule of Civil Procedure 36.

        4. Defendant objects to the extent that any Request to Admit contains vague and ambiguous wording that does not allow them to fairly admit or deny.

        5. Defendant objects to the extent that any Request to Admit is misleading by omission, e.g., contains half of a fact or half-truths which require them to qualify their responses.

6. Defendant objects to the extent that any Request to Admit requires them to respond to a matter that is outside the scope of permissible discovery under Federal Rule of Civil Procedure 26(b).

7. Defendant objects to plaintiff's service of these Requests to Admit as premature insofar as discovery has not yet concluded, and plaintiff would have defendants respond to these Requests to Admit without the benefit of full discovery.

8. Defendant objects to these Requests to Admit to the extent that they contain vague and ambiguous wording that does not allow defendant fairly to admit or to deny, and to the extent that they are vague, ambiguous, unintelligible, compound, and/or overbroad and neither relevant to any claim or defense nor proportional to the needs of the case.

9. Defendant objects to Definition #10 on the grounds that the City cannot admit or deny facts or matters that concern "persons … purporting to act on its behalf" if not authorized to do so.

## REQUEST FOR ADMISSIONS

**A. Requests for Admissions Related to Documents**

**REQUEST FOR ADMISSION NO. 1:**

Admit that each document produced by the City in this matter is a true and correct copy of a document contained in the City's files and that each such document is: (a) an authentic document, as that term is used in Federal Rule of Evidence 901(a); and (b) an admissible copy to the same extent as the original documents under Federal Rule of Evidence 1003.

**OBJECTION AND RESPONSE TO REQUEST FOR ADMISSION NO. 1:**

Admits that each document produced by the City that was created by a City agency is authentic and admissible to the same extent as originals would be admissible, subject

to any other appropriate objection under the Rules of Evidence, which defendant expressly reserves until the time of trial.

**B. Requests for Admissions Related to Facts**

**REQUEST FOR ADMISSION NO. 2:**

You have no documents within your possession, custody or control documenting the chain of custody of the Pants from May 10, 2013 through May 14, 2013.

**OBJECTION AND RESPONSE TO REQUEST FOR ADMISSION NO. 2:**

Deny.

**REQUEST FOR ADMISSION NO. 3:**

You have no document within Your possession, custody or control memorializing any discussions between Jane Doe 2 on the one hand, and Ferdinand Torres or Belarmina Ortiz on the other hand.

**OBJECTION AND RESPONSE TO REQUEST FOR ADMISSION NO. 3:**

Deny.

**REQUEST FOR ADMISSION NO. 4:**

You have no documents within your possession, custody or control that reflect contemporaneous notes taken by James Christo or Rhonda Young during their discussion with Santiago on May 10, 2013.

**OBJECTION AND RESPONSE TO REQUEST FOR ADMISSION NO. 4:**

Admit.

**REQUEST FOR ADMISSION NO. 5:**

Other than the handwritten notes produced by You bearing Bates numbers DEF_0001470 through DEF_0001500, You have no other document within your possession,

custody or control that reflect contemporaneous notes taken by James Christo or Rhonda Young during any discussion with Jane Doe 2.

**OBJECTION AND RESPONSE TO REQUEST FOR ADMISSION NO. 5:**

Deny.

**REQUEST FOR ADMISSION NO. 6:**

You did not Record any conversation with Jane Doe 2 concerning the Investigation.

**OBJECTION AND RESPONSE TO REQUEST FOR ADMISSION NO. 6:**

Admit.

**REQUEST FOR ADMISSION NO. 7:**

You did not Record any conversation with Santiago concerning the Investigation.

**OBJECTION AND RESPONSE TO REQUEST FOR ADMISSION NO. 7:**

Admit.

**REQUEST FOR ADMISSION NO. 8:**

You did not Record any conversation concerning the Investigation.

**OBJECTION AND RESPONSE TO REQUEST FOR ADMISSION NO. 8:**

Admit.

**REQUEST FOR ADMISSION NO. 9:**

You did not subpoena any phone records from Santiago.

**OBJECTION AND RESPONSE TO REQUEST FOR ADMISSION NO. 9:**

Admit.

**REQUEST FOR ADMISSION NO. 10:**

In connection with the Investigation, You did not review recordings of any phone call placed by Jane Doe 2.

**OBJECTION AND RESPONSE TO REQUEST FOR ADMISSION NO. 10:**

    Admit.

**REQUEST FOR ADMISSION NO. 11:**

    In connection with the Investigation, You did not memorialize any review of recordings of any phone call placed by Jane Doe 2.

**OBJECTION AND RESPONSE TO REQUEST FOR ADMISSION NO. 11:**

    Admit.

**REQUEST FOR ADMISSION NO. 12:**

    In connection with the Investigation, You did not memorialize any review You conducted of GENETEC footage, other than through the statement made in the DOI Closing Memorandum (DEF_0001824 through DEF_0001827).

**OBJECTION AND RESPONSE TO REQUEST FOR ADMISSION NO. 12:**

    Admit.

**REQUEST FOR ADMISSION NO. 13:**

    You did not memorialize the specific cameras from which You reviewed any GENETEC recordings in connection with the Investigation.

**OBJECTION AND RESPONSE TO REQUEST FOR ADMISSION NO. 13:**

    Admit.

**REQUEST FOR ADMISSION NO. 14:**

    You did not memorialize the timestamp of any GENETEC recordings You reviewed in connection with the Investigation.

**OBJECTION AND RESPONSE TO REQUEST FOR ADMISSION NO. 14:**

    Admit.

**REQUEST FOR ADMISSION NO. 15:**

You did not memorialize the content of any GENETEC recordings You reviewed in connection with the Investigation, other than through the statement made in the DOI Closing Memorandum (DEF_000 1824 through DEF_000 1827).

**OBJECTION AND RESPONSE TO REQUEST FOR ADMISSION NO. 15:**

Admit.

**REQUEST FOR ADMISSION NO. 16:**

You did not take notes of any communication with ▮▮▮▮ ▮▮▮▮ in connection with the Investigation.

**OBJECTION AND RESPONSE TO REQUEST FOR ADMISSION NO. 16:**

Admit.

**REQUEST FOR ADMISSION NO. 17:**

You did not Record any communication with ▮▮▮▮ ▮▮▮▮ in connection with the Investigation.

**OBJECTION AND RESPONSE TO REQUEST FOR ADMISSION NO. 17:**

Admit.

**REQUEST FOR ADMISSION NO. 18:**

You did not take notes of any communication with ▮▮▮▮ in connection with the Investigation.

**OBJECTION AND RESPONSE TO REQUEST FOR ADMISSION NO. 18:**

Admit.

**REQUEST FOR ADMISSION NO. 19:**

You did not Record any communication with ▮▮▮▮ in connection with the Investigation.

**OBJECTION AND RESPONSE TO REQUEST FOR ADMISSION NO. 19:**

    Admit.

**REQUEST FOR ADMISSION NO. 20:**

    You did not take notes of any communication with any inmate with the last name ▇ in connection with the Investigation.

**OBJECTION AND RESPONSE TO REQUEST FOR ADMISSION NO. 20:**

    Admit.

**REQUEST FOR ADMISSION NO. 21:**

    You did not Record any communication with any inmate with the last name ▇ in connection with the Investigation.

**OBJECTION AND RESPONSE TO REQUEST FOR ADMISSION NO. 21:**

    Admit.

**REQUEST FOR ADMISSION NO. 22:**

    You did not take notes of any communication with any inmate with the last name ▇ in connection with the Investigation.

**OBJECTION AND RESPONSE TO REQUEST FOR ADMISSION NO. 22:**

    Admit.

**REQUEST FOR ADMISSION NO. 23:**

    You did not Record any communication with any inmate with the last name ▇ in connection with the Investigation.

**OBJECTION AND RESPONSE TO REQUEST FOR ADMISSION NO. 23:**

    Admit.

**REQUEST FOR ADMISSION NO. 24:**

You did not take notes of any communication with ▬▬▬▬, other than the document produced by You bearing Bates number DEF_0001776.

**OBJECTION AND RESPONSE TO REQUEST FOR ADMISSION NO. 24:**

Admit.

**REQUEST FOR ADMISSION NO. 25:**

You did not Record any communication with ▬▬ ▬▬▬ in connection with the investigation.

**OBJECTION AND RESPONSE TO REQUEST FOR ADMISSION NO. 25:**

Admit.

**REQUEST FOR ADMISSION NO. 26:**

You did not discipline Santiago in connection with the Investigation.

**OBJECTION AND RESPONSE TO REQUEST FOR ADMISSION NO. 26:**

Deny.

**REQUEST FOR ADMISSION NO. 27:**

DOI took no action in response to the report made by Captain Diane Medina concerning Santiago that is memorialized in her logbook, DEF-0014497.

**OBJECTION AND RESPONSE TO REQUEST FOR ADMISSION NO. 27:**

Admit.

**REQUEST FOR ADMISSION NO. 28:**

DOI has no record reflecting that Captain Diane Medina made a report concerning Santiago.

**OBJECTION AND RESPONSE TO REQUEST FOR ADMISSION NO. 28:**

Admit.

**REQUEST FOR ADMISSION NO. 29:**

DOI did not open an investigation concerning Captain Diane Medina's July 23, 2012 report concerning Santiago.

**OBJECTION AND RESPONSE TO REQUEST FOR ADMISSION NO. 29:**

Admit.

**REQUEST FOR ADMISSION NO. 30:**

You did not communicate with ▮▮▮▮▮ following receipt of the Voicemail.

**OBJECTION AND RESPONSE TO REQUEST FOR ADMISSION NO. 30:**

At this time, defendant is unable to admit or deny this Request due to the unavailability of other information regarding the matter and the absence of any independent recollection by the assigned investigator (*see* Young Dep. Tr., at 128-29). Defendant reserves the right to supplement this response up to and including a reasonable time prior to trial.

**REQUEST FOR ADMISSION NO. 31:**

You did not take notes during, or otherwise memorialize, any communication with ▮▮▮▮▮ concerning the Voicemail.

**OBJECTION AND RESPONSE TO REQUEST FOR ADMISSION NO. 31:**

At this time, defendant is unable to admit or deny this Request due to the unavailability of other information regarding the matter and the absence of any independent recollection by the assigned investigator (*see* Young Dep. Tr., at 128-29). Defendant reserves the right to supplement this response up to and including a reasonable time prior to trial.

**REQUEST FOR ADMISSION NO. 32:**

Other than memorializing the receipt of the Voicemail in DEF_0001931, DOI took no action in response to the Voicemail.

**OBJECTION AND RESPONSE TO REQUEST FOR ADMISSION NO. 32:**

At this time, defendant is unable to admit or deny this Request due to the unavailability of other information regarding the matter and the absence of any independent recollection by the assigned investigator (*see* Young Dep. Tr., at 128-29). Defendant reserves the right to supplement this response up to and including a reasonable time prior to trial.

**REQUEST FOR ADMISSION NO. 33:**

Other than what is set out in DEF_0001931, DOI has no record reflecting that You took any investigative steps in response to the Voicemail.

**OBJECTION AND RESPONSE TO REQUEST FOR ADMISSION NO. 33:**

At this time, defendant is unable to admit or deny this Request due to the unavailability of other information regarding the matter and the absence of any independent recollection by the assigned investigator (*see* Young Dep. Tr., at 128-29). Defendant reserves the right to supplement this response up to and including a reasonable time prior to trial.

**REQUEST FOR ADMISSION NO. 34:**

You did not interview or otherwise communicate with ▓▓ ▓▓ concerning the statements made by ▓▓▓▓▓ in the Voicemail.

**OBJECTION AND RESPONSE TO REQUEST FOR ADMISSION NO. 34:**

At this time, defendant is unable to admit or deny this Request due to the unavailability of other information regarding the matter and the absence of any independent recollection by the assigned investigator (*see* Young Dep. Tr., at 128-29). Defendant reserves the right to supplement this response up to and including a reasonable time prior to trial.

**REQUEST FOR ADMISSION NO. 35:**

You did not take notes during, or otherwise memorialize, any communication with ▓▓▓▓ concerning the statements made by ▓▓ ▓▓ in the Voicemail.

**OBJECTION AND RESPONSE TO REQUEST FOR ADMISSION NO. 35:**

At this time, defendant is unable to admit or deny this Request due to the unavailability of other information regarding the matter and the absence of any independent recollection by the assigned investigator (*see* Young Dep. Tr., at 128-29). Defendant reserves the right to supplement this response up to and including a reasonable time prior to trial.

**REQUEST FOR ADMISSION NO. 36:**

You did not interview or otherwise communicate with Santiago concerning the statements made by ▮▮▮▮▮ in the Voicemail.

**OBJECTION AND RESPONSE TO REQUEST FOR ADMISSION NO. 36:**

At this time, defendant is unable to admit or deny this Request due to the unavailability of other information regarding the matter and the absence of any independent recollection by the assigned investigator (*see* Young Dep. Tr., at 128-29). Defendant reserves the right to supplement this response up to and including a reasonable time prior to trial.

**REQUEST FOR ADMISSION NO. 37:**

You did not take notes during, or otherwise memorialize, any communication with Santiago concerning the statements made by ▮▮▮▮▮ in the Voicemail.

**OBJECTION AND RESPONSE TO REQUEST FOR ADMISSION NO. 37:**

At this time, defendant is unable to admit or deny this Request due to the unavailability of other information regarding the matter and the absence of any independent recollection by the assigned investigator (*see* Young Dep. Tr., at 128-29). Defendant reserves the right to supplement this response up to and including a reasonable time prior to trial.

**REQUEST FOR ADMISSION NO. 38:**

You did not Record any conversation with Santiago concerning the statements made by ▮▮▮▮▮ in the Voicemail.

**OBJECTION AND RESPONSE TO REQUEST FOR ADMISSION NO. 38:**

At this time, defendant is unable to admit or deny this Request due to the unavailability of other information regarding the matter and the absence of any independent recollection by the assigned investigator (*see* Young Dep. Tr., at 128-29). Defendant reserves the right to supplement this response up to and including a reasonable time prior to trial.

**REQUEST FOR ADMISSION NO. 39:**

In May 2013, DOI did not have specific policies or procedures for investigating allegations of sexual abuse.

**OBJECTION AND RESPONSE TO REQUEST FOR ADMISSION NO. 39:**

Deny.

**REQUEST FOR ADMISSION NO. 40:**

DOI was not notified of the Notice of Claim, or the allegations contained therein, prior to December 17, 2014.

**OBJECTION AND RESPONSE TO REQUEST FOR ADMISSION NO. 40:**

At this time, defendant is unable to admit or deny this Request on the grounds that further investigation of the matter and the City's business records is required. Defendant reserves the right to supplement this response up to and including a reasonable time prior to trial.

**REQUEST FOR ADMISSION NO. 41:**

DOI was not notified of the Notice of Claim, or the allegations contained therein, prior to May 19, 2015.

**OBJECTION AND RESPONSE TO REQUEST FOR ADMISSION NO. 41:**

At this time, defendant is unable to admit or deny this Request on the grounds that further investigation of the matter and the City's business records is required. Defendant reserves the right to supplement this response up to and including a reasonable time prior to trial.

**REQUEST FOR ADMISSION NO. 42:**

DOC ID was not notified of the Notice of Claim, or the allegations contained therein, prior to May 19, 2015.

**OBJECTION AND RESPONSE TO REQUEST FOR ADMISSION NO. 42:**

At this time, defendant is unable to admit or deny this Request on the grounds that further investigation of the matter and the City's business records is required. Defendant reserves the right to supplement this response up to and including a reasonable time prior to trial.

**REQUEST FOR ADMISSION NO. 43:**

DOC ID was not notified of the Notice of Claim, or the allegations contained therein, prior to August 19, 2015.

**OBJECTION AND RESPONSE TO REQUEST FOR ADMISSION NO. 43:**

Deny.

**REQUEST FOR ADMISSION NO. 44:**

DOI did not investigate the allegations of sexual abuse against Santiago documented in the Notice of Claim.

**OBJECTION AND RESPONSE TO REQUEST FOR ADMISSION NO. 44:**

Admit.

**REQUEST FOR ADMISSION NO. 45:**

DOC ID did not investigate the allegations of sexual abuse against Santiago documented in the Notice of Claim.

**OBJECTION AND RESPONSE TO REQUEST FOR ADMISSION NO. 45:**

Admit.

**REQUEST FOR ADMISSION NO. 46:**

You did not contact Jane Doe 1 or her attorneys in response to the Notice of Claim, other than as reflected in the documents produced by Plaintiffs bearing Bates numbers JANEDOES_00000031 and JANEDOES_00000032.

**OBJECTION AND RESPONSE TO REQUEST FOR ADMISSION NO. 46:**

Deny.

**REQUEST FOR ADMISSION NO. 47:**

You did not take any action in response to the allegations of sexual abuse against Santiago stated in the Notice of Claim, other than preparing and transmitting the documents produced by Plaintiffs bearing Bates numbers JANEDOES_00000031 and JANEDOES_00000032.

**OBJECTION AND RESPONSE TO REQUEST FOR ADMISSION NO. 47:**

Deny.

Dated:   New York, New York
         July 1, 2016

ZACHARY W. CARTER
Corporation Counsel of the
 City of New York
Attorney for Defendants
100 Church Street, Room 3-177
New York, N.Y. 10007
(212) 356-2641

By: _____
    ARTHUR LARKIN
    Assistant Corporation Counsel

- 15 -

TO:  CLEARY GOTTLIEB STEEN & HAMILTON LLP
     JAMES L. BROMLEY
     *Attorney for Plaintiff*
     One Liberty Plaza
     New York, New York 10006
     Tel: (212) 225-2000
     Fax: (212) 225-3999
     jbromley@cgsh.com

     Of Counsel:
     Mitchell A. Lowenthal
     mlowenthal@cgsh.com
     Josh E. Anderson
     jeanderson@cgsh.com
     Danielle P. Mindlin
     dmindlin@cgsh.com

     THE LEGAL AID SOCIETY
     William D. Gibney
     *wdgibney@legal-aid.org*
     Marlen S. Bodden
     mbodden@legal-aid.org
     Barbara P. Hamilton
     bphamilton@legal-aid.org

     199 Water Street, 6th Floor
     New York, New York 10038
     Tel: (212) 577-3300

     *Attorneys for Plaintiffs*