UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

JANE DOE 1 and JANE DOE 2, on behalf of themselves and all similarly situated women,

                Plaintiffs,

  -against-

THE CITY OF NEW YORK and BENNY SANTIAGO,

                Defendants.

15 Civ. 3849 (AKH)

**MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFFS' MOTION FOR A WRIT OF *HABEAS CORPUS AD TESTIFICANDUM* TO SECURE THE ATTENDANCE OF A PERSON CONFINED IN PRISON AT A HEARING AND AT TRIAL AND TO PERMIT THE PERSON TO BE UNSHACKLED AND WEAR CIVILIAN CLOTHING**

Plaintiffs respectfully submit this memorandum of law in support of their motion for an Order issuing a Writ of *Habeas Corpus Ad Testificandum* to secure the attendance of Misty Wilson to testify at an evidentiary hearing on May 8, 2017, and at the trial of this action, commencing May 9, 2017, until the trial has concluded, at the United States District Court at 500 Pearl Street, New York, New York 10007; commanding the New York State Department of Corrections and Community Supervision ("DOCCS"), located at Bedford Hills Correctional Facility ("Bedford Hills CF"), 247 Harris Road, Bedford Hills CF, NY 10507, to produce Ms. Wilson to the custody of the Federal Bureau of Prisons at the Metropolitan Correctional Center ("MCC"), located at 150 Park Row, New York, NY 10007, and MCC to house her once the DOCCS has complied with the

Writ of *Habeas Corpus Ad Testificandum*; commanding the United States Marshal for the Southern District of New York ("U.S. Marshal") to take custody of Ms. Wilson and transfer her to and from MCC and the Courthouse; and permitting Ms. Wilson to testify at the hearing and trial unshackled and wearing civilian clothing. Ms. Wilson's transfer to MCC is requested by May 1, 2017 so she may assist Plaintiffs' counsel to prepare for the hearing and the trial.

All Parties consent to these requests and the form of the enclosed proposed order. Counsel for Plaintiffs have contacted DOCCS and the U.S. Marshal about this request, and neither agency has expressed an objection to transferring Ms. Wilson for the purpose of her attendance at the hearing and the trial.

Background

On March 22, 2017, the Court set an evidentiary hearing to be held on May 8, 2017 at 10:00 AM and a jury trial to commence on May 9, 2017 at 10:00 AM (ECF Doc. 307). Ms. Wilson's testimony is necessary at both the hearing and the trial, and Plaintiffs file this motion to secure her appearance at those proceedings.

This Court previously granted a similar request, which was implemented without issue. Specifically, the Court entered a Consent Order, dated June 6, 2016 (ECF Doc. 122), under Rule 30(A)(2)(B) permitting the deposition to be taken of Ms. Wilson, a person confined in prison. Mirroring the relief sought in the instant motion, under that Order, DOCCS transferred Ms. Wilson from Bedford Hills CF to the custody of MCC and MCC produced her to the U.S. Marshal. The U.S. Marshal took custody of Ms. Wilson for her deposition on June 20, 2016. Ms. Wilson was

unshackled at her deposition and her transfer and production proceeded smoothly and without incident.

## Argument

Good cause exists to order Ms. Wilson's attendance at the hearing and at trial. First, absent an order of the Court, Ms. Wilson will not able to offer evidence at the hearing and trial because Ms. Wilson is an inmate at Bedford Hills CF. Second, Ms. Wilson will provide highly relevant testimony at the evidentiary hearing concerning whether Jane Doe 1's claims of rapes that occurred before May 19, 2012 are actionable under the doctrine of equitable tolling of the statute of limitations and at trial regarding Plaintiffs' claims in the Complaint. *See* Declaration of Marlen S. Bodden, dated April 13, 2017 (the "Bodden Decl.") ¶4. Third, neither the U.S. Marshal nor DOCCS – which would have the responsibility to facilitate Ms. Wilson's transfer of custody – has expressed an objection to temporarily transferring Ms. Wilson for the purpose of her attendance at the hearing and at trial. Bodden Decl. ¶¶ 6-7.

A federal court has power pursuant to 28 U.S.C. § 1651(a) and 28 U.S.C. § 2241 to issue a Writ of *Habeas Corpus Ad Testificandum* ordering DOCCS to transfer a prisoner in its custody to the custody of another prison or jail and the U.S. Marshal to secure the attendance of an incarcerated person at the Courthouse. The Court may order the Bureau of Prisons to house the prisoner at MCC and the U.S. Marshal to take custody of a prisoner during her attendance at the hearing and trial and to transfer her between the MCC and Courthouse. *Rivera v. Santirocco*, 814 F.2d 859, 861-863 (2d Cir. 1987).

Plaintiffs also seek an order permitting Ms. Wilson to testify at the hearing and trial unshackled and wearing civilian clothing. A fair trial in a civil case is a key constitutional right and forcing a litigant to appear before a jury shackled is highly prejudicial and may deprive her of due process. *See Davidson v. Riley*, 44 F.3d 1118, 1122, 1126 (2d Cir. 1995). The Court, when necessary to maintain safety or security, has discretion to order a party or witness to wear physical restraints in the courtroom, but the Court "must impose no greater restraints than necessary, and it must take steps to minimize the prejudice resulting from the presence of the restraints." *Id.* at 1122-1123. *See also Deck v. Missouri*, 544 U.S. 622, 633 (2005) (appearance of offender in shackles implies to jury that court authorities consider offender danger to community). In this action, Ms. Wilson was deposed at the Courthouse without wearing shackles and the deposition proceeded without incident. Bodden Decl. ¶ 8. It is fully expected that at trial there similarly will be no safety or security concern if Ms. Wilson appears in the courtroom unshackled. In addition, Plaintiffs understand that Ms. Wilson will be escorted by a U.S. Marshal during her time in court.

Plaintiffs also request leave for Ms. Wilson to appear at the hearing and trial wearing civilian clothes. Plaintiffs have a constitutional right to a fair trial, even in a civil case, requiring they are granted the opportunity to make meaningful presentations of their claims, including calling witnesses. *See Estelle v. Williams*, 425 U.S. 501, 504-505 (1976) (prison clothing serves as a constant reminder of the witness' imprisonment throughout the trial and may affect a juror's judgment, and compelling a witness to wear prison clothing at court furthers no essential state policy). *See also Davidson*, 44 F.3d at 1122 (in civil cases the right to a fair trial is fundamental).

Conclusion

For the foregoing reasons, Plaintiffs respectfully request that the Court grant the motion and enter the enclosed order.

Dated: New York, New York
April 13, 2017

Respectfully submitted,

By: Marlen S. Bodden
THE LEGAL AID SOCIETY
William H. Gibney
*wdgibney@legal-aid.org*
Marlen S. Bodden
*mbodden@legal-aid.org*
Barbara P. Hamilton
*bphamilton@legal-aid.org*
199 Water Street, 6th Floor
New York, New York 10038
Tel: (212) 577-3300

CLEARY GOTTLIEB STEEN & HAMILTON LLP
James L. Bromley
*jbromley@cgsh.com*
Of Counsel:
Mitchell A. Lowenthal
*mlowenthal@cgsh.com*
Josh E. Anderson
*jeanderson@cgsh.com*
One Liberty Plaza
New York, New York 10006
Tel: (212) 225-2000
Fax: (212) 225-3999

*Attorneys for Plaintiffs*