UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

JANE DOE 1 and JANE DOE 2, on behalf of
themselves and all similarly situated women,

        Plaintiffs,

    -against-

THE CITY OF NEW YORK and BENNY
SANTIAGO,

        Defendants.

15 Civ. 3849 (AKH)

**MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFFS'
MOTION *IN LIMINE* TO PRECLUDE EVIDENCE OF
PLAINTIFFS' AND WITNESS'S CRIMINAL HISTORY AT TRIAL**

## <u>TABLE OF CONTENTS</u>

TABLE OF AUTHORITIES ...................................................................................................... ii

PRELIMINARY STATEMENT ............................................................................................... 1

ARGUMENT .............................................................................................................................. 2

      I.      CONVICTIONS MORE THAN 10 YEARS OLD ARE INADMISSIBLE .......... 2

              A.      Jane Doe 1's More Than 10 Year Old Convictions Are Inadmissible ............................................................................................ 3

              B.      Jane Doe 2's More Than 10 Year Old Conviction Is Inadmissible .......... 4

      II.     THE PROBATIVE VALUE OF PLAINTIFFS' NON-TIME BARRED CONVICTIONS IS SUBSTANTIALLY OUTWEIGHED BY THE DANGER OF UNFAIR PREJUDICE ................................................................. 5

              A.      Jane Doe 1's Felony Convictions Within 10 Years Should be Excluded .......................................................................................... 5

              B.      Jane Doe 2's Sex Trafficking Felony Conviction Should Be Excluded .......................................................................................... 7

              C.      Even if Convictions Are Admissible, Disclosure to Jury Should be Limited ............................................................................................. 9

              D.      Plaintiffs' Misdemeanor Convictions Should Be Excluded ................... 10

      III.    MS. BROWNE'S CRIMINAL CONVICTIONS ARE ALSO INADMISSIBLE ......................................................................................... 12

      IV.    EVIDENCE OF PLAINTIFFS' AND MS. BROWNE'S ARRESTS AND Charges ARE INADMISSIBLE ......................................................... 13

CONCLUSION ..................................................................................................................... 14

# TABLE OF AUTHORITIES

**Page(s)**

<u>**Cases**</u>

*Daniels v. Loizzo*,
    986 F. Supp. 245 (S.D.N.Y. 1997) ...................................................................... *passim*

*Espinosa v. McCabe*,
    No. 9:10–cv–497, 2014 WL 988832 (N.D.N.Y. Mar. 12, 2014) ......................... 6

*Fletcher v. City of New York*,
    54 F. Supp.2d 328 (S.D.N.Y. 1999) .................................................................. 11, 13

*Giles v. Rhodes*,
    No. 94 Civ. 6385(CSH), 2000 WL 1510004 (S.D.N.Y. Oct. 10, 2000) ............... 10

*Kelly v. Fisher*,
    1987 WL 16593 (S.D.N.Y. Sept. 2, 1987) ........................................................... 5, 14

*Lewis v. Velez*,
    149 F.R.D. 474 (S.D.N.Y. 1993) ......................................................................... 11

*Maize v. Nassau Health Care Corp.*,
    CV 05-4920 (ETB), 2012 U.S. Dist. LEXIS 37058 (E.D.N.Y. Jan. 18, 2012) ...... 8

*N.Y. Standard Mech. Corp. v. U.S. Specialty Ins. Co.*,
    No. 14cv2695 (DLC), 2015 WL 5724796 (S.D.N.Y. Sept. 29, 2015) .................. 12

*Nibbs v. Goulart*,
    822 F. Supp. 2d 339 (S.D.N.Y. 2011) ................................................................ 5-6

*Reed-Bey v. Pramstaller*,
    No. 06-10934, 2013 WL 5954424 (E.D. Mich. Nov. 7, 2013) ............................ 7

*Robinson v. Troyan*,
    No. CV 07-4846(ETB), 2011 WL 5416324 (E.D.N.Y. Nov. 8, 2011) ................. 5, 9

*Somerville v. Saunders*,
    No. 9:11-CV-556, 2014 WL 272415 (N.D.N.Y. Jan. 24, 2014) ........................... 9

*United States v. Agostini*,
    280 F. Supp. 2d 260 (S.D.N.Y. 2003) ................................................................ 7, 8, 13

*United States v. Beedle*,
    463 F.2d 721 (3d Cir. 1972) ................................................................................. 13

*United States v. Brown*,
    606 F. Supp. 2d 306 (E.D.N.Y. 2009) ................................................................ 3, 4, 8, 9

*United States v. Estrada*,
430 F.3d 606 (2d Cir. 2005)................................................................. 7

*United States v. Figueroa*,
618 F.2d 934 (2d Cir. 1980)................................................................. 6

*United States v. Hans*,
738 F.2d 88 (3d Cir. 1984) .................................................................. 2

*United States v. Hayes*,
553 F.2d 824 (1977) ...............................................................6-7, 11, 12, 13

*United States v. Joe*,
No. 07 Cr. 734(JFK), 2008 WL 2810169 (S.D.N.Y. July 21, 2008) .................... 4, 9, 10

*United States v. Thompson*,
178 F. Supp. 3d 86............................................................................. 8

*United States v. Walker*,
613 F.2d 1349 (5th Cir. 1980)......................................................... 4, 11-12

*United States v. Weichert*,
783 F.2d 23 (2d Cir. 1986) (*per curiam*) ........................................... 2-3

*Young v. Calhoun*,
85 CIV. 7584 (SWK), 1995  WL 169020 (S.D.N.Y. 1995) ................................ 6, 10

*Zinman v. Black & Decker (U.S.), Inc.*,
983 F.2d 431 (2d Cir. 1993)................................................................. 2

**Rules and Statutes**

Fed. R. Evid. 403 ............................................................................. 5

Fed. R. Evid. 412 ............................................................................. 7, 8

Fed. R. Evid. 412 advisory committee's note to subdivision (a)....................... 7-8

Fed. R. Evid. 412 advisory committee's note to 1994 amendment ................... 7-8

Fed. R. Evid. 609 ............................................................................. *passim*

Fed. R. Evid. 609 advisory committee's note to subdivision (b) ..................... 2

Fed. R. Evid. 609 advisory committee's note to 2006 amendment ................... 12-13

N.Y. Penal Law § 10.00(6) (McKinney 2017) ................................................ 3

N.Y. Penal Law § 70.15 (McKinney 2017)................................................................. 3, 10

N.Y. Penal Law § 130.05(3) (McKinney 2017) ................................................ 9

N.Y. Penal Law § 160.15(1) (McKinney 2017) ................................................ 6

N.Y. Penal Law § 165.45(5) (McKinney 2017) ................................................ 6

N.Y. Penal Law § 190.79(3) (McKinney 2017) ................................................ 13

N.Y. Penal Law § 230.34(5) (McKinney 2017) ................................................ 8

N.Y. Penal Law § 240.37 (5) (McKinney 2017) ................................................ 3

S.C. Code Ann. § 16-15-110 (1976) ................................................ 11

**Other Authorities**

4-609 Mark S. Brodin, *Weinstein's Federal Evidence* § 609.06 (2017)............................ 2

Plaintiffs Jane Doe 1 and Jane Doe 2 respectfully submit this memorandum of law and accompanying declaration of Katherine M. Sheridan, dated April 17, 2017 ("Sheridan Declaration") in support of their motion *in limine* to preclude admission of irrelevant criminal histories of witnesses at trial.

## PRELIMINARY STATEMENT

This case concerns the rapes and sexual abuse of women detained at the City's notorious Rose M. Singer Center ("RMSC") jail – the all-women jail on Rikers Island.  While confined at RMSC, both Plaintiffs and many other women were raped and sexually abused.  All such women were placed at RMSC because they had been arrested and were unable to make bail.  Many of them had prior arrests, some of which led to charges and convictions.

Trial will determine whether the City is liable under Monell for the abuse suffered by these women.  What is <u>not</u> at issue are the characters of the women who suffered the abuse. Nevertheless, the defendants have made clear that they intend to "try the victims" by introducing irrelevant and highly prejudicial evidence about the prior criminal history of each of the Plaintiffs, and at least one third party witness.[1]  Admitting such information would serve no purpose other than to distract the jury and improperly impugn the character of victims.

For multiple reasons, such information should be precluded from admission at trial.[2] First, many incidents are presumptively barred from admission under Rule 609(b), because they are more than 10 years old.  Fed. R. Evid. 609(b).  Second, even felony convictions less than 10 years old are barred under Rule 609(a)(2) if, as here, they are not crimes of dishonesty, and should not be admitted under Rule 609(a)(1) because their probative value for determining

---

[1]     For example, in Defendants' list of exhibits attached to its proposed pre-trial order, they include "all documents concerning" all of Plaintiffs past criminal convictions, including "plea transcript, criminal court file, arrest report," City's Exs. B-T, MM-XX, in addition to Plaintiffs' RAP sheets, City's Exs. A & LL.

[2]     The criminal convictions at issue in this motion are listed in the Sheridan Declaration.  *See* Sheridan Decl. ¶¶ 5-6, 9, 11.

Plaintiffs' credibility is negligible, if not non-existent, and is substantially outweighed by the unfair prejudice that would result, including a suggestion that Plaintiffs' civil rights (and related claims) do not deserve consideration. Finally, recent misdemeanor convictions are inadmissible under Rule 609(a)(1) because they are not punishable by imprisonment for a term of more than one year, and under Rule 609(a)(2) as they are not crimes of dishonesty.

## ARGUMENT

### I.      CONVICTIONS MORE THAN 10 YEARS OLD ARE INADMISSIBLE

A witness's criminal convictions are not admissible for the purposes of impeachment when "more than 10 years have passed since the witness's conviction or release from confinement." Fed. R. Evid. 609(b).[3] As the Second Circuit has explained, Rule 609(b)'s exception for convictions in which the "probative value . . . substantially outweighs [the] prejudicial effect" is extremely narrow and to be invoked "very rarely and only in exceptional circumstances." *Zinman v. Black & Decker (U.S.), Inc.*, 983 F.2d 431, 434 (2d Cir. 1993) (citation omitted); *see also* Fed. R. Evid. 609 advisory committee's note to subdivision (b) (noting that convictions over ten years old "generally do not have much probative value"). The party seeking to introduce evidence of the otherwise time-barred convictions (i.e., the Defendants) has the burden of showing that the exception should be invoked. *See United States v. Weichert*, 783 F.2d 23, 26 n.3 (2d Cir. 1986) (*per curiam*) ("Rule 609(b) places a greater burden on the party seeking to use old convictions for impeachment because of the strong

---

[3]     For purposes of this motion, Plaintiffs measure the ten-year time period from May 9, 2017, the earliest date that any of the relevant witnesses will testify. *See United States v. Hans*, 738 F.2d 88, 93 (3d Cir. 1984) ("Normally such [prior conviction] evidence is admissible only if either the conviction or the witness' release from prison occurred within 10 years of the trial."); 4-609 Mark S. Brodin, *Weinstein's Federal Evidence* § 609.06 (2017) ("The ten-year time limit should be measured from the date of the conviction or release to the date that the trial began, if not the time of the witness's testimony.")

impeaching effect of a conviction and the greater latitude for presenting evidence under that rule if impeachment is allowed."). The Defendants cannot meet that burden here.

To determine whether the circumstances justify admitting evidence of the time barred-conviction despite the general rule excluding it, the Court should consider multiple factors, including the nature and age of the crime, its relevance to the witness's credibility, and the importance of credibility to the case. *See United States v. Brown*, 606 F. Supp. 2d 306, 311-12, 315 (E.D.N.Y. 2009) (requiring that a time-barred conviction "substantially bear on the credibility of the witness"). And, in the Second Circuit, before admitting such a conviction, the trial court must make an "on-the-record determination supported by specific facts and circumstances that the probative value of the evidence *substantially* outweighs its prejudicial effect." *Daniels v. Loizzo*, 986 F. Supp. 245, 249 (S.D.N.Y. 1997) (emphasis added) (citation omitted).

### A. Jane Doe 1's More Than 10 Year Old Convictions Are Inadmissible

The misdemeanor convictions of Jane Doe 1 from January 2007 or earlier are plainly time-barred under Rule 609(b).[4] This includes guilty pleas in 2005 to prostitution and resisting arrest (the "2005 Convictions"), in 2006 to criminal possession of a controlled substance in the seventh degree (on three occasions) and criminal contempt in the second degree (the "2006 Convictions"), and in January 2007 to criminal possession of a controlled substance in the seventh degree (the "January 2007 Conviction").[5] For each of the 2005 and 2006 Convictions,

---

[4]     Sentences for misdemeanor convictions in New York State cannot exceed one year, N.Y. Penal Law § 70.15 (McKinney 2017).

[5]     In 2005, Jane Doe 1 also pled guilty to one charge of loitering-prostitution, which is a violation under the New York State penal code. N.Y. Penal Law § 240.37 (McKinney 2017). Unlike felonies and misdemeanors, violations are not crimes. N.Y. Penal Law § 10.00(6) (McKinney 2017) ("'Crime' means a misdemeanor or a felony."). Therefore, violation convictions are inadmissible under Rule 609. Fed. R. Evid. 609 (dealing with "Impeachment by Evidence of a *Criminal* Convictions") (emphasis added). Furthermore, even if the Court found that Rule 609 does cover violations, the punishment for a violation cannot exceed fifteen days. N.Y. Penal Law § 70.15(4) (McKinney 2017). Accordingly, violation convictions are inadmissible under Rule 609(a)(1). Neither is a

3

Jane Doe 1 was sentenced to a period of confinement of 90 days or less.  For the January 2007 Conviction, she was sentenced on January 11, 2007 to a term of imprisonment of 20 days.

No "exceptional circumstances" exist that would render the 2005 and 2006 Convictions or the January 2007 Conviction admissible.  Jane Doe 1 completed the sentences for these misdemeanor convictions more than ten years ago and, because none of the crimes involved dishonesty or false statements, they have little, if any, probative value for determining her credibility.[6]  Without any "specific facts and circumstances" regarding these convictions, their probative value is minimal and cannot substantially outweigh their prejudicial effect of suggesting to the jury that Jane Doe 1 "is an evil [woman] who does not deserve consideration of [her] claims." *Daniels*, 986 F. Supp. at 252 (citation omitted) (marginal impeachment value of convictions more than ten years old "is substantially outweighed by the unfair prejudice"); *see* Fed. R. Evid. 609(b).

### B.    Jane Doe 2's More Than 10 Year Old Conviction Is Inadmissible

In approximately 2005 or 2006, Jane Doe 2 was convicted of assault and sentenced to 30 days incarceration.  Again, no "exceptional circumstances" exist that would make this conviction admissible.  Jane Doe 2 completed the sentence more than 10 years ago and the underlying offense did not involve dishonesty or false statements.  *Daniels*, 986 F. Supp. at 252 (excluding assault conviction under Rule 609(b), stating that an "assault . . . conviction does not involve [a]

---

conviction for loitering-prostitution admissible under Rule 609(a)(2) because prostitution-related convictions do not go to a witness's credibility.  *See United States v. Walker*, 613 F.2d 1349, 1354 (5th Cir. 1980).

[6]      *See Walker*, 613 F.2d at 1354 ("[A] conviction for prostitution does not involve dishonesty or false statement."); *Daniels*, 86 F. Supp. at 249-51 (resisting arrest not a "crime[] involving dishonesty or false statement"); *Brown*, 606 F. Supp. 2d at 315-16 (noting that a "conviction for criminal contempt is low on the impeachment value scale as a crime not by its nature, [] probative [] of veracity or credibility") (quotation marks omitted); *id.* at 319 (felony conviction based on "drug possession . . . has little bearing on the veracity of [Defendant] as a witness and thus, ranks fairly low on the impeachment value scale."); *see, e.g., United States v. Joe*, No. 07 Cr. 734(JFK), 2008 WL 2810169, at *4 (S.D.N.Y. July 21, 2008) (excluding victim's drug possession conviction from outside the ten-year time limit).

4

crime[] generally considered probative of veracity.”); *Kelly v. Fisher*, 1987 WL 16593, at *1 (S.D.N.Y. Sept. 2, 1987) (excluding assault conviction under Rule 609(a)(2)). Therefore, the conviction has little, if any, probative value for determining Jane Doe 2’s credibility, and does not substantially outweigh its prejudicial effect of suggesting to the jury that Jane Doe 2 is a “bad person,” whose claims do not deserve consideration. *Robinson v. Troyan*, No. CV 07-4846(ETB), 2011 WL 5416324, at *3 (E.D.N.Y. Nov. 8, 2011); *see* Fed. R. Evid. 609(b). *See also Daniels*, 986 F. Supp. at 252.

## II. THE PROBATIVE VALUE OF PLAINTIFFS’ NON-TIME BARRED CONVICTIONS IS SUBSTANTIALLY OUTWEIGHED BY THE DANGER OF UNFAIR PREJUDICE

### A. Jane Doe 1’s Felony Convictions Within 10 Years Should be Excluded

In 2011, Jane Doe 1 pled guilty to criminal possession of stolen property in the fourth degree, and was sentenced to six months of imprisonment (the “2011 Conviction”). In 2015, Jane Doe 1 was convicted of robbery in the first degree (the “2015 Conviction”), for which she is currently serving a sentence of thirteen years of imprisonment. Defendants should be precluded from introducing evidence of these convictions because such evidence is of negligible probative value to her credibility and is, without question, highly prejudicial.

Although Rule 609(a)(1) provides that evidence of prior convictions punishable by more than one year of imprisonment *may* be relevant to attack the “character for truthfulness” of a witness, it is expressly conditioned on Rule 403, which provides that relevant evidence “may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by consideration of undue delay, waste of time, or needless presentation of cumulative evidence.” Fed. R. Evid. 609(a)(1); Fed. R. Evid. 403; *see also Nibbs v. Goulart*, 822 F. Supp. 2d 339, 343 (S.D.N.Y. 2011) (“Under FRE 609(a)(1), the admissibility of the prior convictions is subject to the balancing test required by FRE 403.”).

Here, Jane Doe 1's 2011 Conviction is of little value in assessing her credibility because criminal possession of stolen property is not a crime of dishonesty.[7]  Moreover, the underlying crime occurred over six years ago.  While not falling into Rule 609(b)'s presumptive bar, the Second Circuit has held that "remoteness of a conviction, whatever its age, is always pertinent to [probative value]."  *United States v. Figueroa*, 618 F.2d 934, 942 (2d Cir. 1980); *Espinosa v. McCabe*, No. 9:10–cv–497 (MAD/CFH), 2014 WL 988832, at \*5 (N.D.N.Y. Mar. 12, 2014).  This conviction's probative value is therefore minimal at best.  Further, if admitted, the 2011 Conviction is highly likely to cause prejudice to Jane Doe 1 since the jurors may improperly focus on the specific crimes which resulted in incarceration, and not the rape and sexual abuse that Jane Doe 1 was forced to endure once in custody.  *Daniels*, 986 F. Supp. at 251 (discussing the heightened potential for unfair prejudice in a prisoner's civil rights law suit in particular) (citing *Davenport v. DeRobertis*, No. 83 Civ. 4392, 1986 WL 4157, at \*3 (N.D. Ill. Mar. 31, 1986)) (explaining that admission of prior conviction for impeachment purposes in civil rights cases was "likely to cause prejudice to plaintiffs since jurors might be unwilling to award damages once they have focused on the specific serious crimes which resulted in [their] incarceration").

As to Jane Doe 1's 2015 Conviction for robbery in the first degree, that too has little to no bearing on her credibility.  Robbery is not a crime of dishonesty.  *See* N.Y. Penal Law § 160.15(1) (McKinney 2017); *United States v. Hayes*, 553 F.2d 824, 827 (1977) (holding that crimes of force such as robbery do not involve dishonesty or false statements).  *See also United States v. Estrada*, 430 F.3d 606, 617 (2d Cir. 2005) (noting that crimes of violence "may result

---

[7]     *See* N.Y. Penal Law § 165.45(5) (McKinney 2017); *Daniels*, 986 F. Supp. at 249-51 (evidence of possession of stolen property conviction "inadmissible under Rule 609(a)(2) as [a] crime[] involving dishonesty or false statement"); *Young v. Calhoun*, 85 CIV. 7584 (SWK), 1995 WL 169020, at \*4 (S.D.N.Y. 1995) (excluding evidence of prior convictions for possession of stolen property because its probative value was not demonstrated to "outweigh[] their potential for prejudice").

from a short temper, a combative nature, extreme provocation, or other causes, [and] generally have little or no direct bearing on honesty and veracity") (alteration in original) (quoting *Gordon v. United States*, 383 F.2d 936, 940 (D.C. Cir. 1967)).

While the probative value of the 2015 Convictions is minimal, there is a substantial risk that it would unfairly prejudice Jane Doe 1. Knowledge of the 2015 Conviction—for which Jane Doe 1 is currently serving a sentence—would likely cause the jurors to evaluate Jane Doe 1's credibility on the basis of her status as a convicted felon rather than any actual probative value of the 2015 Conviction. *See United States v. Agostini*, 280 F. Supp. 2d 260, 262 (S.D.N.Y. 2003) (holding jurors' knowledge of conviction for criminal possession of weapon could cause jury to evaluate witness "based on his status as a convicted felon regardless of the actual relevance of the [c]onviction"); *Reed-Bey v. Pramstaller*, No. 06-10934, 2013 WL 5954424, at *4 (E.D. Mich. Nov. 7, 2013) ("Violent crimes generally do not reflect directly on the witness's propensity for truthfulness, and they also carry a high risk of unfair prejudice.").

## B.   Jane Doe 2's Sex Trafficking Felony Conviction Should Be Excluded

In 2013, Jane Doe 2 pled guilty to sex trafficking (the "2013 Conviction"). This conviction is inadmissible under Rule 412 and 609(a)(1) and (2).

Rule 412 proscribes admission of evidence in a civil proceeding involving sexual misconduct, even for impeachment purposes, that is offered to (1) "prove that a victim engaged in other sexual behavior" or (2) "prove a victim's sexual predisposition." Fed. R. Evid. 412(a); *see* Fed R. Evid. 412 advisory committee's note to subdivision (a), 1994 amendment (stating that evidence "must be excluded if Rule 412 so requires[,]" regardless of "whether offered as substantive evidence of for impeachment" and including "[e]vidence, which might otherwise be admissible under Rules 402, 404(b), 405, 607, 608, 609, or some other evidence rule"). Although Rule 412 provides a narrow window for admission if the probative value of the

victim's past sexual behavior "*substantially* outweighs the danger of harm to any victim and of unfair prejudice to any party," there is no question that standard cannot be met here.  Fed. R. Evid. 412(a)(2) (emphasis added).

Evidence of the 2013 Conviction is similarly inadmissible under Rule 609(a)(1) and (2). As an initial matter, sex trafficking is not a crime of dishonesty and has little probative value to Jane Doe 2's likelihood to testify truthfully at trial.[8]  And any negligible probative value of the 2013 Conviction is <u>far</u> outweighed by the prejudice Jane Doe 2 would suffer from the "infusion of sexual innuendo into the factfinding process" and the jury's improper "sexual stereotyping." Fed R. Evid. 412 advisory committee's notes; *see, e.g., United States v. Thompson*, 178 F. Supp. 3d 86, 90 (W.D.N.Y. 2016) (excluding evidence of victim's past prostitution).  The 2013 Conviction would confuse the jury and cause them to make the improper inference that Jane Doe 2 bears some responsibility for Santiago's rape and sexual abuse, i.e., that she "asked for it" or somehow consented to a sexual relationship with Santiago.  *See Agostini*, 280 F. Supp. 2d at 262 ("The [c]onviction may even serve to distract the jury from the crime charged against Agostini and instead focus on whether Crowder, as a convicted felon, 'deserved' to be assaulted by Agostini.  Such consideration by the jury would be inappropriate in the absence of any claim by Agostini of self-defense."); *Brown*, 606 F. Supp. 2d at 314 ("[S]imilarity of past and present offenses weighs heavily *against* the use of prior criminal convictions for impeachment purposes" because it "creates a high risk of unfair prejudice") (emphasis in original).

And the law is clear that a detainee cannot consent to sexual relations with a correction officer.  N.Y. Penal Law § 130.05(3) (McKinney 2017) ("A person is deemed incapable of consent when he or she is: . . . (f) committed to the care and custody or a local correctional

---

[8]    *Maize v. Nassau Health Care Corp.*, CV 05-4920 (ETB), 2012 U.S. Dist. LEXIS 37058, at *8 (E.D.N.Y. Jan. 18, 2012) (sex crimes are "low on the list of crimes relating to veracity.") (citation omitted).  *See* N.Y. Penal Law § 230.34(5) (McKinney 2017).

facility . . . and the actor is an employee, not married to such person, who knows or reasonably should know that such person is committed to the care and custody of such facility."). Thus, the City should be precluded from introducing any evidence related to the 2013 Conviction.

### C.   Even if Convictions Are Admissible, Disclosure to Jury Should be Limited

Even if the Court concludes that the probative value of certain of Plaintiffs' convictions are not "substantially outweighed by the danger of unfair prejudice," the Court should limit the information about any such convictions shared with the jury *only* to the dates of the conviction and the fact that the sentence exceeded one year.[9] Where, as here, the underlying facts and names of the offenses are not probative of truthfulness, and the jury's knowledge of such information would be highly prejudicial, it should not be allowed into evidence.  *See Somerville v. Saunders*, No. 9:11-CV-556 (MAD/DEP), 2014 WL 272415, at *10 (N.D.N.Y. Jan. 24, 2014) ("[E]vidence as to the fact that Plaintiff is currently incarcerated on the basis of felony convictions is admissible; the names, nature, number dates, and sentences of the convictions are not."); *Joe*, 2008 WL 2810169, at *4 (holding that "[a]llowing the jury to know the statutory name of the offense would add little to their assessment of [the witness's] credibility" while "this detail poses a danger of unfair prejudice"); *Brown*, 606 F. Supp. 2d at 318-19, 321 (allowing only fact and date of conviction due to "high risk for unfair prejudice if the statutory name is introduced to the jury").

The facts and statutory name of the offense giving rise to Jane Doe 1's 2011 and 2015 Convictions—"criminal possession of stolen property in the fourth degree" and "robbery in the first degree"— and Jane Doe 2's 2013 Conviction—"Sex trafficking"—might "unfairly bias the

---

[9]       To the extent that evidence of any one of Jane Doe 1 or Jane Doe 2's convictions is deemed admissible, evidence of additional convictions should be excluded as cumulative and unduly prejudicial.  *See Robinson*, 2011 WL 5416324, at *3 (excluding evidence of convictions as cumulative where they would be "misused by the jury as evidence that [plaintiff] is a bad person").

jury against [her]." *Young*, 1995 WL 169020, at *4.  Further, the length of the sentence for Jane Doe 1's 2015 Conviction, thirteen years, poses a danger of unfair prejudice because the jury might infer that Jane Doe 1 is a violent person with no entitlement to be free from rape by correctional officers.  *See Giles v. Rhodes*, No. 94 Civ. 6385(CSH), 2000 WL 1510004, at *1-2 (S.D.N.Y. Oct. 10, 2000) (precluding reference to length of  plaintiff's sentence due to risk of unfair prejudice).

Because the underlying facts and names of Jane Doe 1's 2011 and 2015 Convictions and Jane Doe 2's 2013 Conviction are not probative of their character for truthfulness, any evidence of these convictions should be limited to the dates of the convictions and the fact that the sentences exceeded one year.[10]  *See, e.g.*, *Joe*, 2008 WL 2810169, at *4.

### D.      Plaintiffs' Misdemeanor Convictions Should Be Excluded

Evidence of criminal convictions within the last 10 years and punishable by less than one year of imprisonment is generally inadmissible under Rule 609(a)(1).  Fed. R. Evid. 609(a)(1) (providing that evidence of prior convictions punishable by *more than one year of imprisonment* may be relevant to attack the "character for truthfulness" of a witness).  Because sentences for misdemeanor convictions in New York State cannot exceed one year, N.Y. Penal Law § 70.15(1) (McKinney 2017), evidence of Plaintiffs' misdemeanor convictions are inadmissible under Rule 609(a)(1).

Between 2007 and 2011, Jane Doe 1 pled guilty to a number of misdemeanors. These included six convictions for criminal possession of a controlled substance in the seventh degree, three convictions for resisting arrest, two for prostitution, one for criminal possession of stolen property in the fifth degree, one for criminal facilitation in the fourth degree, and one for assault

---

[10]      Defendants have consented to allow Jane Doe 1 to attend trial in civilian clothing and without shackles or restraints.

in the third degree.  In each case, Jane Doe 1 was sentenced to less than one year imprisonment.

Jane Doe 2 also pled guilty to misdemeanors between 2008 and 2010:  five convictions for

loitering for the purpose of prostitution, four convictions for prostitution,[11] and one conviction

for petit larceny.  Jane Doe 2 was sentenced to less than one year imprisonment for each

conviction.  Therefore, Defendants are prohibited from introducing evidence of Jane Doe 1 and

Jane Doe 2's misdemeanor convictions under Rule 609(a)(1).

      Nor does Rule 609(a)(2) provide any admissibility exception applicable here.[12]  Not one

of Plaintiffs' misdemeanors falls within the narrow category of crimes involving dishonesty or a

false statement for the purposes of a Rule 609(a)(2) analysis.  *See Lewis v. Velez*, 149 F.R.D.

474, 481 (S.D.N.Y. 1993) ("Neither drug crimes nor assault involve dishonesty or false

statement . . . ."); *Daniels*, 86 F. Supp. at 249-51 (finding convictions for possession of stolen

property, resisting arrest inadmissible under Rule 609(a)(2)); *Walker*, 613 F.2d at 1354 ("We

similarly hold that a conviction for prostitution does not involve dishonesty or false statement

and is not admissible under 609(a) for impeachment purposes.");  *Hayes*, 553 F.2d at 827

("[C]rimes of force such as armed robbery or assault, or crimes of stealth, such as burglary and

petit larceny . . . do not come within" Rule 609(a)(2)) (citation omitted); *N.Y. Standard Mech.*

*Corp. v. U.S. Specialty Ins. Co.*, No. 14cv2695 (DLC), 2015 WL 5724796, at *2 (S.D.N.Y. Sept.

---

[11]     One of Jane Doe 2's convictions for prostitution occurred in South Carolina.  The sentence for the first conviction for prostitution is no more than 30 days confinement in prison.  S.C. Code Ann. § 16-15-110 (1976).

[12]     Rule 609(a)(2) permits impeachment of a witness with convictions "for any crime regardless of the punishment . . . if the court can readily determine that establishing the elements of the crime required proving—or the witness's admitting—a dishonest act or false statement."  Fed. R. Evid. 609(a)(2); *Fletcher v. City of New York*, 54 F. Supp.2d 328, 331 (S.D.N.Y. 1999) (in determining whether the conviction involved dishonesty, the court "must look to the elements of the crime that the prosecutor had to prove, not the details of the particular crime committed") (citation omitted).  In the context of Rule 609(a)(2), the terms "dishonesty" and "false statement" are to be construed narrowly to refer only to convictions that are "peculiarly probative of credibility, such as . . . offense[s] in the nature of a crimen falsi, the commission of which involves some element of deceit, untruthfulness, or falsification bearing on the accused's propensity to testify truthfully."  *Hayes*, 553 F.2d at 827 (citation omitted); *see also Daniels*, 86 F. Supp. at 249.

29, 2015) ("The elements of misdemeanor criminal facilitation [in the fourth degree] do not require that the State prove a dishonest act or false statement.").

Only in the limited circumstance when the title of the offense is unclear may the Court look to the underlying facts of the offense to determine whether the conviction involved dishonesty or false statements, and the party seeking to introduce evidence of the otherwise inadmissible conviction bears the burden of demonstrating such facts exist. *See Hayes*, 553 F.2d at 827 ("If the title of an offense leaves room for doubt, a prosecutor desiring to take advantage of automatic admission of a conviction . . . must demonstrate to the court 'that a particular prior conviction rested on facts warranting the dishonesty or false statement description'") (citation omitted). Here, all the misdemeanor convictions clearly do not involve dishonesty or false statements.[13]  In the absence of any facts to the contrary, evidence of the misdemeanor convictions is not admissible.

### III.    MS. BROWNE'S CRIMINAL CONVICTIONS ARE ALSO INADMISSIBLE

Naseka Browne is a third party witness Plaintiffs expect to call at trial.  She was detained at RMSC from March 2008 until June 2011, and while there she was raped and sexually abused

---

[13]      For the avoidance of doubt, the use of an alias during the commission of a crime will not convert a conviction into a crime involving dishonesty or false statement for purposes of Rule 609(a)(2). The same holds true of a false statement made during the commission of a crime.  The Advisory committee's notes to Rule 609 make this clear, providing that:

> Rule 609(a)(2) mandates the admission of evidence of a conviction only when the conviction **required the proof of** (or in the case of a guilty plea, the admission of) an act of dishonesty or false statement. Evidence of all other convictions is inadmissible under this subsection, *_irrespective of whether the witness exhibited dishonesty or made a false statement in the process of the commission of the crime of conviction_*. Thus, evidence that a witness was convicted for a crime of violence, such as murder, is not admissible under Rule 609(a)(2), even if the witness acted deceitfully in the course of committing the crime.

Fed. R. Evid. 609 advisory committee's note to 2006 amendment (emphasis added).  Instead, any effort to introduce a witness's aliases or false statements would be an attempt to circumvent the restrictions of Rule 609 to introduce evidence of convictions that would otherwise be inadmissible.  *Fletcher,* 54 F. Supp.2d at 333.  *See also United States v. Beedle*, 463 F.2d 721, 725 (3d Cir. 1972) (introducing evidence of the use of an alias "served no useful end and could only prejudice" the defendant).  To the extent the Court allows Defendants to question a witness about the use of aliases for some admissible purpose, the questioning should be limited solely to the fact that the witness used an alias and not details of the underlying crimes during which the alias was used.

by two different correction officers, one of whom impregnated her.  After reporting this abuse, Ms. Browne was retaliated against and to her knowledge, nothing was done to punish the officers.

In 2011, Ms. Browne pled guilty to robbery in the second degree and was sentenced to a term of six-years imprisonment.  Evidence of this conviction is inadmissible under Rule 609(a)(1) and (2).  As discussed above, robbery is not a crime of dishonesty or false statement admissible under Rule 609(a)(2).  *See* N.Y. Penal Law § 190.79(3) (McKinney 2017); *Hayes*, 553 F.2d at 827.  Ms. Browne's conviction for robbery in the second degree also has little bearing on the veracity of her testimony and weighs against introducing the conviction.  *Id.*  The risk that jurors will improperly evaluate Ms. Browne's credibility on the basis of her status as a convicted felon, rather than on the actual probative value of the robbery conviction is overwhelming.  *See Agostini*, 280 F. Supp. 2d at 262 (recognizing the high risk that jurors may improperly evaluate credibility "based on [ ] status as a convicted felon regardless of the actual relevance of the [c]onviction").  Thus, the defendants must be precluded from introducing evidence of Ms. Browne's past conviction.

## IV.   EVIDENCE OF PLAINTIFFS' AND MS. BROWNE'S ARRESTS AND CHARGES ARE INADMISSIBLE

Defendants have made clear that they intend to further blur the issues at trial by introducing irrelevant and highly prejudicial evidence of Plaintiffs' criminal histories.  Specifically, in Defendants' list of exhibits attached to its proposed pre-trial order they list Plaintiffs' RAP sheets.  Being arrested for a crime does not constitute a conviction under Rule 609, and evidence of an arrest is therefore inadmissible.  *See Daniels*, 986 F. Supp. at 252 ("Arrest without more does not . . . impeach the integrity or impair the credibility of a witness.  It happens to the innocent as well as the guilty.  Only a conviction, therefore, may be inquired

13

about to undermine the trustworthiness of a witness.") (quoting *Michelson v. United States*, 335 U.S. 469, 482 (1948)); *Kelly*, 1987 WL 16593, at *2.  Accordingly, any evidence of Plaintiffs and Ms. Browne's arrests that did not result in criminal convictions must be excluded.

## **CONCLUSION**

For all of the foregoing reasons, Plaintiffs respectfully request that the Court preclude any testimony or evidence related to: (i) Plaintiff Jane Doe 1's criminal convictions and/or charges, (ii) Plaintiff Jane Doe 2's criminal convictions and/or charges; and (iii) Naseka Brown's criminal convictions and/or charges.

Dated: New York, New York
April 17, 2017

Respectfully submitted,

CLEARY GOTTLIEB STEEN & HAMILTON LLP

_/s/ James L. Bromley_____

By:

James L. Bromley
*jbromley@cgsh.com*

One Liberty Plaza
New York, New York 10006
Tel: (212) 225-2000
Fax: (212) 225-3999

Of Counsel:
Mitchell A. Lowenthal
*mlowenthal@cgsh.com*
Josh E. Anderson
*jeanderson@cgsh.com*

William D. Gibney
*wdgibey@legal-aid.org*
Marlen S. Bodden
*mbodden@legal-aid.org*
Barbara P. Hamilton
*bphamilton@legal-aid.org*
THE LEGAL AID SOCIETY
199 Water Street, 6th Floor
New York, New York 10038
Tel: (212) 577-3300

*Attorneys for Plaintiffs*