UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| JANE DOE 1 and JANE DOE 2, on behalf of themselves and all similarly situated women,<br><br>Plaintiffs,<br><br>-against-<br><br>THE CITY OF NEW YORK and BENNY SANTIAGO,<br><br>Defendants. | 15 Civ. 3849 (AKH) |

**MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFFS' MOTION *IN LIMINE* TO PRECLUDE TESTIMONY FROM PREVIOUSLY UNDISCLOSED DEFENSE WITNESSES**

Pursuant to Rules 26 and 37(c)(1) of the Federal Rules of Civil Procedure, plaintiffs Jane Doe 1 and Jane Doe 2 ("Plaintiffs") respectfully submit this memorandum of law in support of their motion *in limine* to preclude the trial testimony of numerous new witnesses that defendant the City of New York (the "City") identified for the first time in its proposed joint pretrial order ("JPTO"), in violation of its fact discovery obligations.

**PRELIMINARY STATEMENT**

On April 10, 2017, less than thirty days before trial is scheduled to begin, the City provided a draft of its portion of the JPTO, stating that the City intends to call numerous witnesses previously undisclosed to Plaintiffs. These new witnesses consist of Faye Yelardy, Cynthia Brann, Ana Datt, Raleem Moses, Michelle Clifford and at least two additional "witnesses" the City has not yet even identified by name (even after Plaintiffs inquired): a "DOC representative to testify about camera coverage" and "[w]itnesses as needed to authenticate and explain business records" (collectively, the "New Witnesses").

Federal court litigation is not trial by ambush. All parties to this action were obligated under the Federal Rules of Civil Procedure to identify – at the outset of fact discovery, and throughout the fact discovery process – the name (and other basic information) "of each individual likely to have discoverable information." Fed. R. Civ. P. 26(a)(1)(A)(i). Initial disclosures were exchanged in July of 2015, and the City identified not one of the New Witnesses in its initial disclosures. Decl. of Josh E. Anderson in Supp. of Pls.' Mot. *in Lim.* to Preclude Test. From Previously Undisclosed Defense Witnesses ¶ 4 (Apr. 17, 2017) ("Anderson Decl."). Moreover, at no point in the intervening year and a half has the City given any indication that any of these New Witnesses might have information relevant to trial on Plaintiffs' damages claims.[1] *See* Anderson Decl. ¶ 5. The City has offered no justification for its patent failure to properly disclose these witnesses, which is quite simply a violation of the City's discovery obligations. Plaintiffs are thus confronted with an imminent trial date and for the first time learned that they may face multiple witnesses that Plaintiffs have never deposed, and the scope of whose testimony is simply unknown.

The Court should preclude the City from calling the New Witnesses at trial.

---

[1] In an e-mail on April 12, the City vaguely asserted:

> We'll review again the names of the Monell witnesses we listed. Initially we had thought that some of them would be necessary for the injunctive phase of the case if it gets that far - however, the JPTO is only for the first three phases of the trial, not the injunctive phase, so it is likely that some of those names will come off the list.

The City should have been under no confusion when it was composing its witness list that the scope of trial is limited to Plaintiffs' damages claims – the Court was very clear during the March 20 conference that the injunctive claim will be tried, if at all, only after Plaintiffs' damages trial, *see* Tr. of Mar. 20, 2017 Court Conf. 28:15-19, ECF No. 312. As of today's date – the deadline for Plaintiffs to file motions *in limine* – the City has not made good on its open-ended assurance to "review again" its witness list, leaving Plaintiffs with no choice but to assume that the City intends to call these witnesses to provide *Monell* evidence on Plaintiffs' individual damages claims, and to move *in limine* to exclude those witnesses. If the City responds to this motion by agreeing to strike certain witnesses, that will only underscore the City's abuse of the pre-trial process – which Plaintiffs will separately detail in other filings – through forcing Plaintiffs to waste time drafting and filing unnecessary motions.

**ARGUMENT**

A.   **Applicable Legal Standards**

Litigants must disclose the name and contact information of "each individual likely to have discoverable information – along with the subjects of that information – that the disclosing party may use to support its claims or defenses," within fourteen days of the 26(f) conference. Fed. R. Civ. P. 26(a)(1). Supplemental disclosures <u>must</u> be made "in a timely manner." Fed. R. Civ. P. 26(e)(1)(A). Litigants have a separate obligation to disclose witnesses they intend to call at trial thirty days before trial commences. Fed. R. Civ. P. 26(a)(3)(B).

Failure to disclose a witness in accordance with these rules results in exclusion of the witness's testimony, "unless the failure was substantially justified or is harmless." Fed. R. Civ. P. 37(c)(1). In evaluating a party's failure to disclose a witness pursuant to Rule 26, the Court must consider "(1) the party's explanation for the failure to comply with the disclosure requirement; (2) the importance of the testimony of the precluded witnesses; (3) the prejudice suffered by the opposing party as a result of having to prepare to meet the new testimony; and (4) the possibility of a continuance." *Patterson v. Balsamico*, 440 F.3d 104, 117 (2d Cir. 2006) (quoting *Softel, Inc. v. Dragon Med. & Sci. Commc'ns, Inc.*, 118 F.3d 955, 961 (2d Cir. 1997)).

B.   **The City Violated Its Rule 26 Disclosure Obligations**

There is no question that the City failed to properly disclose the New Witnesses in accordance with Rule 26. Simply, none of them appeared in the City's initial disclosures. Anderson Decl. ¶ 4. The City never supplemented its initial disclosures, nor did the City otherwise identify these witnesses during discovery as individuals with relevant information whom the City might call in its defense on Plaintiffs' individual damages claims. *Id.* ¶ 5. As a result, the City violated the discovery requirements of Rules 26(a)(1) and 26(e). *See Badolato v. Long Island R.R. Co.*, No. CV 14-1528 (AKT), 2016 WL 6236311, at *4 (E.D.N.Y. Oct. 25,

3

2016) (citation omitted) ("[T]o satisfy Rule 26, parties must make an unequivocal statement that they may rely upon an individual on a motion or at trial.").

Furthermore, the City cannot claim to have put Plaintiffs on any type of constructive notice that any of the New Witnesses had relevant information or might be called at trial. The names of at least two of the New Witnesses have still not yet been provided. Several of the named witnesses – Cynthia Brann, Ana Datt and Raleem Moses – were entirely unknown to Plaintiffs before the City served its April 10, 2017 draft JPTO.[2]

The other New Witnesses named in the City's draft JPTO – Faye Yelardy and Michelle Clifford – were names Plaintiffs had incidentally encountered during discovery, but were never sufficiently identified by the City. *See Pal v. N.Y. Univ.*, No. 06 Civ. 5892(PAC)(FM), 2008 WL 2627614, at *4 (S.D.N.Y. June 30, 2008) (citation omitted) ("[K]nowledge of the existence of a witness does not satisfy the Rule 26(a)(1)(A) disclosure obligation; that obligation is fulfilled only if [defendant] informed [plaintiff] that it might call the witness in support of its claims or defenses."); *see also Lujan v. Cabana Mgmt., Inc.*, 284 F.R.D. 50, 72 (E.D.N.Y. 2012) ("Many courts in this Circuit . . . have held that the mere mention of a name in a deposition or interrogatory response is insufficient to satisfy Rule 26(a)(1)(A).") (collecting cases). Moreover, Plaintiffs had no reason to suspect these individuals might have relevant knowledge in connection with Plaintiffs' individual damages claims.

First, Faye Yelardy became the Prison Rape Elimination Act coordinator for the New York City Department of Correction in June of 2014, Decl. of Faye Yelardy in Opp'n to Pls.' Mot. to Compel Disclosure of Privileged Docs. ¶ 1 (June 15, 2016), ECF No. 163 ("Yelardy

---

[2]   In discovery, the City produced no electronically stored information ("ESI") containing the name Ana Datt. Anderson Decl. ¶ 6. Plaintiffs received production of one ESI document where Raleem Moses is listed as the target of a corrupt misconduct allegation made in August of 2015. *Id.* ¶ 7. A total of nine ESI documents referred to Cynthia Brann, eight of which pertained to a single email chain that included Brann in the cc line. *Id.* ¶ 8.

4

Decl."), <u>after the period of time relevant to Plaintiffs' damages claims</u>. Second, Michelle Clifford, the former warden of the Rose M. Singer Center, was an ESI custodian for whom a total of just thirty-three documents were produced – all of which were entirely unilluminating. Anderson Decl. ¶¶ 3, 9. <u>All thirty-three either were entirely redacted as unresponsive, contained one line of text indicating a confidential allegation had been made within the Department of Correction or, in one instance, contained a Department of Correction job description</u>. *Id.* ¶ 9. As a result, the City cannot claim to have provided information sufficient "to alert an opposing party of the need to take discovery of the named witness," as required by Rule 26. *Pal*, 2008 WL 2627614, at *4.

### C. The Court Should Preclude Testimony Of These Undisclosed Witnesses

The City cannot meet its burden to show that its failure to disclose these witnesses is "substantially justified" or "harmless" under Rule 37(c)(1). Following the Second Circuit's four-factor test, it is clear that the New Witnesses should be precluded from testifying at trial.

First, the City has not provided any explanation for failing to disclose these witnesses previously. Nor could it: all the witnesses are either current or former City employees, and thus the City has been aware of their potential relevance to this suit for some time. The only explanation for the City's failure to disclose these individuals is sheer neglect of the discovery process, or worse.

Second, the importance of the witnesses' testimony also favors Plaintiffs. It is not clear that any of the witnesses have any information that would be relevant to Plaintiffs' damages claims – rather, it appears that most of these witnesses would only have information relevant to a class claim seeking equitable relief. The majority of the undisclosed witnesses appear to be recent hires, *see* Anderson Decl. ¶ 3; Yelardy Decl. ¶ 1, who would therefore not

5

have information pertinent to the historical time period relevant to the damages claims.  Indeed, the City itself seems to concede that many – if not all – of these witnesses would not have testimony relevant to Plaintiffs' damages claims.  *See supra* note 1.

Third, Plaintiffs are greatly prejudiced by the introduction of these New Witnesses at such a late stage, especially if it turns out that – notwithstanding that it appears these witnesses could be relevant only to the equitable claim not now being tried – they do have relevant testimony concerning Plaintiffs' damages claims.  Plaintiffs have not had an opportunity to depose these individuals, analyze whatever relevant information these individuals possess or otherwise prepare for their testimony.  Plaintiffs would also be unduly prejudiced by being forced to "re-open discovery, at the 11th hour and on the very eve of trial" to prepare for any testimony these witnesses might offer.  *Badolato*, 2016 WL 6236311, at *5.  The introduction of this unplanned testimony would be an extreme burden for Plaintiffs to bear at this late stage.

Last, the possibility of continuance would further prejudice Plaintiffs by needlessly delaying their day in court.  Fact discovery closed in August (seven months ago), and the City's opportunity to identify new fact witnesses has thus long since passed.  *See Lujan*, 284 F.R.D. at 76 ("While a continuance is always theoretically possible, the closure of discovery weighs against a continuance.").

The City's failure to disclose numerous witnesses is not "substantially justified" or "harmless," and thus the City should be barred from calling these witnesses at trial under Rule 37(c)(1).

## **CONCLUSION**

For the foregoing reasons, the Court should preclude the City from calling the New Witnesses at trial.

Dated: New York, New York
April 17, 2017

                                            CLEARY GOTTLIEB STEEN & HAMILTON LLP

By: /s/ James L. Bromley
     James L. Bromley
     *jbromley@cgsh.com*

     One Liberty Plaza
     New York, New York 10006
     Tel: (212) 225-2000
     Fax: (212) 225-3999

Of Counsel:
Mitchell A. Lowenthal
*mlowenthal@cgsh.com*
Josh E. Anderson
*jeanderson@cgsh.com*

     William D. Gibney
     *wdgibney@legal-aid.org*
     Marlen S. Bodden
     *mbodden@legal-aid.org*
     Barbara P. Hamilton
     *bphamilton@legal-aid.org*
     THE LEGAL AID SOCIETY
     199 Water Street, 6th Floor
     New York, New York 10038
     Tel: (212) 577-3300

     *Attorneys for Plaintiffs*