UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

JANE DOE 1 and JANE DOE 2, on behalf of
themselves and all similarly situated women,

                Plaintiffs,

     -against-

THE CITY OF NEW YORK and BENNY
SANTIAGO,

               Defendants.

15 Civ. 3849 (AKH)

---

## MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFFS' MOTION *IN LIMINE* TO EXCLUDE DEFENDANT THE CITY OF NEW YORK'S EXHIBITS

Plaintiffs Jane Doe 1 and Jane Doe 2 ("Plaintiffs") file this motion *in limine* to exclude the exhibits listed on defendant the City of New York's (the "City") exhibit list because the City violated the parties' agreement to identify exhibits by Bates number in their respective exhibit lists.

## ARGUMENT

That Plaintiffs are required to file this motion is a testament to the extraordinary manner in which the City has conducted itself during the pre-trial process.  In addition to its eleventh-hour identification of a spate of previously undisclosed witnesses and its refusal to stipulate to facts that it had already expressly admitted (both of which are the subject of concurrently filed motions), in violation of the parties' written agreement, the City refused to identify the Bates numbers of the exhibits it included on its exhibit list, which it served on April 10.  *See* Decl. of Joseph Kay in Supp. of Pls.' Mot. *in Lim.* to Exclude Def. the City of New York's Exs. ¶ 5 (Apr. 17, 2017) ("Kay Decl.").

This was especially galling given that the City made the specific (and entirely reasonable) request to "[p]lease identify all exhibits by description and Bates number in your portion of the JPTO <u>and we will do the same</u>."  Kay Decl. ¶ 3 (emphasis added).  Plaintiffs complied when they served their exhibit list on April 3.  *Id.* ¶ 4.  The City did not; it failed to list Bates numbers for all but 2 of the 117 exhibits it listed.  *Id.* ¶ 5.  When Plaintiffs pointed out the City's breach and requested a corrected list, the City refused:

> You are correct that we stated we would do this, but the exhibits are all readily identifiable by their descriptions, something we realized <u>when we were going through the exhibits</u>.  If there's any exhibit that you can't identify by its description - and I doubt there will be - let us know and we'll look into it promptly.  In the meantime, we will attempt to identify the exhibits by Bates number prior to submission of the JPTO.

*Id.* ¶ 6 (emphasis added).  In other words, the City unilaterally – and consciously – decided "when [they] were going through the exhibits" to breach the agreement, after Plaintiffs had complied.

Nor was the City's after-the-fact "explanation" for its breach truthful – much less a justification.  Plaintiffs were forced to spend a significant number of attorney hours over multiple days combing through more than **35,000** pages of produced documents trying to identify the exhibits the City had listed.  Even then – contrary to the City's assertion – there were considerable ambiguities as to a number of them.  (And as to the remainder, Plaintiffs had, at best, an educated guess what the City intended.)  Trying to at least clarify the patent ambiguities, Plaintiffs sent the City an email with various questions on April 11.  Kay Decl. ¶ 7.  The City did not substantively respond until the afternoon of Thursday, April 13.  *Id.*  ¶ 8.  Apparently realizing that its position was utterly indefensible, the City finally provided a revised exhibit list that included Bates stamps.  *Id.*

This purported cure of the City's breach was inadequate.  First, pursuant to the Court's March 28, 2017 scheduling order, ECF No. 311, the City's exhibit list was due to be served on Monday, April 10.  Monday was the date for compliance; not Thursday afternoon.  Second, Plaintiffs have been prejudiced.  After half of Plaintiffs' allotted time to interpose objections had expired (objections are due April 17), Plaintiffs were still scrambling to figure out what exhibits the City had even listed.  Third, after the City belatedly provided the "revised" list, Plaintiffs had to waste additional time backtracking and cross-referencing to make sure the work they had already done was in relation to the correct documents – and, in several cases, it turned out that Plaintiffs had not correctly surmised the City's intention.  Fourth, in its "revised" exhibit list, the City included three brand new exhibits, which were not previously listed.  Kay Decl. ¶ 8.  None of the new exhibits were identified with Bates stamps, and for one of the exhibits, the sole description is "Inmate Grievances."  *Id.*  Plaintiffs do not know what these documents are, whether they were even produced, or where to find them.

## CONCLUSION

The City should be held to the promise it made.  It deliberately and intentionally breached that promise.  As a result, the Court should exclude the exhibits listed in the City's exhibit list, including the three new ones the City belatedly identified.

Dated:  New York, New York
        April 17, 2017

CLEARY GOTTLIEB STEEN & HAMILTON LLP

By:   /s/ James L. Bromley
      James L. Bromley
      *jbromley@cgsh.com*

      One Liberty Plaza
      New York, New York 10006
      Tel: (212) 225-2000
      Fax: (212) 225-3999

Of Counsel:
Mitchell A. Lowenthal
*mlowenthal@cgsh.com*
Josh E. Anderson
*jeanderson@cgsh.com*

      William D. Gibney
      *wdgibney@legal-aid.org*
      Marlen S. Bodden
      *mbodden@legal-aid.org*
      Barbara P. Hamilton
      *bphamilton@legal-aid.org*
      THE LEGAL AID SOCIETY
      199 Water Street, 6th Floor
      New York, New York 10038
      Tel: (212) 577-3300

      *Attorneys for Plaintiffs*