CRIMINAL COURT OF THE CITY OF NEW YORK
PART APAR, COUNTY OF QUEENS

| THE PEOPLE OF THE STATE OF NEW YORK | STATE OF NEW YO |
|---|---|
| V. | COUNTY OF QUEEN： |
| ▓▓▓▓▓▓▓▓ DEFENDANT | |

POLICE OFFICER THOMAS PALEMIRE OF 113TH PRECINCT, TAX REG#: 946528, BEING DULY SWORN, DEPOSES AND SAYS THAT ON OR ABOUT APRIL 14 2011 BETWEEN 6:45PM AND 7:00PM, AT THE INTERSECTION OF 150 STREET AND 131 AVENUE, COUNTY OF QUEENS, STATE OF NEW YORK

THE DEFENDANT COMMITTED THE OFFENSES OF:
PL 165.45-5 CRIMINAL POSSESSION OF STOLEN PROPERTY IN THE FOURTH
            DEGREE
VTL 509-1 DRIVING BY UNLICENSED OPERATOR
PL 165.05-1 UNAUTHORIZED USE OF A VEHICLE IN THE THIRD DEGREE
PL 205.30 RESISTING ARREST
PL 220.03 (10/28/2010) CRIMINAL POSSESSION OF A CONTROLLED SUBSTANCE
            IN THE SEVENTH DEGREE
PL 260.10-1 ENDANGERING THE WELFARE OF A CHILD - DNA SAMPLE REQUIRED
            UPON CONVICTION
VTL 511(1)(A) AGGRAVATED UNLICENSED OPERATION OF A MOTOR VEHICLE IN
            THE THIRD DEGREE
PL 240.20-5 DISORDERLY CONDUCT
VTL 1172-A FAILED TO STOP FOR STOP SIGN
VTL 1229-C-1 OPERATION OF VEHICLES WITH SAFETY SEATS AND SAFETY BELTS

IN THAT THE DEFENDANT DID: KNOWINGLY POSSESS STOLEN PROPERTY, EXCEEDING ONE HUNDRED DOLLARS IN VALUE AND CONSISTING OF A MOTOR VEHICLE, AS DEFINED IN SECTION ONE HUNDRED TWENTY FIVE OF THE VEHICLE AND TRAFFIC LAW, OTHER THAN A MOTORCYCLE, AS DEFINED IN SECTION ONE HUNDRED TWENTY-THREE OF SUCH LAW, WITH INTENT TO BENEFIT HIMSELF OR A PERSON OTHER THAN THE OWNER THEREOF OR TO IMPEDE THE RECOVERY BY THE OWNER THEREOF; NOT OPERATING A VEHICLE DURING A ROAD TEST CONDUCTED PURSUANT TO THE PROVISIONS OF ARTICLE NINETEEN OF THE VEHICLE AND TRAFFIC LAW, KNOWINGLY AND UNLAWFULLY OPERATE OR DRIVE A MOTOR VEHICLE UPON A STATE PUBLIC HIGHWAY, ANY SIDEWALK, OR TO OR FROM ANY LOT ADJACENT TO A PUBLIC GARAGE, SUPERMARKET, SHOPPING CENTER OR CAR WASHING ESTABLISHMENT, OR TO OR FROM OR INTO A PUBLIC GARAGE OR CAR WASHING ESTABLISHMENT WITHOUT BEING DULY LICENSED PURSUANT TO THE PROVISIONS OF ARTICLE NINETEEN; TAKE, OPERATE, EXERCISE CONTROL OVER, RIDE IN OR OTHERWISE USE A VEHICLE KNOWING HE DID NOT HAVE THE CONSENT OF THE OWNER; INTENTIONALLY PREVENT OR ATTEMPT TO PREVENT A POLICE OFFICER OR A PEACE OFFICER FROM EFFECTING AN AUTHORIZED ARREST OF HIMSELF OR ANOTHER PERSON; KNOWINGLY AND UNLAWFULLY POSSESS A CONTROLLED SUBSTANCE; PROVIDED, HOWEVER, THAT IT SHALL NOT BE A VIOLATION OF THIS SECTION WHEN A PERSON POSSESSED A RESIDUAL AMOUNT OF A CONTROLLED

SUBSTANCE AND THAT RESIDUAL AMOUNT IS IN OR ON A HYPODERMIC SYRINGE OR HYPODERMIC NEEDLE OBTAINED AND POSSESSED PURSUANT TO SECTION THIRTY-THREE HUNDRED EIGHTY-ONE OF THE PUBLIC HEALTH LAW;KNOWINGLY ACT IN A MANNER LIKELY TO BE INJURIOUS TO THE PHYSICAL, MENTAL OR MORAL WELFARE OF A CHILD LESS THAN SEVENTEEN YEARS OLD, OR DIRECT OR AUTHORIZE SUCH CHILD TO ENGAGE IN AN OCCUPATION INVOLVING A SUBSTANTIAL RISK OF DANGER TO HIS LIFE OR HEALTH;OPERATE A MOTOR VEHICLE UPON A PUBLIC HIGHWAY WHILE KNOWING OR HAVING REASON TO KNOW THAT SUCH PERSON'S LICENSE OR PRIVILEGE OF OPERATING SUCH MOTOR VEHICLE IN THIS STATE OR PRIVILEGE OF OBTAINING A LICENSE TO OPERATE SUCH MOTOR VEHICLE ISSUED BY THE COMMISSIONER IS SUSPENDED, REVOKED OR OTHERWISE WITHDRAWN BY THE COMMISSIONER;WITH INTENT TO CAUSE PUBLIC INCONVENIENCE, ANNOYANCE OR ALARM, OR RECKLESSLY CREATING A RISK THEREOF, OBSTRUCT VEHICULAR OR PEDESTRIAN TRAFFIC;;DID OPERATE A MOTOR VEHICLE IN THIS STATE (NEW YORK) AND A PASSENGER OF SUCH VEHICLE UNDER THE AGE OF FOUR WAS NOT RESTRAINED IN A SPECIALLY DESIGNED SEAT WHICH MEETS THE FEDERAL MOTOR VEHICLE SAFETY STANDARDS SET FORTH IN 49 C.F.R. 571.213 AND WHICH WAS EITHER PERMANENTLY AFFIXED TO SUCH VEHICLE BY A SAFETY BELT OR IN THE CASE OF ANY OTHER PASSENGER DID OPERATE SUCH VEHICLE AND A PASSENGER UNDER THE AGE OF SIXTEEN WAS NOT RESTRAINED BY A SAFETY BELT AS APPROVED BY THE COMMISSIONER

THE SOURCE OF DEPONENT'S INFORMATION AND THE GROUNDS FOR DEPONENT'S BELIEF ARE AS FOLLOWS:

DEPONENT STATES THAT AT THE ABOVE DATE, TIME AND PLACE OF OCCURRENCE, HE OBSERVED THE DEFENDANT, MISTY WILSON, OPERATING A 2007 NISSAN SENTRA NEW YORK LICENSE PLATE NUMBER ▉▉▉▉ AT A HIGH RATE OF SPEED AND DRIVE THROUGH A STOP SIGN.

DEPONENT FURTHER STATES THAT WHEN HE ATTEMPTED TO STOP THE DEFENDANT'S VEHICLE, THE DEFENDANT'S VEHICLE CONTINUED DRIVING AT A HIGH RATE OF SPEED TO THE INTERSECTION OF 150 STREET AND NORTH CONDUIT AVENUE AND THEN PROCEEDED TO PARK SAID VEHICLE IN THE MIDDLE OF THE STREET BLOCKING VEHICULAR TRAFFIC.

DEPONENT FURTHER STATES THAT THE DEFENDANT'S SIX YEAR OLD NIECE, ▉▉▉▉, WAS IN THE FRONT PASSENGER SEAT OF SAID VEHICLE AND WAS NOT RESTRAINED BY A SAFETY BELT.

DEPONENT FURTHER STATES THAT UPON REQUEST, THE DEFENDANT WAS UNABLE TO PRODUCE A VALID DRIVERS LICENSE.

DEPONENT FURTHER STATES THAT HE RECOVERED A DOLLAR BILL CONTAINING A QUANTITY OF HEROIN FROM THE DEFENDANT'S PANTS POCKET.

DEPONENT FURTHER STATES THAT WHEN HE WAS PLACING HANDCUFFS ON THE DEFENDANT, THE DEFENDANT FLAILED HER ARMS, PULLED HER ARMS AWAY AND KICKED HER LEGS IN AN ATTEMPT TO AVOID BEING PLACED UNDER ARREST BY THE DEPONENT.

DEPONENT FURTHER STATES THAT A COMPUTER CHECK OF SAID VEHICLE SHOWED THAT SAID VEHICLE WAS REPORTED STOLEN ON APRIL 14, 2011 OUT OF 75TH PRECINCT IN BROOKLYN.

DEPONENT FURTHER STATES THAT THE DEFENDANT STATED TO HIM IN SUM AND SUBSTANCE "MY FRIEND SOLD THE CAR TO ME FOR FIFTY DOLLARS."

DEPONENT FURTHER STATES THAT HE IS INFORMED BY THE COMPLAINANT, ▇▇▇▇▇▇, WHO IS THE OWNER OF SAID VEHICLE, THAT SHE IS THE LEGAL CUSTODIAN OF THE ABOVE MENTIONED VEHICLE AND THAT THE DEFENDANT DID NOT HAVE PERMISSION OR AUTHORITY TO TAKE, REMOVE, USE OR OTHERWISE EXERCISE CONTROL OVER SAID VEHICLE.

DEPONENT FURTHER STATES THAT HE OBTAINED AND READ A TELETYPE PRINTOUT OF THE NEW YORK STATE DEPARTMENT OF MOTOR VEHICLES, WHICH RECORDS ARE MADE AND OBTAINED IN THE REGULAR COURSE OF BUSINESS WITHIN A REASONABLE TIME AFTER THE EVENT OR OCCURRENCE, AND SAID RECORDS SHOWED THAT THE DEFENDANTS PRIVILEGE TO OPERATE A MOTOR VEHICLE WAS SUSPENDED ON SEVEN OCCASIONS, THE LAST DATE BEING 6/19/2009 AND IS PRESENTLY SUSPENDED.

DEPONENT FURTHER STATES THAT HIS CONCLUSION THAT THE SUBSTANCE RECOVERED IS: HEROIN IS BASED UPON HIS EXPERIENCE AS A POLICE OFFICER AND IN HIS TRAINING IN THE IDENTIFICATION AND PACKAGING OF CONTROLLED SUBSTANCES AND MARIJUANA.

FALSE STATEMENTS MADE IN THIS DOCUMENT ARE PUNISHABLE AS A CLASS A MISDEMEANOR PURSUANT TO SECTION 210.45 OF THE PENAL LAW

4/15/11   _[signature]_
DATE       SIGNATURE

SWORN TO BEFORE ME ON THE
DAY OF

_____
DATE       SIGNATURE