UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| JANE DOE 1 and JANE DOE 2, on behalf of themselves and all similarly situated women,<br><br>          Plaintiffs,<br><br>   -against-<br><br>THE CITY OF NEW YORK and BENNY SANTIAGO,<br><br>          Defendants. | 15 Civ. 3849 (AKH) |

## PLAINTIFFS' PROPOSED JURY INSTRUCTIONS

CLEARY GOTTLIEB STEEN & HAMILTON LLP
One Liberty Plaza
New York, New York 10006
Tel: (212) 225-2000

THE LEGAL AID SOCIETY
199 Water Street, 6th Floor
New York, New York 10038
Tel: (212) 577-3300

*Attorneys for Plaintiffs Jane Doe 1 and Jane Doe 2*

Plaintiffs Jane Doe 1 and Jane Doe 2[1] respectfully submit their proposed jury instructions as follows: [2]

## I.   <u>GENERAL RULES</u>

### 1.   <u>Sole Judges of the Facts</u>

It is your responsibility and duty to find the facts from all the evidence in this case.  You are the sole judges of the facts—not the parties and not I.  I want to impress upon you the importance of that role.  It is for you and you alone to pass upon the weight of the evidence— to resolve such conflicts as may have appeared in the evidence and to draw such inferences as you deem to be reasonable and warranted from the evidence or lack of evidence.

*See* 4 Leonard B. Sand et al., *Modern Federal Jury Instructions—Civil* ¶ 71.01[1] (2010).

---

[1]     Pursuant to the Court's order during the March 20, 2017 conference, the parties will submit a consent order to identify Plaintiffs at the May 1, 2017 final pre-trial conference.

[2]     Plaintiffs reserve their right to request supplemental proposed jury instructions based on evidence presented at trial.

**2.      Juror's Use of Professional Expertise**

          Although as jurors you are encouraged to use all of your life experiences in analyzing testimony and reaching a fair verdict, you may not communicate any personal or professional expertise you might have or other facts not in evidence to the other jurors during deliberations.  You must base your discussions and decisions solely on the evidence presented to you during the trial and that evidence alone.  You may not consider or speculate on matters not in evidence or matters outside the case.

*See* Comm. on Pattern Jury Instructions, Ass'n of Justices of the Supreme Court of the St. of N.Y., *New York Pattern Jury Instructions—Civil* 1:25A (3d ed. 2013).

**3.   <u>Jurors' Recollection Governs</u>**

With respect to any question concerning the facts, it is your recollection of the evidence and yours alone that controls.

You must apply the law, in accordance with my instructions, to the facts as you find them.

While the parties may have commented on some of these rules, you must be guided only by what I say about them.  You must follow all the rules as I explain them to you. You may not follow some and ignore others.  Even if you disagree or do not understand the reason for some of the rules, you are bound to follow them.  You must not substitute your own notions or opinions of what the law is or ought to be.

*See* 4 Leonard B. Sand et al., *Modern Federal Jury Instructions—Civil* ¶ 71.01[1] (2010).

**4.    Parties Are Equal Before the Court**

          This case should be considered and decided by you as an action between parties of equal standing in the community.  You are to evaluate the evidence calmly and objectively, without prejudice or sympathy.  You are to be completely fair and impartial.  Your verdict must be based solely on the evidence developed at this trial, or the lack of evidence.

          The parties in this case are entitled to a trial free from prejudice and bias.  The parties here are entitled to your equal consideration, and none are entitled to sympathy or favor.

*See* 4 Leonard B. Sand et al., *Modern Federal Jury Instructions—Civil* ¶ 71.01 (2010).

**5.**    <u>**Conduct of Counsel**</u>

It is the duty of the attorney on each side of a case to object when the other side offers testimony or other evidence which the attorney believes is not properly admissible. Counsel also have the right and duty to ask the court to make rulings of law and to request conferences at the side bar out of the hearing of the jury. All those questions of law must be decided by me, the court. You should not show any prejudice against an attorney or his client because the attorney objected to the admissibility of evidence, or asked for a conference out of the hearing of the jury or asked the court for a ruling on the law.

My rulings on the admissibility of evidence do not, unless expressly stated by me, indicate any opinion as to the weight or effect of such evidence. You are the sole judges of the credibility of all witnesses and the weight and effect of all evidence.

*See* 4 Leonard B. Sand et al., *Modern Federal Jury Instructions—Civil* ¶ 71.01[1] (2017).

**6.**     <u>**Evidence to Be Considered**</u>

You will look to the evidence in order to decide what the facts are.  Evidence comes in several forms:

1.  Sworn testimony of witnesses, both on direct and cross examination, and live or through video tapes and deposition transcripts, regardless of who called them;

2.  Exhibits that the Court received in evidence; and

3.  Stipulated facts that have been read into the record.

On the other hand, certain things are not evidence.  Let me list them for you:

1.  Argument or statements by lawyers are not evidence.  In this regard, what they said to you in their opening statements and in their summations is intended to help you understand the evidence to reach your verdict.  If your recollection of the facts differs from the parties' statements, however, it is your recollection that controls;

2.  The questions put to the witnesses are not evidence;

3.  Objections to questions are not evidence.  In this regard, the parties have a duty to object when they believe evidence should not be received.  You should not be influenced by the objection or by the court's ruling on it.  If the objection was sustained, ignore the question.  If the objection was overruled, treat the answer like any other answer;

4.  Anything the Court may have said, including these instructions, is not evidence;

5.  Testimony that has been excluded, stricken or that you have been instructed to disregard is not evidence; and

6.  Anything you may have seen or heard outside the courtroom is not evidence.

*See* 4 Leonard B. Sand et al., *Modern Federal Jury Instructions—Civil* ¶ 74.01 (2014).

7.     **Direct and Circumstantial Evidence**

I told you that evidence comes in various forms such as the sworn testimony of witnesses and exhibits.

There are two types of evidence which you may properly use in reaching your verdict.

One type of evidence is direct evidence.  Direct evidence is when a witness testifies about something he knows by virtue of his own senses—something he has seen, felt, touched or heard. Direct evidence may also be in the form of an exhibit when the fact to be proved is its present existence or condition.

The other type of evidence is circumstantial evidence.  This is evidence which tends to prove a disputed fact by proof of other facts. There is a simple example of circumstantial evidence which is often used in this courthouse.

Assume that when you came into the courthouse this morning the sun was shining and it was a nice day.  Assume that the courtroom blinds were drawn and you could not look outside.  As you were sitting here, someone walked in with an umbrella which was dripping wet. Then a few minutes later another person also entered with a wet umbrella. Now, you cannot look outside of the courtroom and you cannot see whether or not it is raining. So you have no direct evidence of that fact. But on the combination of facts which I have asked you to assume, it would be reasonable and logical for you to conclude that it had been raining.

That is all there is to circumstantial evidence. You infer on the basis of reason and experience and common sense from one established fact the existence or non-existence of some other fact.  An inference is to be drawn only if it is logical and reasonable to do so.  In deciding whether to draw an inference, you must look at and consider all the facts in the light of reason,

7

common sense, and experience.  Whether a given inference is or is not to be drawn is entirely a matter for you, the jury, to decide.  Please bear in mind, however, that an inference is not to be drawn by guesswork or speculation.

Circumstantial evidence does not necessarily prove less than direct evidence, nor does it necessarily prove more.  You are to consider all the evidence in the case, direct and circumstantial, in determining what the facts are and in arriving at your verdict.

*See* 4 Leonard B. Sand et al., *Modern Federal Jury Instructions—Civil* ¶ 74.01 (2014); *id.* ¶ 75.01[1]; 4 Martin A. Schwartz & George C. Pratt, *Section 1983 Litigation:  Jury Instructions* § 2.03[B] (2d ed. Supp. 2017).

**8.    Stipulation of Facts**

A stipulation of facts is an agreement among the parties that a certain fact is true.

You must regard such agreed facts as true.

*See* 4 Leonard B. Sand et al., *Modern Federal Jury Instructions—Civil* ¶ 74.02 (2017).

9.   **Admitted Facts**

I have admitted certain facts into evidence.  You will take these facts to be true

for the purposes of this case.[3]

Lack of Records From the City's Investigation of Santiago's Alleged Rape and Sexual Abuse of
Jane Doe 2

1.   The City of New York (which I will refer to from now on as the "City") has no

documents within its possession, custody or control that reflect contemporaneous notes

taken by James Christo or Rhonda Young during their interview of Benny Santiago (who

I will refer to from now on as "Santiago") on May 10, 2013.

2.   During the course of its investigation  into the allegations that Jane Doe 2 was sexually

abused by Santiago, the City did not subpoena any of Santiago's phone records.

3.   Plaintiffs' Exhibit 41 is a set of handwritten notes describing an interview of Jane Doe 2.

Christo and Young deny writing these notes, and the City denies knowing who it was that

created the notes.

4.   During the course of the investigation into the allegation that Jane Doe 2 was sexually

abused by Santiago, City investigators did not make recordings of the interviews they

conducted with Jane Doe 2, Santiago or any other person.

5.   During the course of the investigation into the allegation that Jane Doe 2 was sexually

abused by Santiago, City investigators did not take notes or make audio or video

recordings of any communications with the five RMSC detainees who were mentioned in

the DOI Closing Memorandum (Plaintiffs' Exhibits 69 & 70).

---

[3]      The facts stated herein are discussed in the Memorandum of Law in Support of Plaintiffs' Motion *in Limine*
to Deem Certain Facts Admitted, ECF No. 344.

6. In the ordinary course of its operations of RMSC, the City records what is spoken on detainees' telephone calls.

7. During the course of its investigation into the allegation that Jane Doe 2 was sexually abused by Santiago, the City did not review recordings of any phone calls placed by Jane Doe 2.

8. The City no longer has recordings of Jane Doe 2's phone calls from the period of her 2013 detention at RMSC.

9. In the ordinary course of its operation of RMSC, the City engages in surveillance of RMSC housing areas using video cameras.

10. RMSC does not have a room for monitoring live video feeds of RMSC housing areas.

11. In connection with its investigation into the allegation that Jane Doe 2 was sexually abused by Santiago, City investigators did not memorialize any review of video camera surveillance footage from inside RMSC, other than through the statement made in the DOI Closing Memorandum (Plaintiffs' Exhibits 69 & 70) that DOI investigators "reviewed DOC GENETIC footage."

12. The City no longer has copies of video camera surveillance footage from RMSC Buildings 9 and 11 from the period February to May 2013.

<u>Lack of Action by the City in Response to Allegations that Santiago was Raping and Sexually Abusing RMSC Detainees</u>

1. DOI did not conduct an interview with [M.F.][4] in response to her husband's voicemail stating that [M.F.] wished to report that correction officers were having oral sex with inmates.

---

[4]      Herein, Plaintiffs have substituted bracketed initials for RMSC inmates' names so that the proposed jury instructions can be publicly filed in a manner compliant with the Protective Order.  The full names were provided to the City in the joint pretrial order and are also stated in Defendant's Responses &

2. Other than what DOI memorialized in Plaintiffs' Exhibit 31, the City did not conduct any investigation in response to the voicemail left by [D.M.] on DOI's answering machine stating that his wife, [M.F.], who previously reported that Santiago was supplying inmates with contraband, also wished to report that correction officers were having oral sex with inmates.

3. RMSC detainee [J.F.] made an allegation of an inappropriate relationship between Santiago and two unidentified female detainees to Adjudication Captain Diane Medina, who reported the matter to DOI on July 23, 2012 and memorialized that report in her logbook (Plaintiffs' Exhibit 16).

4. Neither DOI nor DOC ID conducted any investigation concerning Captain Diane Medina's July 23, 2012 report concerning Santiago.

5. On July 26, 2013, Jane Doe 1 filed a Notice of Claim alleging that Santiago had sexually abused her (Plaintiffs' Exhibit 58). Neither DOI nor DOC ID investigated the allegations made by Jane Doe 1 in her Notice of Claim.

Absence of Certain Records in Housing Area Logbooks

1. Pursuant to the City's policies, DOC correction officers posted to RMSC housing areas are required to maintain "housing area logbooks" that contain contemporaneous notations of certain events that occur in the housing area on each day, including movements by inmates in and out of the housing area.

2. The housing area logbooks maintained by the City for RMSC Building 9 during the period December 2012 to May 2013 do not reflect that Jane Doe 2 moved in and out of Building 9 during her SPA shifts in Building 9.

---

Objections To Plaintiffs' RFAs, July 1, 2016 (Anderson Decl. Ex. 1 in Supp. of Mot. *in Lim.* to Deem Certain Facts Admitted, April 17, 2017, ECF No. 343), which have been filed under seal.

*See* 3 Kevin F. O'Malley, Jay E. Grenig & William C. Lee, *Federal Jury Practice and Instructions—Civil* § 101:46 (6th ed. 2016).

**10.   Similar Acts of Sexual Abuse**

There has been evidence received during the trial that the individual defendant Santiago engaged, with RMSC women other than the two plaintiffs, in other conduct which was similar in nature to the acts alleged by the plaintiffs.  When a claim for damages is based on a party's commission of rape and sexual abuse, evidence that that party has committed another offense or offenses of rape and sexual abuse is admissible and may be considered for its bearing on whether that party committed the acts alleged in the Complaint.  However, evidence of another offense on its own is not sufficient to prove that the party in question committed the alleged acts.  As you consider this evidence, bear in mind at all times that the plaintiffs have the burden of proving that the individual defendant committed the acts they alleged.

*See* 4 Leonard B. Sand et al., *Modern Federal Jury Instructions—Civil* ¶ 74.03 (2017).

**11.   <u>Depositions</u>**

   Some of the testimony before you is in the form of video tapes and deposition transcripts which have been received in evidence.  A deposition is simply a procedure where prior to trial the attorneys for one side may question a witness or an adverse party under oath before a court stenographer and, often, a videographer.  This is part of the pre-trial discovery, and each side is entitled to take depositions.  You may consider the testimony of a witness given at a deposition according to the same standards you would use to evaluate the testimony of a witness given at trial.

*See* 4 Leonard B. Sand et al., *Modern Federal Jury Instructions—Civil* ¶ 74.07 (2017).

## 12.   Interrogatories

You have heard and seen evidence in this case which is in the form of interrogatories.

Interrogatories are written questions posed by one side which call for written answers under oath from the other side.  Both the questions and answers are made prior to trial after the case has begun in what is called pre-trial discovery, and each side is entitled to seek such discovery from the other.

You may consider a party's answers to interrogatories as evidence against a party who made the answer, just as you would any other evidence which has been admitted in this case.

In this regard, you are not required to consider a party's answers to interrogatories as true, nor are you required to give them more weight than any other evidence.  It is up to you to determine what weight, if any, should be given to the interrogatory answers which have been admitted as evidence.

One cautionary word on this subject:  while you may consider the interrogatory answers as evidence against the party who gave the answers, you may not consider the evidence against any other party, nor may you consider the answers as evidence against the party who posed the interrogatory questions.  You may only consider the interrogatory answer as evidence against the party who gave the answer.

*See* 4 Leonard B. Sand et al., *Modern Federal Jury Instructions—Civil* ¶ 74.07 (2017).

13.   **Spoliation**

I also have admitted into evidence certain facts regarding evidence that was not produced by the City.  As against the City, you will take the following facts to be true for the purposes of this case:

1.  The City lost or destroyed Jane Doe 2's phone recordings.  From this fact, you are permitted, but not required, to infer that the contents of these recordings would be favorable to the plaintiffs.

2.  GENETEC video was available to the City.  The footage was either lost or destroyed. From these facts, you are permitted, but not required, to infer that the GENETEC video would contain evidence favorable to Jane Doe 2.

3.  The Housing Area Logbook for Building 11 between March 15, 2013 and May 15, 2013 was lost or destroyed by the City.  From this fact, you are permitted, but not required, to infer that the Housing Area Logbook would contain notations favorable to the plaintiffs.

4.  The City destroyed Jane Doe 2's inmate file for her 2012 to 2013 incarceration.  From this fact, you are permitted, but not required, to infer that the records would show that Jane Doe 2 was assigned to work the Suicide Prevention Aide afternoon shift.

5.  The City caused the special observation logbook for Building 9 to be destroyed by negligence or gross negligence.  From this fact, you are permitted, but not required, to infer that these special observation logbooks would contain notations favorable to the plaintiffs.

6.  The City destroyed the drafts of the DOC ID Closing Memorandum (Plaintiffs' Exhibit 111) for Jane Doe 2's investigation.  From this fact, you are permitted, but not required, to infer that the earlier drafts would contain statements favorable to the plaintiffs.

7.  The City lost or destroyed Jane Doe 2's injury to inmate form.  From this fact, you are permitted, but not required, to infer that the injury to inmate report would be favorable to the plaintiffs.

      As a I said earlier, any inference you decide to draw should be based on all of the facts and circumstances in this case.

*See* 4 Leonard B. Sand et al., *Modern Federal Jury Instructions—Civil* ¶ 75.01 (2017); Pretrial Mem. of Pls. Jane Doe 1 and Jane Doe 2, Apr. 24, 2017, ECF No. 365.

**14.** <u>**Chain of Custody**</u>

        You have heard testimony regarding a pair of pants that were seized from Jane Doe 2's cell by Department of Investigation investigators on May 10, 2013.  You should accept as true certain facts about the chain of custody of those pants:

1. The City's policies require written documentation to establish a chain of custody from the moment that physical evidence is taken into custody through to trial.

2. There is no chain of custody documentation covering the period between the time the pants were retrieved from Jane Doe 2's cell by DOI Investigator Ferdinand Torres on May 10, 2013 until they were vouchered with the New York City Police Department on May 14, 2013 at 2:41 P.M.

3. The earliest date that the City has an invoice or property voucher for the pants is May 14, 2013.

        You will take these facts to be true for the purposes of this case.  Based upon these facts, you are permitted, but not required, to infer that the pants arrived at the New York City Police Department in an altered state.  In deciding whether to draw this inference, you may consider why there is no chain of custody documentation between May 10 and 14, 2013.  You may also consider what may have happened in those intervening four days.  Any inference you decide to draw should be based on all of the facts and circumstances in this case.

*See* 3 Kevin F. O'Malley, Jay E. Grenig & William C. Lee, *Federal Jury Practice and Instructions—Civil* § 101:46 (6th ed. 2016); Leonard B. Sand et al., *Modern Federal Jury Instructions—Civil* ¶ 75.01 (2017); Mem. of Law in Supp. of Pls.' Mot. *in Lim.* to Deem Certain Facts Admitted, Apr. 17, 2017, ECF No. 344; Def. City of N.Y.'s Mem. of Law in Supp. of its Mots. *in Lim.*, Apr. 18, 2017, ECF No. 352.

### 15.  Burden of Proof

The burden of proof rests on the plaintiffs.  That means that it must be established by a fair preponderance of the credible evidence that the claims the plaintiffs make are true. What does a "preponderance of evidence" mean?  To establish a fact by a preponderance of the evidence means to prove that the fact is more likely true than not true.  A preponderance of the evidence means the greater weight of the evidence.  It refers to the quality and persuasiveness of the evidence, not to the number of witnesses or documents.  In determining whether a claim has been proved by a preponderance of the evidence, you may consider the relevant testimony of all witnesses, regardless of who may have called them, and all the relevant exhibits received in evidence, regardless of who may have produced them.

If you find that the credible evidence on a given issue is evenly divided between the parties—that it is equally probable that one side is right as it is that the other side is right— then you must decide that issue against the party having this burden of proof.  That is because the party bearing this burden must prove more than simple equality of evidence—that party must prove the element at issue by a preponderance of the evidence. On the other hand, the party with this burden of proof need prove no more than a preponderance. So long as you find that the scales tip, however slightly, in favor of the party with this burden of proof—that what the party claims is more likely true than not true—then that element will have been proved by a preponderance of evidence.

*See* 4 Leonard B. Sand et al., *Modern Federal Jury Instructions—Civil* ¶ 73.01 (2017).

**16.**   <u>**Witness Credibility**</u>

You have had the opportunity to observe the witnesses, those who testified in person and those who testified by videotape.  It is now your job to decide how believable each witness was in his or her testimony.  You are the sole judges of the credibility of each witness and of the importance of his or her testimony.

You should carefully scrutinize all of the testimony of each witness, the circumstances under which each witness testified, the impression the witness made when testifying, and any other matter in evidence that may help you decide the truth and the importance of each witness's testimony.

In other words, what you must try to do in deciding credibility is to size a witness up in light of his or her demeanor, the explanations given, and all of the other evidence in the case.  Always remember that you should use your common sense, your good judgment, and your own life experiences.

*See* 4 Leonard B. Sand et al., *Modern Federal Jury Instructions—Civil* ¶ 76.01 (2017).

**17.**   <u>**Prior Inconsistent Statements**</u>

You have heard evidence that at some earlier time the witness has said or done something that counsel argues is inconsistent with the witness's trial testimony.

Evidence of a prior inconsistent statement is not to be considered by you as affirmative evidence in determining liability. Evidence of a prior inconsistent statement was placed before you for the more limited purpose of helping you decide whether to believe the trial testimony of the witness who contradicted himself. If you find that the witness made an earlier statement that conflicts with his trial testimony, you may consider that fact in deciding how much of his trial testimony, if any, to believe.

In making this determination, you may consider whether the witness purposely made a false statement or whether it was an innocent mistake; whether the inconsistency concerns an important fact, or whether it had to do with a small detail; whether the witness had an explanation for the inconsistency and whether that explanation appealed to your common sense.

It is exclusively your duty, based on all the evidence and your own good judgment, to determine whether the prior statement was inconsistent, and if so how much, if any, weight to give to the inconsistent statement in determining whether to believe all or part of the witness's testimony.

*See* 4 Leonard B. Sand et al., *Modern Federal Jury Instructions—Civil* ¶ 76.01 (2017).

**18.   Bias of Witnesses**

In deciding whether to believe a witness, you should specifically note any evidence of hostility or affection that the witness may have towards one of the parties.  Likewise, you should consider evidence of any other interest or motive that the witness may have in cooperating with a particular party.  You should also take into account any evidence that a witness may benefit in some way from the outcome of the case.

It is your duty to consider whether the witness has permitted any such bias or interest to color his or her testimony.  In short, if you find that a witness is biased, you should view his or her testimony with caution, weigh it with care and subject it to close and searching scrutiny.

In evaluating the credibility of the witness, you should take into account any evidence that a witness may benefit in some way from the outcome of the case.  Such interest in the outcome creates a motive to testify falsely and may sway a witness to testify in a way that advances his own interests. Therefore, if you find that any witness whose testimony you are considering may have an interest in the outcome of this trial, then you should bear that factor in mind when evaluating the credibility of his or her testimony, and accept it with great care.

Keep in mind, though, that it does not automatically follow that testimony given by an interested witness is to be disbelieved.  There are many people who, no matter what their interest in the outcome of the case may be, would not testify falsely.  It is for you to decide, based on your own perceptions and common sense, to what extent, if at all, the witness's interest has affected his testimony.

*See* 4 Leonard B. Sand et al., *Modern Federal Jury Instructions—Civil* ¶ 76.01 (2017).

**19.**   **Prior Perjury**

        There has been evidence that Santiago lied under oath at a previous proceeding.  I must warn you that the testimony of any witness whom you find did previously and deliberately lie under oath should be viewed cautiously and weighed with great care.

        It is however, for you to decide how much of his testimony, if any, you wish to believe.

*See* 4 Leonard B. Sand et al., *Modern Federal Jury Instructions—Civil* ¶ 76.01 (2017); DOC, Negotiated Plea Agreement for Settlement of Disciplinary Matters within the DOC, for Bienvenido Santiago (Oct. 8, 2003) (DEF_0001347) (Pls.' Ex. 4).

**20.** **City Employee Witnesses**

During this trial you have heard the testimony of a number of witnesses, some of whom are employees of the City.  The testimony of a government employee is not necessarily deserving of more or less consideration, or greater or lesser weight, than that of an ordinary witness.

At the same time, it is quite legitimate for the plaintiffs' counsel to try to attack the credibility of a City employee witness on the ground that his testimony may be colored by a personal or professional interest in the case.  It is your decision, after reviewing all of the evidence, whether to accept the testimony of the City employee and to give that testimony whatever weight, if any, you find that it deserves.

*See* 4 Martin A. Schwartz & George C. Pratt, *Section 1983 Litigation:  Jury Instructions* § 2.03[B] (2d ed. Supp. 2017).

**21.**   **Correction Officers and Civilian Witnesses**

You have heard the testimony of witnesses who are civilians and the testimony of witnesses who are correction officers.

In evaluating this testimony, you are to apply the same standards of evaluation to each witness.  You shall not give any greater or lesser weight to the testimony of a witness solely because of his occupation as a correction officer.

*See* 4 Martin A. Schwartz & George C. Pratt, *Section 1983 Litigation:  Jury Instructions* § 2.03[B] (2d ed. Supp. 2017).

22.   **Action Against Governmental Agency**

        The fact that a governmental entity is involved in this case as a party must not affect your decision in any way.  In other words, a governmental entity and all other parties stand as equals in a court of law.

*See* 4 Martin A. Schwartz & George C. Pratt, *Section 1983 Litigation:  Jury Instructions* § 2.03[B] (2d ed. Supp. 2017).

## 23.  <u>Expert Witnesses</u>

You will recall that the plaintiffs and defendants called expert witnesses in this case who testified concerning their qualifications as experts and gave their opinion concerning issues in this case.

A witness may be permitted to testify to an opinion on those matters about which he or she has special knowledge, skill, experience and training. Such testimony is presented to you on the theory that someone who is experienced and knowledgeable in the field can assist you in understanding the evidence or in reaching an independent decision on the facts.

In weighing this opinion testimony, you may consider the witness's qualifications, his or her opinions, the persuasiveness of the reason why he or she came to the conclusion expressed as well as all of the other considerations that ordinarily apply when you are deciding whether or not to believe a witness's testimony.  You may give the opinion testimony whatever weight, if any, you find it deserves in light of all the evidence in this case.  You should not, however, accept opinion testimony merely because I allowed the witness to testify concerning his or her opinion. Nor should you substitute it for your own reason, judgment and common sense. The determination of the facts in this case rests solely with you.

*See* 4 Leonard B. Sand et al., *Modern Federal Jury Instructions—Civil* ¶ 76.01[2] (2017).

24.   **Conflicting Expert Testimony**

      You have heard testimony of three witnesses who were called by each side to give their opinion about the plaintiffs' psychiatric and emotional health and the impact of Santiago's alleged rape and sexual abuse:  Dr. Karen Rosenbaum for the plaintiffs and Dr. Manuel Lopez-Leon and Dr. Steven Fayer for the City.  You have also heard testimony of two witnesses who were called by each side to give their opinion about the policies, practices and conditions at the City's jail on Rikers Island, the Rose M. Singer Center:  Timothy Ryan for the plaintiffs and Theresa Lantz for the City.[5]

      The witnesses who testified in this case did so in order to assist you in reaching a decision on the issues.  The testimony of these witnesses is in conflict.  They disagree.  You must remember that you are the sole trier of the facts and their testimony relates to a question of fact; so it is your job to resolve the disagreement.

      The way you resolve the conflict between these witnesses is the same way that you decide other fact questions and the same way you decide whether to believe ordinary witnesses.  In addition, because they gave their opinions, you should consider the soundness of each opinion, the reasons for the opinion, and the witness's motive, if any, for testifying.

      You may give the testimony of each of these witnesses such weight, if any, that you think it deserves in the light of all the evidence.  You should not permit a witness's opinion testimony to be a substitute for your own reason, judgment and common sense.

---

[5]     Plaintiffs have sought to preclude the testimony of Dr. Lopez-Leon and Ms. Lantz.  Plaintiffs' Motion *in Limine* to Exclude the Expert Report and Proposed Trial Testimony of Manuel Lopez-Leon, M.D., ECF 337; Mem. of Law in Supp. of Pls.' Mot. *in Lim.* to Exclude the Expert Report and Proposed Trial Test. of Theresa Lantz, Apr. 17, 2017, ECF No. 335.

You may reject the testimony of any opinion witness in whole or in part, if you conclude the reasons given in support of an opinion are unsound or, if you, for other reasons, do not believe the witness.  The determination of the facts in this case rests solely with you.

*See* 4 Leonard B. Sand et al., *Modern Federal Jury Instructions—Civil* ¶ 76.01 (2017).

## II.      PRINCIPLES OF LAW

I will now discuss the second part of these instructions:  the principles of law that you must apply to the facts as you determine them to be.

Plaintiffs Jane Doe 1 and Jane Doe 2 bring six causes of action under 42 U.S.C. § 1983.  First, Jane Doe 1 claims that Santiago, while acting under color of state law, deprived her of her due process rights protected by the Fourteenth Amendment of the United States Constitution.  Thus, the first claim that you are considering in this case is a Section 1983 claim for rape and sexual abuse against Santiago as to Jane Doe 1.  Specifically, Jane Doe 1 alleges that Santiago violated her constitutional rights by raping and sexually abusing her at the Rose M. Singer Center at Rikers Island between 2011 and November 2012.  Santiago denies that he raped and sexually abused Jane Doe 1.

Second, Jane Doe 2 claims that Santiago, while acting under color of state law, deprived her of her due process rights protected by the Fourteenth Amendment of the United States Constitution.  Thus, the second claim that you are considering in this case is a Section 1983 claim for rape and sexual abuse against Santiago as to Jane Doe 2.  Specifically, Jane Doe 2 alleges that Santiago violated her constitutional rights by raping and sexually abusing her at Rose M. Singer Center at Rikers Island in 2013.  Santiago denies that he raped and sexually abused Jane Doe 2.

Third, Jane Doe 2 claims that Santiago, while acting under color of state law, deprived her of her right to free speech protected by the First Amendment and her right to due process protected by the Fourteenth Amendment of the United States Constitution.  Thus, the third claim you are considering in this case is a Section 1983 claim for retaliation against Santiago.  Specifically, Jane Doe 2 alleges that Santiago violated her constitutional rights by

retaliating against Jane Doe 2 for reporting his rape and sexual abuse.  Santiago denies retaliating against Jane Doe 2.

Fourth, Jane Doe 1 claims that the City deprived her of her due process rights protected by the Fourteenth Amendment of the United States Constitution.  Thus, the fourth claim that you are considering in this case is a Section 1983 claim for violation of due process against the City as to Jane Doe 1.  Specifically, Jane Doe 1 alleges that by its policies, practices, acts and omissions, the City caused Jane Doe 1 to be subjected to rape and other sexual abuse, in violation of her due process rights.  There are two ways that you can find the City liable in this action.  First, you may hold the City liable if Jane Doe 1 establishes by a preponderance of the evidence that the actions of the City employees that deprived Jane Doe 1 of her federal right were the result of a practice or custom of the City that was in place even though such a practice or custom had not necessarily received formal approval through the City's official decision-making channels.  Second, you may find the City liable in this action if Jane Doe 1 establishes by a preponderance of the evidence that the City was deliberately indifferent to her right to sexual safety from the correction officers she came into contact with, including specifically Santiago.  The City denies these allegations.

Fifth, Jane Doe 2 claims that the City deprived her of her due process rights protected by the Fourteenth Amendment of the United States Constitution.  Thus, the fifth claim that you are considering in this case is a Section 1983 claim for violation of due process against the City as to Jane Doe 2.  Specifically, Jane Doe 2 alleges that by its policies, practices, acts and omissions, the City caused Jane Doe 2 to be subjected to rape and other sexual abuse, in violation of her due process rights.  Just as with Jane Doe 1's due process claim against the City, you may hold the City liable if Jane Doe 2 establishes by a preponderance of the evidence that

the actions of the City employees that deprived Jane Doe 2 of her federal right to sexual safety from the correction officers she came into contact with, including Santiago, were the result of the City's custom or practice or the City's deliberate indifference.  The City denies these allegations.

Sixth, Jane Doe 2 claims that the City deprived her of her right to free speech protected by the First Amendment and her right to due process protected by the Fourteenth Amendment of the United States Constitution.  Thus, the sixth claim you are considering in this case is a Section 1983 claim for retaliation against the City.  Specifically, Jane Doe 2 alleges that the City violated her constitutional rights by causing Jane Doe 2 to be subjected to retaliation in May 2013 and March 2014 for reporting Santiago's alleged rape and sexual abuse.  Just as with Jane Doe 1 and Jane Doe 2's due process claims against the City, you may hold the City liable for depriving Jane Doe 2 of her rights to free speech and due process if Jane Doe 2 establishes by a preponderance of the evidence that the actions of the City employees that deprived Jane Doe 2 of her federal rights were the result of the City's custom or practice or the City's deliberate indifference.  The City denies these allegations.

I will now proceed to provide background on Section 1983 and explain the elements of each of the plaintiffs' claims.  Remember, to find for the plaintiffs, you must find that each has met their burden to prove each of the elements of a claim by a preponderance of the evidence.

## A.  Background on Section 1983

The plaintiffs' claims are brought under the Civil Rights Act of 1871, which is also known as Section 1983 of Title 42 of the United States Code.  This is the federal civil rights law, which provides a remedy for individuals who have been deprived of their constitutional rights under color of state law.  The law reads in relevant part:

> Every person who, under color of any statute, ordinance, regulation, custom or usage of any State . . . , subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law.

*See* 5 Leonard B. Sand et al., *Modern Federal Jury Instructions—Civil* ¶ 87.03 (2014).

### 1.   Elements of the Section 1983 Claims Against the Individual Defendant

To establish a claim under Section 1983 against Santiago, the individual defendant, the plaintiff must establish, by a preponderance of the evidence, each of the following three elements:

First, that the conduct complained of was committed by a person acting under color of state law;

Second, that this conduct deprived the plaintiff of a right secured by the Constitution or laws of the United States; and

Third, that the person's acts were the proximate cause of injuries sustained by the plaintiff.

If you find that the plaintiff has met her burden to prove each element of the Section 1983 claim by a preponderance of the evidence, then Santiago is liable.  If, on the other hand, you find that the plaintiff has not proven the elements of her Section 1983 claim by a preponderance of the evidence, then Santiago is not liable.

I shall now examine each of these elements in greater detail.

*See* 5 Leonard B. Sand et al., *Modern Federal Jury Instructions—Civil* ¶ 87.03 (2014).

### a. <u>First Element:  Under Color of State Law</u>

IF DISPUTED:  The first element of the plaintiff's claim is that the conduct complained of was committed by the defendant acting under color of state law.

Action "under color of state law" means that the defendant claims to be acting pursuant to authority given him by the state, even if he is misusing that authority.  The term "state" here also encompasses any political subdivision of a state, such as a county or city, and also any state, county, or city agencies.

Plaintiffs claim that Santiago was acting under color of law of the City when he allegedly deprived the plaintiffs of their constitutional due process and free speech rights.

In order for an act to be under color of state law, the plaintiff must prove that Santiago here was purporting or pretending to be lawfully exercising his official power when he committed the acts, even if, as plaintiffs claim, Santiago was misusing that power.  By contrast, if a state official committed a wrongful act while he was purporting to be acting in his personal capacity, he would not be acting under color of state law.

IF NOT DISPUTED:  It is not disputed that Santiago, the individual defendant, was on duty and acting in his official capacity under color of state law.  Hence, the first element of the plaintiffs' claim is satisfied.


*See* 5 Leonard B. Sand et al., *Modern Federal Jury Instructions—Civil* ¶ 87.03 (2014).

### b.  Second Element:  Deprivation of Right

The second element that the plaintiff must prove by a preponderance of the evidence is that Santiago deprived the plaintiff of a federal constitutional right.  This element has two sub-parts that the plaintiff must establish by a preponderance of the evidence:  first, that Santiago committed the acts alleged by the plaintiff; and second, that the plaintiff suffered the loss of a federal constitutional right as a result.

In this case, Jane Doe 1 and Jane Doe 2 claim that they were subjected to the deprivation of their constitutional right to substantive due process when they were raped and sexually abused by correction officer Santiago while being detained at RMSC, a pre-trial detention facility.  Santiago denies that he raped and sexually abused the plaintiffs.

Jane Doe 2 also claims that she was subjected to the deprivation of her constitutional right to free speech when Santiago retaliated against her for reporting Santiago's sexual abuse and rape.  Santiago denies that he retaliated against Jane Doe 2.

The following legal standard applies to the plaintiffs' claims of rape and sexual abuse against Santiago.

The Fourteenth Amendment to the United States Constitution protects the right to due process.  What does due process mean?  The Due Process Clause of the Fourteenth Amendment to the United States Constitution states:  "Nor shall any state deprive any person of life, liberty, or property, without due process of law."  The Due Process Clause of the Constitution protects individuals against state intrusions on bodily security and integrity.  That right embraces the right to be free from sexual abuse and rape at the hands of a correction officer at a pre-trial detention facility.  By law, a detainee is categorically incapable of consenting to any sexual activity with a correction officer.  So, if you find that Santiago had any sexual contact

with the plaintiffs, then I instruct you that that plaintiff's Fourteenth Amendment due process rights were violated.

The following legal standard applies to the plaintiff's claim of retaliation against Santiago.

The First Amendment to the United States Constitution protects the right of free speech.  Jane Doe 2 claims that on multiple occasions Santiago intimidated and coerced Jane Doe 2 to prevent her from reporting his rape and sexual abuse and that Santiago refused to allow Jane Doe 2 to leave her cell and deprived her of food.  You must decide whether Santiago's conduct caused Jane Doe 2 to suffer the loss of a federally protected right.  To demonstrate a deprivation of her federally protected free speech rights, Jane Doe 2 must prove that she was retaliated against for exercising her right to report Santiago's rape and sexual abuse.  To prevail on the claim, it is not sufficient for Jane Doe 2 to establish that Santiago intimidated and coerced her or that Santiago locked Jane Doe 2 in her cell and deprived her of food.  Rather, Jane Doe 2 must also show by a preponderance of the evidence that Santiago's conduct was in retaliation for Jane Doe 2's exercise of her free speech rights.

Thus, if you find that Santiago did keep Jane Doe 2 locked in her cell and intimidated and coerced her, then you must also determine why Santiago did so.  He may have acted for many different reasons.  If so, then you must also determine whether one of those reasons was that Jane Doe 2 reported Santiago's alleged rape and sexual abuse.  If that was one of the reasons, then Jane Doe 2 must establish that it played a substantial role in Santiago's decision to take action against her.  If it did play a substantial role, that would mean Jane Doe 2's reporting was a substantial or motivating factor in Santiago's conduct.  In that case, you are to

return a verdict for Jane Doe 2.  If Jane Doe 2 fails to show that her reports played a substantial

role in Santiago's actions, then you must return a verdict for Santiago.

*See* 5 Leonard B. Sand et al., *Modern Federal Jury Instructions—Civil* ¶ 87.03 (2014); 4 Martin A. Schwartz & George C. Pratt, *Section 1983 Litigation:  Jury Instructions* §§ 4.02[B], 6.02[B] (2d ed. Supp. 2017); *Cash v. County of Erie*, 654 F.3d 324 (2d Cir. 2011); *Mathie v. Fries*, 935 F. Supp. 1284 (E.D.N.Y. 1996), *aff'd*, 121 F.3d 808 (2d Cir. 1997); *Walton v. Dawson*, 752 F.3d 1109 (8th Cir. 2014); *Gill v. Pidlypchak*, 389 F.3d 379 (2d Cir. 2004).

### c.  <u>Third Element:  Causation</u>

　　　　The third element that plaintiffs must prove is that the defendant's acts were a proximate cause of injuries sustained by the plaintiffs.  An act is a proximate cause of an injury if it was a substantial factor in bringing about that injury, and if the injury was a reasonably foreseeable consequence of the defendant's act.

*See* 5 Leonard B. Sand et al., *Modern Federal Jury Instructions—Civil* ¶ 87.03[4] (2017).

### 2.     Elements of the Section 1983 Claims Against the City

Plaintiffs seek recovery not only against Santiago, but also against the City.  To establish the City's liability under Section 1983, plaintiffs must establish, by a preponderance of the evidence, each of the following:

First, that the conduct complained of was committed by the employees of the City acting under color of state law;

Second, that this conduct deprived the plaintiff of a right secured by the Constitution or laws of the United States; and

Third, that the actions of City employees that deprived the plaintiffs of their federal right were the result of (i) a practice or custom of the City, or (ii) the City's deliberate indifference to the rights of the female detainees with whom the correction officers come into contact.

If you find that the plaintiff has met her burden to prove each of these elements of the Section 1983 claim by a preponderance of the evidence, then the City is liable.  If, on the other hand, you find that the plaintiff has not proven each of these elements of her Section 1983 claim by a preponderance of the evidence, then the City is not liable.

I will address each element in turn.

See 5 Leonard B. Sand et al., *Modern Federal Jury Instructions—Civil* ¶ 87.03[1] (2014); 4 Martin A. Schwartz & George C. Pratt, *Section 1983 Litigation:  Jury Instructions* §§ 15.04[B], 15.05[B] (2d ed. Supp. 2017).

### a.  __Department of Correction and Department of Investigation__

As a preliminary matter, you have heard testimony and received evidence about the New York City Department of Correction and the New York City Department of Investigation.  You should attribute the actions of the Department of Correction, and its employees, and the actions of the Department of Investigation, and its employees, to the City of New York, which is a defendant in this litigation.

*See* N.Y.C. Charter § 396.

### b.  Under Color of State Law

IF DISPUTED:  The first element of the plaintiff's claim is that the conduct complained of was committed by City employees acting under color of state law.

As I explained earlier, action "under color of state law" means that the City employees claim to be acting pursuant to authority given them by the state, even if they are misusing that authority.

Plaintiffs claim that Santiago and other RMSC correction officers were acting under color of law of the City when the City allegedly deprived the plaintiffs of their constitutional due process and free speech rights.

In order for an act to be under color of state law, the plaintiff must prove that Santiago and the other RMSC correction officers here were purporting or pretending to be lawfully exercising their official power when they committed the acts, even if, as plaintiffs claim, they were misusing that power.  By contrast, if a state official committed a wrongful act while he was purporting to be acting in his personal capacity, he would not be acting under color of state law.

IF NOT DISPUTED:  It is not disputed that RMSC corrections officers were on duty and acting in their official capacity under color of state law.  Hence, the first element of the plaintiffs' claim is satisfied.


See 5 Leonard B. Sand et al., *Modern Federal Jury Instructions—Civil* ¶ 87.03 (2014).

### c. **Second Element:  Deprivation of Constitutional Right**

The second element that the plaintiff must prove by a preponderance of the evidence is that she was deprived of a right secured by the Constitution or laws of the United States.

In this case, Jane Doe 1 and Jane Doe 2 claim the City caused Plaintiffs to be subjected to rape and other sexual abuse, by its policies, practices, acts and omissions, in violation of their due process rights under the Fourteenth Amendment to the United States Constitution.  The City denies this allegation.

Jane Doe 2 also claims that she was subjected to retaliation by Santiago and other RMSC correction officers for reporting Santiago's rape and sexual abuse, in violation of her rights under the First and Fourteenth Amendments to the United States Constitution.

As I discussed earlier, if you find that Santiago raped or sexually abused the plaintiffs as alleged, then I instruct you that the plaintiffs' Fourteenth Amendment due process rights were violated.

To demonstrate a deprivation of Jane Doe 2's federally protected free speech rights, she must prove that she reported Santiago's alleged rape and sexual abuse, and that she was retaliated against for exercising her right to report the alleged rape and sexual abuse.

*See* 5 Leonard B. Sand et al., *Modern Federal Jury Instructions—Civil* ¶ 87.03 (2017); 4 Martin A. Schwartz & George C. Pratt, *Section 1983 Litigation:  Jury Instructions* § 4.02[B] (4th ed. Supp. 2017); *Mathie v. Fries*, 935 F. Supp. 1284 (E.D.N.Y. 1996), *aff'd*, 121 F.3d 808 (2d Cir. 1997); *Walton v. Dawson*, 752 F.3d 1109 (8th Cir. 2014); *Gill v. Pidlypchak*, 389 F.3d 379 (2d Cir. 2004).

### d.  Third Element:  Municipal Liability

There are two ways that you can find the City liable in this action.  First, you may find the City liable if the plaintiff establishes by a preponderance of the evidence that the actions of City employees that deprived the plaintiff of her federal rights were the result of the City's practice or custom that was in place even though such a practice or custom was not necessarily a formal written policy or had received formal approval through the City's official decision-making channels.  Second, you may find that the City is liable if the plaintiff was deprived of her constitutional rights due the City's deliberate indifference to the rights of the plaintiffs to be free from rape and sexual abuse by correction officers, specifically Santiago.

I will address each of these in turn.

See 5 Leonard B. Sand et al., *Modern Federal Jury Instructions—Civil* ¶ 87.03 (2017); 4 Martin A. Schwartz & George C. Pratt, *Section 1983 Litigation:  Jury Instructions* §§ 15.04[B], 15.05[B] (2d ed. Supp. 2017).

### i.    **Custom or Practice**

The first way that you may find that the City is liable is if the plaintiff establishes by a preponderance of the evidence that the City had a custom or practice that allowed female detainees to be raped or sexually abused, or retaliated against, by correction officers.

Plaintiffs do not contend that the City has a formal written policy permitting sexual abuse and rape of female detainees or retaliation against female detainees when they report the correction officers who raped and sexually abused them.  Plaintiffs allege instead that the City has a long-standing custom or practice that permitted rape and sexual abuse of female detainees and retaliation against female detainees by correction officers to occur, without investigation into allegations of such misconduct and rarely with any punishment of correction officers who were investigated for such misconduct.

A practice or custom is a persistent, widespread course of conduct by City officials or employees that has become a common way of carrying out policy, and has acquired the force of law, even though the City has not necessarily formally adopted or announced the custom.  In other words, the plaintiffs must prove that the violation of their constitutionally protected rights was not an isolated incident but was part of a persistent, widespread practice of the City.

Whether there was such a practice or custom is a question of fact for you, the jury, to determine.  In making this determination, you may consider how long the alleged practice existed, the number and percentage of City officers engaged in the practice, and the similarity of the conduct engaged in by its employees.  A municipal practice or custom has the force of law when it has been approved, either expressly or implicitly, by City policymakers, or when, after

being placed on notice of a practice or custom of unlawful conduct, City policymakers are

deliberately indifferent to it.

*See* 5 Leonard B. Sand et al., *Modern Federal Jury Instructions—Civil* ¶ 87.03 (2017); 4 Martin
A. Schwartz & George C. Pratt, *Section 1983 Litigation:  Jury Instructions* §§ 15.04[B] (2d ed.
Supp. 2017).

## ii.     **Deliberate Indifference**

The second way that you may find that the City is liable is if the plaintiff establishes that the City was deliberately indifferent to the rights of the female detainees with whom the correction officers come into contact.  In this case, the plaintiffs do not claim that the City affirmatively approved of sexual abuse and rape of female detainees by correction officers. Rather, the plaintiffs claim that the City failed to act properly in response to the unconstitutional conditions at RMSC.  In order to prevail on the Section 1983 claim against the City, plaintiffs must establish by a preponderance of the evidence each of the following:  (i) that the City was deliberately indifferent to known facts which demonstrated an unreasonable risk to the safety of the female detainees at RMSC; and (ii) that the City's deliberate indifference was the proximate cause of the rape and sexual abuse Jane Doe 1 and Jane Doe 2 suffered and the retaliation against Jane Doe 2 in violation of their constitutional rights.

A city's failure to, among other things, discipline, train or supervise its correction officers can amount to deliberate indifferent to the rights of the female detainees with whom the correction officers come into contact.  Deliberate indifference can be shown by evidence of a failure to discipline, train or supervise correction officers to handle a recurring situation that presents an obvious potential for constitutional violations, or by evidence of a failure to train or supervise after learning of a pattern of constitutional violations by an individual correction officer.

The City's deliberate indifference was a proximate cause if it was a substantial factor in bringing about, or actually causing, the violations of the plaintiff's federal constitutional rights.  In other words, the violations of the plaintiff's constitutional rights were a direct result, or a reasonably foreseeable consequence, of the City's deliberate indifference.

*See* 4 Martin A. Schwartz & George C. Pratt, *Section 1983 Litigation:  Jury Instructions* §§ 15.05[B] (2d ed. Supp. 2017).

**B. Damages**

**1.      Compensatory Damages**

If you return a verdict for the plaintiffs, then you must first award them such sum of money as you believe will fairly and justly compensate them for any injury you believe they actually sustained as a direct consequence of the conduct of the defendant.  You should award compensatory damages only for those injuries that you find the plaintiffs have proven by a preponderance of the evidence.  Moreover, you shall award compensatory damages only for those injuries and consequent damages sustained by the plaintiffs that you find the plaintiffs have proven by a preponderance of the evidence to have been proximately caused by the defendant's conduct.  In other words, to recover compensatory damages for their claims, the plaintiffs must prove by a preponderance of the evidence that the defendant's actions were a proximate cause of their injuries.

"Proximate cause" means that there must be a sufficient causal connection between the act of the defendant and any injury or damage sustained by the plaintiff.  An act is a proximate cause if it was a substantial factor in bringing about or actually causing the injury, that is, if the injury or damage was a reasonably foreseeable consequence of the defendant's acts.  If an injury was a direct result, or a reasonably probable consequence, of the defendant's acts, it was proximately caused by such act.  In other words, if the defendant's acts had such an effect in producing an injury that reasonable persons would regard as being a cause of the injury, then the acts are a proximate cause.  A proximate cause need not always be the nearest cause either in time or space.  In addition, there may be more than one proximate cause of an injury or damage.  Many factors, or the conduct of two or more result that was not reasonably foreseeable by the

defendant.  Likewise, a defendant is not liable for an injury that he did not cause, such as, for example, an injury that existed before the defendant's conduct in question.

With respect to proximately caused emotional injuries, compensatory damages in this case can include any suffering, inconvenience, loss of enjoyment of life and other non-monetary losses that the plaintiff proves were experienced as a consequence of the actions of a defendant.  There is no requirement that evidence of the monetary value of such intangible things as injury, pain and suffering be introduced into evidence.  There is no exact standard for fixing the compensation to be awarded for these types of damages and no expert testimony need be introduced.  Any award you make should be fair in light of the evidence presented at the trial.

Compensatory damages must not be based on speculation or sympathy, however.  They must be based on the evidence presented at trial, and only on that evidence.  Therefore, to recover damages for physical injury, the plaintiff must present credible testimony with respect to the injuries, either by competent medical proof or by the circumstances of the case.  Medical treatment is not a precondition to recovery.  Physical injury may be proved by the plaintiff's own testimony, corroborated by reference to the circumstances of the alleged conduct.  The plaintiffs can only recover for an injury, if any, that they prove by a preponderance of the evidence was caused by the unlawful conduct of the defendant.  If you find that the plaintiffs have proven that they suffered injuries, and that these injuries were caused by the defendant's conduct, you must fix the amount of damages that will, as much as money can, fairly compensate the plaintiffs for such injuries.  The purpose of such an award of damages for an injury is not to punish the defendant, nor are the plaintiffs entitled to be compensated for any injury not caused by the alleged conduct.

In determining the amount of any damages that you decide to award, you should be guided by dispassionate common sense. You must use sound discretion in fixing an award of damages, drawing reasonable inferences from the facts in evidence.

I have one final point on compensatory damages. The plaintiffs alleged that they suffered harm as a result of Santiago's actions and as a result of the City's actions.

With respect to Santiago's alleged rape, sexual abuse and retaliation against plaintiffs, if you find that both Santiago and the City are liable, you should award damages against both Santiago and the City. Of course the plaintiffs cannot collect the full amount from both Santiago and the City. But Santiago and the City are jointly and severally liable. That means that either Santiago or the City could pay the full amount that you award for Santiago's conduct.

In addition, the plaintiffs brought separate claims against the City that arise out of the conduct of City employees other than Santiago. If you find liability against the City for these claims, you must determine the amount the plaintiffs suffered as a result of the City's actions. The plaintiff may not recover twice for the same injury. Therefore, if you find that the plaintiff is entitled to a verdict on the claims against the City that do not arise out of Santiago's rape or sexual abuse of or retaliation against the plaintiffs, you may not compensate her twice for any emotional distress she might have suffered as a result of Santiago's conduct. Any damage award on these claims must be limited to the component of injury you find plaintiff sustained for these claims, if any, over and above whatever emotional distress and other damages you have already compensated by your awards for her other claims.

*See* 5 Leonard B. Sand et al., *Modern Federal Jury Instructions—Civil* ¶ 87.03 (2014); *Bender v. City of New York*, 78 F.3d 787, 793, 794 n.5 (2d Cir. 1996).

## 2.   <u>Nominal Damages</u>

If you find that the plaintiffs have been deprived of a constitutional right, but that they suffered no damages as a natural consequence of that deprivation, you must award them nominal damages.  Therefore, if you find that the plaintiffs have suffered no injury as a result of the conduct of the defendants you are considering, other than the fact of a deprivation of a constitutional right, you must award nominal damages, which are not to exceed one dollar.

*See* 5 Leonard B. Sand et al., *Modern Federal Jury Instructions—Civil* ¶ 87.03[6] (2014).

### 3.    **Punitive Damages**

If you find that the plaintiffs have proven their Section 1983 rape and sexual abuse claim against Santiago, then you may also make a separate and additional award of punitive damages against Santiago.  Punitive damages are awarded, in the discretion of the jury, to punish a defendant for extreme or outrageous conduct, or to deter or prevent a defendant or others from committing such conduct in the future.

You may award the plaintiffs punitive damages against Santiago if you find that the acts or omissions of Santiago were done maliciously or wantonly.  An act or failure to act is maliciously done if it is prompted by ill will or spite towards the injured person.  An act or failure to act is wanton if done in a reckless or callous disregard of, or indifference to, the rights of the injured person.  Plaintiffs have the burden of proving, by a preponderance of the evidence, Santiago acted maliciously or wantonly with regard to the plaintiffs' rights.

An intent to injure exists when the individual defendant has a conscious desire to violate federal rights of which he is aware, or when the individual defendant has a conscious desire to injure the plaintiff in a manner he knows to be unlawful.  A conscious desire to perform the physical acts that caused a plaintiff's injury, or to fail to undertake certain acts, does not by itself establish that the individual defendant has a conscious desire to violate rights or to injure the plaintiff unlawfully.

If you find by a preponderance of the evidence that the individual defendant acted with malicious intent to violate the plaintiff's constitutional rights or unlawfully injure him, or if you find that the individual defendant acted with a callous or reckless disregard of the plaintiff's rights, then you may award punitive damages.  An award of punitive damages, however, is

discretionary; that is, if you find that the legal requirements for punitive damages are satisfied, then you may decide to award punitive damages, or you may decide not to award them.

In making this decision, you should consider the underlying purpose of punitive damages. Punitive damages are awarded at the jury's discretion to punish an individual defendant for outrageous conduct or to deter him and others from performing similar conduct in the future. Thus, in deciding whether to award punitive damages, you should consider whether the individual defendant here, Santiago, may be adequately punished by an award of compensatory damages only, or whether the conduct is so extreme and outrageous that compensatory damages are inadequate to punish the wrongful conduct.

You should also consider whether compensatory damages standing alone are likely to deter or prevent the individual defendant from again performing any wrongful acts he may have performed, or whether punitive damages are necessary to provide deterrence. Finally, you should consider whether punitive damages are likely to deter or prevent other persons from performing wrongful acts similar to those the individual defendant may have committed.

If you decide to award punitive damages, you must use sound reason in setting the amount—it must not reflect bias, prejudice or sympathy toward any party. Moreover, in determining the appropriate sum of money to be awarded, you should consider the purposes of punitive damages that I just mentioned, and you may award an amount as large as you believe necessary to fulfill these purposes. Thus, in fixing the sum to be awarded, you should consider the degree to which the individual defendant you are considering should be punished for his wrongful conduct, and the degree to which an award of one sum or another will deter the individual defendant, or persons like the individual defendant, from committing wrongful acts in the future.

*See* 5 Leonard B. Sand et al., *Modern Federal Jury Instructions—Civil* ¶ 87.03[6] (2014).

Dated: New York, New York
April 24, 2017

CLEARY GOTTLIEB STEEN & HAMILTON LLP

By:  /s/ James L. Bromley
James L. Bromley
*jbromley@cgsh.com*

One Liberty Plaza
New York, New York 10006
Tel: (212) 225-2000
Fax: (212) 225-3999

Of Counsel:
Mitchell A. Lowenthal
*mlowenthal@cgsh.com*
Josh E. Anderson
*jeanderson@cgsh.com*

William D. Gibney
*wdgibney@legal-aid.org*
Marlen S. Bodden
*mbodden@legal-aid.org*
Barbara P. Hamilton
*bphamilton@legal-aid.org*
THE LEGAL AID SOCIETY
199 Water Street, 6th Floor
New York, New York 10038
Tel: (212) 577-3300

*Attorneys for Plaintiffs*