UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------- x
:
JANE DOE 1 and JANE DOE 2, on behalf of :
themselves and all similarly situated women, :
: **ORDER DENYING MOTIONS**
: **REGARDING NATURE OF**
: **TRIAL**
Plaintiffs, :
:
-against- :
: 15 Civ. 3849 (AKH)
:
:
THE CITY OF NEW YORK and BENNY :
SANTIAGO, :
:
:
Defendants. :
:
------------------------------------------------------------- X

ALVIN K. HELLERSTEIN, U.S.D.J.:

      A final pretrial conference was held on May 1, 2017 to decide motions *in limine*. The City's motions were withdrawn at the conference, in light of a settlement that it reached with plaintiffs. That settlement also rendered moot several of plaintiffs' motions. However, I determined, *inter alia*, all *motions in limine* that implicate JD1 and JD2's individual claims against Santiago. For the reasons stated on the record, I held:

1) Santiago's motion to preclude evidence regarding his disciplinary history is denied. Plaintiffs may only introduce such evidence on cross-examination if defendant testifies.

2) Santiago's motion to preclude evidence of the New York City Department of Investigation's inspection into JD2's allegations of sexual assault is granted.

3) Santiago's motion to preclude references to JD1's allegations of sexual misconduct in 2008-09 against him is denied. *See* FRE 415(a). Plaintiffs must disclose to Santiago the evidence of these incidents that it expects to introduce before trial. *See* FRE 415(b).

4) Plaintiffs' motion to exclude the criminal histories of JD1 and JD2 is granted in part and denied in part. Santiago may introduce evidence of convictions of crimes that are probative of plaintiffs' veracity, which includes robbery. *See United States v. Estrada*, 430 F.3d 606, 621 (2d Cir. 2005) ("While not *crimen falsi* that are automatically admissible under Rule 609(a)(2), theft crimes, and other crimes involving stealth, nonetheless bear on a witness's propensity to testify truthfully."). All other convictions, including JD2's conviction for sex trafficking, are otherwise inadmissible.

5) Plaintiffs' motion to deem as an undisputed fact that a pair of jeans were seized from JD2 on May 10, 2013 and produced on May 14, 2013 is granted.

6) The testimony of Rhonda Young, Dominique Harris, and Carlos Rodriguez is precluded.

7) Plaintiffs' motion to exclude the expert report and testimony of Dr. Manuel Lopez-Leon is denied.

8) The evidentiary hearing scheduled for May 8, 2017 is canceled.

9) Trial will be held on May 11, 2017.

10) Trial will be recessed until June 12, 2017 if it does not conclude by May 19, 2017.

The parties shall submit a revised Joint Pretrial Order by May 5, 2017. A second final pretrial conference will be held on May 8, 2017 at 10:00 a.m. These holdings are preliminary, and are subject to rehearing at trial.

SO ORDERED.

Dated: New York, New York

May 2, 2017

ALVIN K. HELLERSTEIN

United States District Judge